Anne Johnson Palmer (CSB # 302235)
*anne.johnsonpalmer@ropesgray.com*
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, California 94111-4006
Tel.: (415) 315-6300
Fax: (415) 315-6350

Peter Welsh (admitted *pro hac vice*)
*peter.welsh@ropesgray.com*
Daniel A. Yanofsky (admitted *pro hac vice*)
*daniel.yanofsky@ropesgray.com*
ROPES & GRAY LLP
800 Boylston Street
Boston, MA 02199-3600
Tel.: (617) 951-7000
Fax: (617) 951-7050

*Attorneys for the Olaplex Defendants*
*(listed on signature page)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE LILIEN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> OLAPLEX HOLDINGS, INC., *et al.*, <br><br> Defendants. | Case No. 2:22-cv-08395-SVW-SKx <br><br> Assigned to Hon. Stephen V. Wilson <br><br> **REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF OLAPLEX DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S REVISED CONSOLIDATED CLASS ACTION COMPLAINT** <br><br> Hearing Date:  September 11, 2023 <br> Hearing Time:  1:30 p.m. <br> Courtroom:  10A |

## INTRODUCTION

In connection with their Motion to Dismiss Plaintiff's Revised Consolidated Class Action Complaint (the "Amended Complaint," Dkt. 123), Defendants Olaplex Holdings, Inc. ("Olaplex"), JuE Wong, Eric Tiziani, Tiffany Walden, Christine Dagousset, Tricia Glynn, Deirdre Findlay, Janet Gurwitch, Martha Morfitt, David Mussafer, Emily White, Michael White, and Paula Zusi (the "Individual Defendants" and, together with Olaplex, the "Olaplex Defendants") respectfully request that the Court consider certain documents that are incorporated by reference in the Amended Complaint and/or subject to judicial notice.

When ruling on a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure, the Court may look beyond the pleadings at "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). As set forth below, the Court may consider Exhibits 1, 3, and 5-7 because they are incorporated by reference in the Amended Complaint. In addition, each of Exhibits 1 through 7 is subject to judicial notice under Federal Rule of Evidence 201(b) and Ninth Circuit law as "not subject to reasonable dispute in that they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See Young v. Ault*, No. 2:18-cv-6587 SJO, 2019 WL 1718676, at *2-3 (C.D. Cal. Feb. 25, 2019) (taking judicial notice of 21 "SEC filings and the undisputed facts contained therein, as well as all matters of public record") (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). The documents in question are the following exhibits to the Declaration of Anne Johnson Palmer, filed contemporaneously herewith:

| Ex. | Description | Page |
|---|---|---|
| 1 | Olaplex Holdings, Inc.'s Registration Statement on Form S-1, dated August 27, 2021 | 6 |
| 2 | Olaplex Holdings, Inc.'s Amendment to Registration Statement on Form S-1/A, dated September 28, 2021 | 240 |
| 3 | Scientific Committee on Consumer Safety Opinion on the Safety of Butylphenyl Methylpropional (p-BMHCA) in Cosmetic Products – Submission II, dated May 10, 2019 | 486 |
| 4 | Olaplex Holdings, Inc. Historical Stock Price Chart | 555 |
| 5 | Sephora Website "Best Clean Beauty Products 2023" | 563 |
| 6 | Piper Sandler Analyst Report on Olaplex Holdings, Inc., dated September 29, 2022 | 569 |
| 7 | Olaplex Holdings, Inc. Earnings Call Transcript, dated October 18, 2022 | 582 |

## ARGUMENT

## I.   EXHIBITS 1, 3, AND 5-7 ARE INCORPORATED BY REFERENCE

The Court may consider Exhibits 1, 3, and 5-7 because they are incorporated by reference in the Amended Complaint.

