**GLANCY PRONGAY & MURRAY LLP**
ROBERT V. PRONGAY (SBN 270796)
rprongay@glancylaw.com
CHARLES H. LINEHAN (SBN 307439)
clinehan@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 432-1495

*Liaison Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement*
*System and the Proposed Class*

**LABATON SUCHAROW LLP**
CAROL C. VILLEGAS (*pro hac vice*)
cvillegas@labaton.com
IRINA VASILCHENKO (*pro hac vice*)
ivasilchenko@labaton.com
LISA M. STREJLAU (*pro hac vice*)
lstrejlau@labaton.com
DANIELLE IZZO (*pro hac vice*)
dizzo@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement System*
*and Lead Counsel for the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LESLIE LILIEN, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

  v.

OLAPLEX HOLDINGS, INC., JUE WONG, ERIC TIZIANI, TIFFANY WALDEN, CHRISTINE DAGOUSSET, TRICIA GLYNN, DEIRDRE FINDLAY, JANET GURWITCH, MARTHA MORFITT, DAVID MUSSAFER, EMILY

No. 2:22-cv-08395-SVW(SKx)

<u>CLASS ACTION</u>

**LEAD PLAINTIFF'S OPPOSITION TO THE OLAPLEX DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS**

<u>**DEMAND FOR JURY TRIAL**</u>

LEAD PLAINTIFF'S OPPOSITION TO THE OLAPLEX DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT
No. 2:22-cv-08395-SVW(SKx)

WHITE, MICHAEL WHITE, PAULA ZUSI, ADVENT INTERNATIONAL GPE IX LIMITED PARTNERSHIP, ADVENT INTERNATIONAL GPE IX-B LIMITED PARTNERSHIP, ADVENT INTERNATIONAL GPE IX-C LIMITED PARTNERSHIP, ADVENT INTERNATIONAL GPE IX-F LIMITED PARTNERSHIP, ADVENT INTERNATIONAL GPE IX-G LIMITED PARTNERSHIP, ADVENT INTERNATIONAL GPE IX-H LIMITED PARTNERSHIP ADVENT INTERNATIONAL GPE IX-I LIMITED PARTNERSHIP ADVENT INTERNATIONAL GPE IX-A SCSP, ADVENT INTERNATIONAL GPE IX-D SCSP, ADVENT INTERNATIONAL GPE IX-E SCSP, ADVENT INTERNATIONAL GPE IX STRATEGIC INVESTORS SCSP, ADVENT PARTNERS GPE IX LIMITED PARTNERSHIP, ADVENT PARTNERS GPE IX-A LIMITED PARTNERSHIP, ADVENT PARTNERS GPE IX CAYMAN LIMITED PARTNERSHIP, ADVENT PARTNERS GPE IX-A CAYMAN LIMITED PARTNERSHIP, ADVENT PARTNERS GPE IX-B CAYMAN LIMITED PARTNERSHIP, MOUSSERENA, L.P., GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, MORGAN STANLEY & CO. LLC, BARCLAYS CAPITAL INC., BOFA SECURITIES, INC., EVERCORE GROUP L.L.C., JEFFERIES LLC, RAYMOND JAMES & ASSOCIATES, INC., COWEN AND COMPANY, LLC, PIPER SANDLER & CO., TRUIST SECURITIES, INC., TELSEY ADVISORY GROUP LLC, DREXEL HAMILTON, LLC, and LOOP CAPITAL MARKETS LLC,

      Defendants.

Hearing Date: September 11, 2023
Hearing Time: 1:30 p.m.
Courtroom: 10A
Judge: Hon. Stephen V. Wilson

Lead Plaintiff Arkansas Teacher Retirement System ("Plaintiff") respectfully submits this memorandum in opposition to the Request for Judicial Notice in Support of Motion to Dismiss filed by the Olaplex Defendants (ECF No. 131, "Olaplex RJN"), which was filed concurrently with the Olaplex Defendants' Motion to Dismiss Plaintiff's Revised Consolidated Class Action Complaint (ECF Nos. 130 and 130-1, the "Olaplex MTD").[1]

