Anne Johnson Palmer (CSB # 302235)
*anne.johnsonpalmer@ropesgray.com*
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, California 94111-4006
Tel.: (415) 315-6300
Fax: (415) 315-6350

Peter Welsh (admitted *pro hac vice*)
*peter.welsh@ropesgray.com*
Daniel A. Yanofsky (admitted *pro hac vice*)
*daniel.yanofsky@ropesgray.com*
ROPES & GRAY LLP
800 Boylston Street
Boston, MA 02199-3600
Tel.: (617) 951-7000
Fax: (617) 951-7050

*Attorneys for the Olaplex Defendants
(listed on signature page)*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE LILIEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OLAPLEX HOLDINGS, INC., *et al.*,<br><br>Defendants. | Case No. 2:22-cv-08395-SVW-SKx<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**REPLY IN SUPPORT OF OLAPLEX DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date:  September 11, 2023<br>Hearing Time:  1:30 p.m.<br>Courtroom:       10A |

**INTRODUCTION**

Plaintiff opposes the Olaplex Defendants'[1] RJN as to two documents. As addressed below, neither of Plaintiff's objections has merit.

*First*, the Court can and should consider Exhibit 3, the SCCS Report, for the truth of its contents because that document is incorporated by reference in the Amended Complaint. Plaintiff relies extensively on the SCCS Report, but selectively quotes from the document in a manner that deliberately omits factual context that undermines its claims. The very purpose of the doctrine of incorporation by reference is to prevent plaintiffs from cherry picking portions of documents on which their claims rely without presenting the Court with the documents in their entirety, as Plaintiff attempts to do here.

*Second*, contrary to Plaintiff's claims, the Olaplex Defendants do not seek to use Exhibit 7, an earnings call transcript, to demonstrate the truth of statements contained in that document. Because Plaintiff objects to judicial notice of this exhibit only to the extent that it is considered for the truth of those statements, there is no dispute here. The parties agree that the Court can consider this document as demonstrating that Olaplex management made the statements attributed to them in the transcript, but not for the truth of those statements.

**ARGUMENT**

**I.      EXHIBIT 3 CAN BE CONSIDERED FOR THE TRUTH OF ITS CONTENTS**

Plaintiff does not contest that the SCCS Report is subject to judicial notice. Opp. at 4. Plaintiff instead argues, in a single paragraph of its Opposition, that the document should not be incorporated by reference, and thus should not be considered for the truth of its contents, because "it is improper to assume the truth of an

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Olaplex Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference ("RJN" or "Opening Brief").

incorporated document *if such assumptions only serve to dispute facts stated in a well-pleaded complaint.*" *Id.* at 8 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018)) (emphasis in original).[2]  Plaintiff's attempt to rely upon portions of the SCCS Report, while excluding the report's actual conclusions, fails for two reasons.

*First*, Plaintiff "refers extensively" to the SCCS report by citing to, and selectively quoting from, this document throughout the Amended Complaint.  AC ¶¶ 124-131, 205; *see Khoja*, 899 F.3d at 1003.  In fact, the SCCS Report's conclusions formed the basis of the E.U.'s decision to ban lilial from consumer products.  AC ¶¶ 123, 130.  Plaintiff's claims center around the E.U.'s ban of this ingredient. *See, e.g., id.* ¶¶ 2, 4-5, 122-33.  Plaintiff relies solely on the SCCS Report to suggest—while never actually alleging—that the No. 3 Product posed health risks.

"The doctrine [of incorporation by reference] prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.  That is precisely what Plaintiff seeks to do here by asking the Court not to fully consider the SCCS Report's statements concerning the safety and common use of lilial, despite otherwise relying on this document to suggest that the No. 3 Product posed some unique health risk to consumers.  The SCCS Report reached the following conclusion concerning lilial:

> On individual product basis, *[lilial] . . . can be considered safe* when used as fragrance ingredient in different cosmetic leave-on and rinse-off type products.  However, considering the first-tier deterministic *aggregate exposure, arising from the use of different product types together*, [lilial] at the proposed concentrations *cannot be considered as safe*.

Ex. 3 at 3.

---

[2] Unless otherwise noted, all emphasis herein has been added, and all subsequent history, internal citations, and internal quotation marks have been omitted.