Under the doctrine of incorporation by reference, a court may consider a document when the complaint necessarily relies on it and its authenticity is uncontested. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *see also Okla. Firefighters Pension & Ret. Sys. v. Ixia*, No. CV 13–08440 MMM, 2015 WL 1775221, at *14 (C.D. Cal. Apr. 14, 2015) ("[w]here a document has been incorporated by reference in a complaint," the court "can consider the entire document, not simply the portion on which plaintiffs rely"). The Court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal quotation marks omitted)

(collecting cases). This includes documents that are not attached or explicitly referenced by plaintiff's complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1114 (C.D. Cal. 2003). "The Supreme Court has explicitly noted the importance of considering such materials [incorporated by reference] in evaluating a securities complaint." *Diaz v. N. Dynasty Minerals Ltd.*, No. CV 17-1241 PSG (SSx), 2019 WL 1873291, at *3 (C.D. Cal. Feb. 22, 2019) (citing *Tellabs*, 551 U.S. at 322).

**Exhibit 1** is Olaplex's Registration Statement on SEC Form S-1, dated August 27, 2021. Because the Amended Complaint challenges the statements made in this SEC filing as supposedly being false or misleading, and expressly references and quotes from this document (*see, e.g.*, AC ¶¶ 162-64, 168-192), the Court may consider its full text to ensure that Plaintiff does not survive a motion to dismiss by "deliberately omitting references to documents upon which [its] claims are based." *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

**Exhibit 3** is a May 10, 2019 report issued by the Scientific Committee on Consumer Safety (the "SCCS"), a committee of the European Union (the "E.U.") that provides opinions on health and safety risks of non-food consumer products. The SCCS issued this report (the "SCCS Report") following an investigation the SCCS conducted into the safety of lilial. It is available at https://health.ec.europa.eu/system/files/2021-08/sccs_o_213_0.pdf. Plaintiff cites to, and quotes from, the SCCS Report throughout the Amended Complaint. AC ¶¶ 124-131, 205. Moreover, the SCCS Report's conclusions formed the basis of the E.U.'s decision to ban lilial from consumer products (*see id.* ¶ 130), and Plaintiff's claims rely largely on the E.U.'s ban of this ingredient. *See, e.g.*, *id.* ¶¶ 2, 4-5, 122-33. Accordingly, the Court may consider the full text of this document rather than

the selected excerpts in the Amended Complaint. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).

**Exhibit 5** is a publicly available webpage on the website of beauty retailer Sephora, available at https://www.sephora.com/beauty/clean-beauty-products. Plaintiff cites to this webpage several times in the Amended Complaint in an attempt to support its claim that Olaplex made purportedly misleading statements about the "clean" nature of Olaplex's products. AC ¶¶ 90-91, 187.  Moreover, for the reasons explained in the Olaplex Defendants' Memorandum in Support of their Motion to Dismiss (*see* p. 19, n.9), Plaintiff mischaracterizes statements contained on this webpage.  Accordingly, the Court should consider the full and complete contents of this document in resolving the Olaplex Defendants' Motion to Dismiss. *See Khoja*, 899 F.3d at 1002 ("The doctrine [of incorporation by reference] prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").

**Exhibit 6** is an analyst report from Piper Sandler regarding Olaplex.  Because the Amended Complaint expressly references and quotes from this document (*see, e.g.*, AC ¶¶ 15, 240-41), the Court may consider its full text to ensure that Plaintiff does not survive a motion to dismiss by "deliberately omitting references to documents upon which [its] claims are based." *See Parrino*, 146 F.3d at 706.

**Exhibit 7** is a transcript of an Olaplex earnings call that is repeatedly referenced and quoted in the Amended Complaint.  *See* AC ¶¶ 16, 245-47. Accordingly, the Court may consider the full text of this document rather than the selected excerpts in the Amended Complaint. *See Stac Elecs.*, 89 F.3d at 1405 n.4.

## II.   EXHIBITS 1-7 ARE SUBJECT TO JUDICIAL NOTICE

Under Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Documents contained in the public record fall squarely within the parameters of Rule 201(b). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Courts routinely take judicial notice in securities actions of public filings with the SEC. *See Ixia*, 2015 WL 1775221, at *15 ("Courts can take judicial notice of securities offerings and corporate disclosure documents that are publicly available." (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008)); *In re New Century*, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008) ("It is well-established that courts may take judicial notice of SEC filings."). Courts also routinely take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." *U.S. ex. Rel. Modiglin v. DJO Global Inc.*, 48 F. Supp.3d 1362, 1381 (C.D. Cal. 2014) (internal quotations omitted).