## I. PRELIMINARY STATEMENT

On July 19, 2023, Defendants filed their respective motions to dismiss. In support of their motion, the Olaplex Defendants also filed a request for judicial notice, which asked the Court to judicially notice and/or incorporate by reference seven documents, including: Exhibit 3 – The Scientific Committee on Consumer Safety Opinion on the safety of Butylphenyl methylpropional (p-BMHCA) in cosmetic products – Submission II, dated May 10, 2019 (ECF No. 130-5, "SCCS Report" or "Exhibit 3"); and Olaplex earnings call transcript, dated October 18, 2022 (ECF No. 130-9, "Exhibit 7").[2]

---

[1] The Olaplex Defendants are: Olaplex Holdings, Inc. ("Olaplex" or the "Company") and the "Individual Defendants"—JuE Wong, Eric Tiziani, Tiffany Walden, Christine Dagousset, Tricia Glynn, Deirdre Findlay, Janet Gurwitch, Martha Morfitt, David Mussafer, Emily White, Michael White, and Paula Zusi. Capitalized terms not defined herein have the meaning ascribed in Plaintiff's memorandum in opposition to the Olaplex MTD ("LP Olaplex Opposition"), which is filed concurrently herewith. Unless otherwise noted, emphasis is added, and internal citations and quotation marks are omitted throughout.

[2] The other five Exhibits are as follows: Olaplex's Registration Statement for its September 2021 initial public offering ("IPO"), dated August 27, 2021 (ECF No. 130-3, "Exhibit 1"); Amendment No. 2 to the Registration Statement, dated September 28, 2021 (ECF No. 130-4, "Exhibit 2"); Defendant Olaplex's historical stock price chart (ECF No. 130-6, "Exhibit 4"); a Sephora Website excerpt, titled "Clean at Sephora" (ECF No. 130-7, "Exhibit 5"); and a Piper Sandler analyst report on Olaplex, dated September 29, 2022 (ECF No. 130-8, "Exhibit 6"). Plaintiff does not oppose the consideration of Exhibits 1, 2, 4, 5 and 6, which are publicly available documents (such as the Offering Documents, stock price chart, and analyst report) for the limited purpose of determining what information was disclosed to investors during the Class Period, including the full language of any alleged misstatements made therein or any cautionary statements accompanying a forward-looking statement, so long as the document is not being used for the truth of the matter asserted. Plaintiff, however,

Footnote continued next page

For the reasons stated herein, Plaintiff opposes the Olaplex Defendants' request to judicially notice or incorporate-by-reference Exhibits 3 and 7. These exhibits are submitted for the truth of their contents to present the Olaplex Defendants' own alternative set of facts in an effort to dispute the well-pled factual allegations of the Revised Consolidated Class Action Complaint (ECF No. 123, the "AC") on key issues of falsity and materiality. This is precisely the type of improper application of the judicial notice and incorporation-by-reference doctrines that the Ninth Circuit warned against in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Accordingly, the Olaplex RJN should be denied as to these Exhibits for such improper uses.

## II.   APPLICABLE LEGAL STANDARDS

On a motion to dismiss, the Court must "accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs." *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 612 (9th Cir. 2017). In so doing, "courts may not consider material outside the pleadings when assessing the sufficiency of a complaint." *Khoja*, 899 F.3d at 998 ("When matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion converts into a motion for summary judgment under Rule 56."). The only limited exceptions to this rule are the judicial notice doctrine, codified in Federal Rule of Evidence 201, and the incorporation-by-reference doctrine.

Under Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact that "is not subject to reasonable dispute" and is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R.

objects to consideration of these exhibits to the extent the Olaplex Defendants also rely on them for their contents to dispute the AC's factual allegations. *See Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) (considering judicial notice documents "***only*** for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents").

Evid. 201. Similarly, the incorporation-by-reference doctrine allows courts deciding a motion to dismiss to consider a document that is not attached to the complaint if the complaint "necessarily relies" on it and "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

The Ninth Circuit has identified a "concerning pattern in securities cases": parties "exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja*, 899 F.3d at 998. Although these doctrines "do have roles to play at the pleading stage[,]" the *Khoja* court cautioned that the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results[,]" including "premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.*

Indeed, "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* at 999; *see also Sanders v. RealReal, Inc.*, 2021 WL 1222625, at *4 (N.D. Cal. Mar. 31, 2021) (same). Instead, judicial notice may only be used to show the existence and availability of those facts. *See, e.g.*, *id.* ("[w]hile not taken for the truth of the matter, the statements may be used to show that certain information was available to investors in the market"); *Spy Optic, Inc. v. Alibaba.com, Inc.*, 163 F. Supp. 3d 755, 762 (C.D. Cal. 2015) (noting the court "may take judicial notice of the fact that an internet article is available to the public, but it may not take judicial notice of the truth of the matters asserted in the article").