Plaintiff asks the Court to consider its selective quotation of the second sentence of the SCCS's conclusion while ignoring other aspects of the report's conclusion ***contained in the very same sentence*** that Plaintiff quotes. Specifically, Plaintiff alleges that "the SCCS concluded in its report that 'aggregate exposure' to lilial by consumers 'cannot be considered safe.'" AC ¶ 127. The Amended Complaint fails to clarify that "aggregate exposure" refers to exposure from multiple different product types, and it omits entirely the SCCS's conclusion that lilial "can be considered safe" on an "individual product basis." Ex. 3 at 3. Plaintiff also asks the Court not to consider the "proposed concentrations" referenced in this same paragraph that the Amended Complaint quotes from. AC ¶ 127. The proposed concentration for shampoos and conditioners that the SCCS considered was 0.1%, nearly ten times the amount of lilial (0.0119%) previously contained in the No. 3 Product. Ex. 3 at 6-7; AC ¶¶ 211, 216. In a similar fashion, Plaintiff argues that the Court should ignore the several instances where the SCCS Report observed that lilial is commonly used in shampoos and other cosmetic and non-cosmetic products (which presumably was relevant to the SCCS's only concern with lilial—aggregate exposure from multiple different products—which would be irrelevant if the ingredient were rarely used). *See* Ex. 3 at 11 (lilial is "used as a fragrance in a wide number of industries"); *id.* at 12 (lilial "is a fragrance ingredient used in many compounds for dermal application in . . . shampoos, toilet soaps and other toiletries, as well as non-cosmetic products").[3] In light of Plaintiff's reliance on the SCCS Report, Plaintiff should not be permitted to "omit[] portions of [that] very document[] that weaken," and in this case "doom," its claims. *Khoja*, 899 F.3d at 1002.

Plaintiff's own authorities confirm that the Olaplex Defendants' use of the SCCS Report is appropriate given Plaintiff's reliance on the document. Opp. at 8.

---

[3] The fact that lilial is commonly used in cosmetics is also referenced in Plaintiff's own allegations. AC ¶ 211 (quoting statement from Olaplex's CEO that "[l]ilial is a fragrance ingredient commonly found in beauty and household products").

In *Khoja*, for instance, the Ninth Circuit held that the district court erred by finding that a blog post was incorporated by reference when the complaint quoted the post once in a footnote to explain the meaning and significance of a technical phrase, but the defendants sought to use this post to demonstrate facts unrelated to the complaint's limited use of the document.  899 F.3d at 1003-04.  In contrast, the complaint included a lengthy quote from a different blog post that "convey[ed] numerous facts" relevant to the plaintiff's claims.  *Id.* at 1004.  Even though the complaint identified and quoted the document only one time, and the plaintiff's claims "d[id] not turn on the blog post itself," the Ninth Circuit held that it was proper to incorporate the document because the plaintiff "did more than merely mention" it.  *Id.*  Plaintiff here relies on the SCCS Report in the Amended Complaint more extensively than the second blog post that the Ninth Circuit held was properly incorporated in *Khoja*.

Plaintiff's position finds no support in the other two authorities it cites.  The court in *In re Ocera Therapeutics, Inc. Securities Litigation* granted the defendants' request to incorporate by reference several documents referred to extensively in the complaint, but declined the defendants' request as to other documents that were "each mentioned only once in the Complaint or not at all."  *See* No. 17-cv-06687-RS, 2018 WL 7019481, at *4 (N.D. Cal. Oct. 16, 2018).  And the court in *In re Google Assistant Privacy Litigation* concluded that two exhibits were incorporated by reference, and that three other documents were subject to judicial notice but did not need to be incorporated by reference because the defendants "d[id] not ask the Court to treat the contents of [those documents] as true."  *See* 457 F. Supp. 3d 797, 813 (N.D. Cal. 2020).  In sum, Plaintiff fails to identify any case where a court has declined to incorporate a document that a plaintiff relied upon as extensively as the Amended Complaint invokes the SCCS Report here.