**Exhibits 1-2** are public filings with the SEC. Pursuant to Rule 201, the Court may take judicial notice of a company's publicly available SEC filings. *See Ixia*, 2015 WL 1775221, at *15 ("Courts can take judicial notice of securities offerings and corporate disclosure documents that are publicly available") (citing *Metzler*, 540 F.3d at 1064 n.7); *New Century*, 588 F. Supp. 2d at 1219 ("It is well-established that courts may take judicial notice of SEC filings.").

**Exhibit 3** is the SCCS Report, issued by a committee of the E.U. that provides opinions on health and safety risks of non-food consumer products, and is available at https://health.ec.europa.eu/system/files/2021-08/sccs_o_213_0.pdf. This report is a publicly available government document whose accuracy can be readily determined. Courts routinely take judicial notice of such "public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." *DJO Global Inc.*, 48 F. Supp. 3d at 1381.

**Exhibit 4** is a chart reflecting Olaplex's historical stock prices.  The Court may take judicial notice of a company's reported stock prices.  *See Metzler*, 540 F.3d at 1064 n.7.

**Exhibit 5** is a publicly available webpage on the website of beauty retailer Sephora, available at https://www.sephora.com/beauty/clean-beauty-products.  The Court may take judicial notice of this public webpage.  *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (judicial notice of news articles to "indicate what was in the public realm at the time"); *Tarantino v. Gawker Media, LLC*, No. CV 14–603–JFW, 2014 WL 2434647, at *1 n.1 (C.D. Cal. Apr. 22, 2014) ("Courts have found website and newspaper articles to be proper subject for judicial notice when those materials are relied on by a plaintiff or concern facts at issue in the complaint.").

**Exhibit 6** is an analyst report from Piper Sandler regarding Olaplex.  "[C]ourts routinely take judicial notice of analyst reports."  *In re Century Aluminum Sec. Litig.*, No. C 09–1001 SI, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 704 F.3d 1119 (9th Cir. 2013) *and aff'd*, 729 F.3d 1104 (9th Cir. 2013).

**Exhibit 7** is a transcript of Olaplex's earnings call held on October 18, 2022.  Courts routinely take notice of earnings call transcripts in securities actions.  *See Ardolino v. Mannkind Corp.*, No. 2:16-CV-00348-RGK, 2016 WL 4505172, at *4 (C.D. Cal. Aug. 23, 2016) ("Federal courts routinely take judicial notice of press releases, news articles, SEC filings, and conference call transcripts cited in securities complaints."); *Mallen v. Alphatec Hldgs., Inc.*, 861 F. Supp. 2d 1111, 1122 n.5 (S.D. Cal. 2012) (taking judicial notice of SEC filings, press releases, and conference call transcripts referred to in complaint); *N.Y. State Teachers' Ret. Sys. v. Fremont Gen. Corp.*, No. 2:07–cv–5756–FMC, 2009 WL 3112574, at *1 (C.D. Cal. Sept. 25, 2009) (taking judicial notice of "a variety of SEC filings; transcripts from earnings calls and an investor presentation during the class period"); *In re Century Aluminum Co.*

*Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010) (taking judicial notice of "transcripts of conference calls with analysts, PowerPoint presentations to analysts, analyst reports, and news articles").

Dated:      July 19, 2023      Anne Johnson Palmer
ROPES & GRAY LLP

By:  /s/ *Anne Johnson Palmer*

Anne Johnson Palmer (CSB # 302235)
*anne.johnsonpalmer@ropesgray.com*
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, California 94111-4006
Tel.: (415) 315-6300
Fax: (415) 315-6350

Peter Welsh (admitted *pro hac vice*)
*peter.welsh@ropesgray.com*
Daniel Yanofsky (admitted *pro hac vice*)
*daniel.yanofsky@ropesgray.com*
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel.: (617) 951-7000
Fax: (617) 951-7050

*Attorneys for Defendants*
*Olaplex Holdings, Inc., JuE Wong, Eric Tiziani, Tiffany Walden, Christine Dagousset, Tricia Glynn, Deirdre Findlay, Janet Gurwitch, Martha Morfitt, David Mussafer, Emily White, Michael White, and Paula Zusi*