Similarly, with respect to the doctrine of incorporation-by-reference, the Ninth Circuit has cautioned that it "is not a tool for defendants to short-circuit the resolution of a well-pleaded claim[,]"—for example, "to insert their own version of events into

LEAD PLAINTIFF'S OPPOSITION TO THE OLAPLEX DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT
No. 2:22-cv-08395-SVW(SKx)

3

the complaint to defeat otherwise cognizable claims." *Khoja*, 899 F.3d at 1002-03. Although generally a court may assume the contents of an incorporated document (unlike documents subject to judicial notice) are true for the purposes of a motion to dismiss, "***it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint***." *Id.* at 1003. Indeed, "if defendants are permitted to present their own version of the facts at the pleading stage, and district courts accept such facts as true, it would be 'near impossible' for even the most aggrieved plaintiff to demonstrate a plausible claim for relief." *In re Ocera Therapeutics, Inc. Sec. Litig.*, 2018 WL 7019481, at *4 (N.D. Cal. Oct. 16, 2018), *aff'd,* 806 F. App'x 603 (9th Cir. 2020).

## III.   ARGUMENT

### A.   The Olaplex RJN Should Be Denied to the Extent It Improperly Seeks to Judicially Notice Certain Exhibits for the Truth of Their Contents to Dispute the AC's Factual Allegations

#### 1.   Exhibit 3

The Olaplex Defendants request judicial notice of the SCCS Report (Exhibit 3), a government document publicly available on the internet. *See* Olaplex RJN 6. Plaintiff does not oppose the Court taking judicial notice of this document for the fact of its existence—*e.g.*, for purposes of the Olaplex Defendants' truth-on-the-market defense, which fails on the merits (*see* LP Olaplex Opposition, Section IV.A.5.d). However, Plaintiff objects to judicial notice of this document to the extent the Olaplex Defendants use this exhibit to set forth their own alternative factual narrative to dispute the AC's factual allegations, instead of taking them as true, on key merits issues like falsity and materiality. *See Khoja*, 899 F.3d at 1002-03 (it is improper for defendants to use the judicial notice and incorporation-by-reference doctrines "***to insert their own version of events into the complaint to defeat otherwise cognizable claims***"); *Ocera*, 2018 WL 7019481, at *4 ("if defendants are permitted to present their own version of the facts at the pleading stage, and district courts accept such facts as true, it would be 'near

LEAD PLAINTIFF'S OPPOSITION TO THE OLAPLEX DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT
No. 2:22-cv-08395-SVW(SKx)

4

impossible' for even the most aggrieved plaintiff to demonstrate a plausible claim for relief"). Here, the Olaplex Defendants rely on Exhibit 3 precisely for this improper purpose. For example, in the statement of facts section of their brief, the Olaplex Defendants quote liberally from Exhibit 3 to present their own factual narrative as to what the SCCS purportedly found with respect to lilial safety. *See* Olaplex MTD 4. They do so in order to suggest that the SCCS did not actually deem lilial unsafe in the way that Olaplex used it in its No. 3 product—*i.e.*, on an individual (vs. aggregate) product basis, in small quantities, and the like. *Id.* Effectively, the Olaplex Defendants seek to dispute the AC's allegations that lilial was an unsafe ingredient banned by E.U. regulators (based on these lilial fertility and reprotoxicity concerns raised by the SCCS in this report). Of course, the ultimate purpose of this alternative factual narrative is to contest the falsity and materiality of the misstatements and omissions alleged in the AC—*e.g.*, that Olaplex did not need to disclose the lilial issue because it was not actually unsafe as used in the No. 3 product and that its use did not render Olaplex's "clean" and other alleged statements in the Offering Documents false and misleading, at least in any material sense.