*Second*, contrary to Plaintiff's claims (Opp. at 8), the Olaplex Defendants do not seek to use the SCCS Report to dispute the Amended Complaint's factual

allegations. They instead seek to use this exhibit to add further context that Plaintiff deliberately omitted from the Amended Complaint. Indeed, the Amended Complaint does not contain any allegations that are contradicted by the facts the Olaplex Defendants cite in the SCCS Report—*i.e.*, that (1) lilial was determined to be safe on an individual product basis; (2) SCCS could not conclude that lilial was safe due to aggregate exposure from multiple different products; (3) lilial is commonly used in cosmetic and other products (hence SCCS's concern regarding "aggregate exposure"); and (4) SCCS considered a proposed concentration of lilial for shampoos and conditioners that was nearly ten times higher than the amount of lilial previously contained in the No. 3 Product.

Plaintiff nonetheless maintains that the Olaplex Defendants use this exhibit "to dispute the [Amended Complaint's] factual allegations . . . on key merits issues like falsity and materiality." Opp. at 4. In other words, according to Plaintiff, if an exhibit undermines an assertion that a challenged statement was actually false, such use constitutes an improper attempt to dispute factual allegations. That decidedly is not the standard courts apply. Nearly every motion to dismiss in securities cases challenges the plaintiff's falsity claims, and "[t]he Supreme Court has explicitly noted the importance of considering such materials [incorporated by reference] in evaluating a securities complaint." *Diaz v. N. Dynasty Minerals Ltd.*, No. CV 17-1241 PSG (SSx), 2019 WL 1873291, at *3 (C.D. Cal. Feb. 22, 2019) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007)). Indeed, the very purpose of the incorporation by reference doctrine is to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). In sum, Plaintiff fails to identify any factual allegations that the Olaplex Defendants seek to dispute via the SCCS Report, and there is no merit to Plaintiff's claim that the Court cannot incorporate a document if doing so would undermine Plaintiff's falsity assertions.

## II.     THE OLAPLEX DEFENDANTS' USE OF EXHIBIT 7 IS PROPER

The Olaplex Defendants cite the Company's October 18, 2022 earnings call transcript a single time in the background section of their Opening Brief in support of their Motion to Dismiss to demonstrate that, during the earnings call, management attributed the Company's slowdown in sales to factors unrelated to the lilial controversy. Dkt. No. 130-1 at 6 ("Opening Brief"). The Olaplex Defendants do not seek to use this document to prove that the lilial controversy had no impact on Olaplex's sales, and in fact they do not assert that argument at any point in their Opening Brief. Because Plaintiff objects to judicial notice of this exhibit only "to the extent that the Olaplex Defendants rely on it for truth of the matter asserted" (Opp. at 6), and the Olaplex Defendants do not seek to use it for that purpose, there is no dispute here. The Court can consider Exhibit 7 for the fact that Olaplex's management made the statements attributed to them in the transcript of the earnings call.

## III.    CONCLUSION

For the foregoing reasons, the Olaplex Defendants respectfully request that the Court grant their Request for Judicial Notice and Consideration of Documents Incorporated by Reference.

Dated: August 28, 2023  Anne Johnson Palmer
              ROPES & GRAY LLP

              By:  /s/ *Anne Johnson Palmer*
                 Anne Johnson Palmer (CSB # 302235)
                 *anne.johnsonpalmer@ropesgray.com*
                 ROPES & GRAY LLP
                 Three Embarcadero Center
                 San Francisco, California 94111-4006
                 Tel.: (415) 315-6300
                 Fax: (415) 315-6350

                 Peter Welsh (admitted *pro hac vice*)
                 *peter.welsh@ropesgray.com*
                 Daniel Yanofsky (admitted *pro hac vice*)
                 *daniel.yanofsky@ropesgray.com*
                 ROPES & GRAY LLP
                 Prudential Tower
                 800 Boylston Street
                 Boston, MA 02199-3600
                 Tel.: (617) 951-7000
                 Fax: (617) 951-7050

                 *Attorneys for Defendants*
                 *Olaplex Holdings, Inc., JuE Wong, Eric*
                 *Tiziani, Tiffany Walden, Christine*
                 *Dagousset, Tricia Glynn, Deirdre*
                 *Findlay, Janet Gurwitch, Martha Morfitt,*
                 *David Mussafer, Emily White, Michael*
                 *White, and Paula Zusi*