In fact, this is what the Olaplex Defendants argue later in their brief in disputing falsity and materiality. Specifically, they use Exhibit 3 to "undercut" Plaintiff's allegations that "Olaplex should have anticipated at the time of the IPO that it would face the social media firestorm that it later encountered." *Id.* at 9. The Olaplex Defendants specifically cite to Exhibit 3 to support their contention that lilial is "commonly used" in many categories of consumer products to buttress Defendant Wong's similar statements to that effect on March 8, 2022 wherein she minimized the significance of the lilial issue on this and other bases (e.g., that it was "never an active or functional ingredient" in the No. 3 product and "was included only in very small

LEAD PLAINTIFF'S OPPOSITION TO THE OLAPLEX DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT No. 2:22-cv-08395-SVW(SKx)

5

amounts."[3] *Id.* (citing Ex. 3 and Defendant Wong's statements in ¶211)). Therefore, the Olaplex Defendants are using Exhibit 3 for the truth of the cited statements therein to improperly submit their own set of facts to portray lilial as safe, at least as used in the No. 3 product, and thus dispute the AC's allegations about lilial safety concerns, which underpin Plaintiff's falsity claims. *See Khoja*, 899 F.3d at 1003 (court cannot assume the truth of statements in judicially noticeable documents where "such assumptions only serve to dispute facts stated in [the] well-pleaded complaint"); *Nelson v. F. Hoffmann-La Roche, Inc.*, 2022 WL 17259056, at *3 (N.D. Cal. Nov. 28, 2022) ("[J]udicial notice may be taken of publications introduced to 'indicate what was in the public realm at the time, ***not whether the contents of those articles were in fact true***.'"). Thus, to the extent the Olaplex Defendants rely on the SCCS Report to contest the AC's falsity and materiality allegations, such use is improper.

### 2. Exhibit 7

The Olaplex Defendants also seek to judicially notice Exhibit 7, the transcript of Olaplex's October 18, 2022 earnings call, asserting that courts "routinely" take judicial notice of such transcripts in securities actions. RJN 6. Be that as it may, Plaintiff objects to judicial notice of this exhibit to the extent that the Olaplex Defendants rely on it for truth of the matter asserted to dispute the AC's factual allegations as to the disclosures on that date and their significance to the alleged misstatements and omissions in the Offering Documents. Specifically, the Olaplex Defendants cite this exhibit in their motion to improperly insert their own version of the facts as to the Olaplex disclosures on October 18, 2022, and what they signified, to again dispute the AC's factual allegations about these disclosures, which is improper under *Khoja* as discussed above.

---

[3] This argument, however, ignores that if in fact lilial was "commonly" used in many different consumer products as the Olaplex Defendants suggest, then consumers' exposure to lilial in the No. 3 product, even if not dangerous standing alone, would in fact be unsafe when combined with their aggregate exposure to lilial in all these other products. This is precisely what the SCCS report warned about in concluding that "aggregate exposure" to lilial by consumers "cannot be considered as safe," and why the E.U. ultimately banned it based on the SCCS findings. *See* ¶¶124-30.

In particular, the Olaplex Defendants assert in their motion that on this earnings call "management attributed the slowdown in sales ***to factors unrelated to the lilial controversy***, including macroeconomic pressures, increased competition, and inventory rebalancing among Olaplex's retail partners." Olaplex MTD 6. The Olaplex Defendants are thus attempting to use this document for the truth of its contents to argue that the disclosures of a sales slowdown on this date were "unrelated"—*i.e.*, not attributable—to the lilial issue, as the AC alleged (*see* ¶¶243-50), for purposes of disputing falsity and materiality. *See also* LP Olaplex Opposition 11-12 (arguing that these disclosures in late 2022 and related stock price drops support the materiality of the lilial issue). Therefore, the Olaplex Defendants are using this exhibit for truth of the matter asserted to contest the AC's allegations on a key factual issue—whether Olaplex's sales slowdown in 2022 was in fact related to the lilial issue that Plaintiff alleges was not disclosed in the Offering Documents and rendered the alleged statements therein materially misleading.[4] *See, e.g., Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) ("[Defendant] is not explaining or arguing the allegations in [p]laintiffs' [complaint] – ***it is trying to factually rebut them***. As *Khoja* makes clear, to grant the request for judicial notice would improperly convert this Rule 12(b)(6) motion into a motion for summary judgment under Rule 56."). Indeed, judicial notice should be conservatively and cautiously given, as where the substance of a document is "subject to varying interpretations, and there is reasonable dispute as to

---

[4] This argument also ignores that "increased competition," which Olaplex specifically cited as a factor in the sales slowdown, is not "unrelated" to the lilial issue given the AC's numerous allegations that the lilial issue, once disclosed to the public, damaged Olaplex's brand reputation and credibility with consumers—problems that Olaplex's competition, particularly social-media savvy new competitors like K-18, exploited to their advantage in 2022 to steal business from Olaplex. *See* ¶¶144-49, 218-81. In fact, this is one of the reasons that the AC alleges the competition-related category of misstatements in the Offering Documents were false and misleading. ¶¶178, 180, 182, 184.

what [it] establishes[,]" judicial notice is improper. *Khoja*, 899 F.3d at 1000. Thus, the Olaplex Defendants' use of Exhibit 7 is improper and should be rejected.[5]

### B.    The Incorporation-by-Reference Doctrine Does Not Permit the Olaplex Defendants' Use of Exhibits 3 and 7

The Olaplex Defendants' attempt to use the incorporation-by-reference doctrine to allow consideration of Exhibits 3 and 7 (Olaplex RJN 4-5) is likewise unavailing. Even though these documents are referenced in the AC, that does not give the Olaplex Defendants unfettered license to use the contents of those documents for their truth to contest the well-pled facts alleged in the AC for purposes of disputing key elements of Plaintiff's claims such as falsity and materiality. At the pleading stage, "all inferences must still be drawn in the nonmoving party's favor [*i.e.*, Plaintiff]," *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813 (N.D. Cal. 2020), and thus, "it is improper to assume the truth of an incorporated document ***if such assumptions only serve to dispute facts stated in a well-pleaded complaint***[,]" as here. *Khoja*, 899 F.3d at 1003; *see also Ocera*, 2018 WL 7019481, at *4 ("It is improper . . . to assume the truth of everything in an incorporated document for the sole purpose of disputing facts stated in a well-pleaded complaint."). For the reasons discussed above, the Olaplex Defendants are improperly using Exhibits 3 and 7 to assume the truth of their contents to dispute the factual allegations of the AC. Therefore, this Court should decline to incorporate these exhibits.

---

[5] Curiously, the Olaplex Defendants submit an earlier version of the Registration Statement (Exhibit 1) and amendment thereto (Exhibit 2), but neither of those documents includes the effective Prospectus that ultimately formed part of the Offering Documents. Defendant Mousse—who also filed a Request for Judicial Notice (the "Mousse RJN"; *see* ECF No. 128)—submits Exhibit A (ECF No. 128-2) that attaches that effective prospectus. Thus, to the extent this Court relies on these Exhibits to reference the contents of the Offering Documents, Plaintiff submits it is proper to rely only on Exhibit A, not Olaplex Defendants' Exhibits 1 and 2. *See* Dugan Decl. Ex. A. Plaintiff does not oppose the Mousse RJN.

## IV.   CONCLUSION

For the forgoing reasons, Plaintiff respectfully submits that the Olaplex RJN should be denied with respect to Exhibits 3 and 7, and the other Exhibits considered only for the limited purposes set forth herein.

Dated: August 14, 2023                    Respectfully Submitted,


                                          By: */s/ Irina Vasilchenko*
                                          IRINA VASILCHENKO

                                          **LABATON SUCHAROW LLP**
                                          CAROL C. VILLEGAS (*pro hac vice*)
                                          cvillegas@labaton.com
                                          IRINA VASILCHENKO (*pro hac vice*)
                                          ivasilchenko@labaton.com
                                          LISA M. STREJLAU (*pro hac vice*)
                                          lstrejlau@labaton.com
                                          DANIELLE IZZO (*pro hac vice*)
                                          dizzo@labaton.com
                                          140 Broadway
                                          New York, NY 10005
                                          Telephone: (212) 907-0700
                                          Facsimile: (212) 818-0477

                                          *Counsel for Lead Plaintiff*
                                          *Arkansas Teacher Retirement System*
                                          *and Lead Counsel for the Proposed Class*


                                          **GLANCY PRONGAY & MURRAY LLP**
                                          ROBERT V. PRONGAY (SBN 270796)
                                          rprongay@glancylaw.com
                                          CHARLES H. LINEHAN (SBN 307439)
                                          clinehan@glancylaw.com
                                          1925 Century Park East, Suite 2100
                                          Los Angeles, CA 90067
                                          Telephone: (310) 201-9150
                                          Facsimile: (310) 432-1495

                                          *Liaison Counsel for Lead Plaintiff*
                                          *Arkansas Teacher Retirement System and the*
                                          *Proposed Class*