| | |
|---|---|
| 1 | **GLANCY PRONGAY & MURRAY LLP** |
| 2 | ROBERT V. PRONGAY (SBN 270796)<br>rprongay@glancylaw.com |
| 3 | CHARLES H. LINEHAN (SBN 307439)<br>clinehan@glancylaw.com |
| 4 | 1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067 |
| 5 | Telephone: (310) 201-9150 |
| 6 | Facsimile: (310) 432-1495 |
| 7 | *Liaison Counsel for Lead Plaintiff* |
| 8 | *Arkansas Teacher Retirement*<br>*System and the Proposed Class* |
| 9 | **LABATON SUCHAROW LLP** |
| 10 | CAROL C. VILLEGAS (*pro hac vice*)<br>cvillegas@labaton.com |
| 11 | IRINA VASILCHENKO (*pro hac vice*) |
| 12 | ivasilchenko@labaton.com<br>LISA M. STREJLAU (*pro hac vice*) |
| 13 | lstrejlau@labaton.com<br>DANIELLE IZZO (*pro hac vice*) |
| 14 | dizzo@labaton.com |
| 15 | 140 Broadway<br>New York, NY 10005 |
| 16 | Telephone: (212) 907-0700<br>Facsimile: (212) 818-0477 |
| 17 | |
| 18 | *Counsel for Lead Plaintiff*<br>*Arkansas Teacher Retirement System* |
| 19 | *and Lead Counsel for the Proposed Class* |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE LILIEN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>OLAPLEX HOLDINGS, INC., JUE WONG, ERIC TIZIANI, TIFFANY WALDEN, CHRISTINE DAGOUSSET, TRICIA GLYNN, | Case No. 2:22-cv-08395-SVW(SKx)<br><br>**LEAD PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br><u>Hearing</u>:<br>Date:  October 16, 2023<br>Time: 1:30 PM<br>Courtroom:  10A<br>Judge: Hon. Stephen V. Wilson |

| | |
|---|---|
| 1 | DEIRDRE FINDLAY, JANET GURWITCH, MARTHA MORFITT, DAVID MUSSAFER, EMILY WHITE, MICHAEL WHITE, PAULA ZUSI, ADVENT INTERNATIONAL GPE IX LIMITED PARTNERSHIP, ADVENT INTERNATIONAL GPE IX-B LIMITED PARTNERSHIP, ADVENT INTERNATIONAL GPE IX-C LIMITED PARTNERSHIP, ADVENT INTERNATIONAL GPE IX-F LIMITED PARTNERSHIP, ADVENT INTERNATIONAL GPE IX-G LIMITED PARTNERSHIP, ADVENT INTERNATIONAL GPE IX-H LIMITED PARTNERSHIP ADVENT INTERNATIONAL GPE IX-I LIMITED PARTNERSHIP ADVENT INTERNATIONAL GPE IX-A SCSP, ADVENT INTERNATIONAL GPE IX-D SCSP, ADVENT INTERNATIONAL GPE IX-E SCSP, ADVENT INTERNATIONAL GPE IX STRATEGIC INVESTORS SCSP, ADVENT PARTNERS GPE IX LIMITED PARTNERSHIP, ADVENT PARTNERS GPE IX-A LIMITED PARTNERSHIP, ADVENT PARTNERS GPE IX CAYMAN LIMITED PARTNERSHIP, ADVENT PARTNERS GPE IX-A CAYMAN LIMITED PARTNERSHIP, ADVENT PARTNERS GPE IX-B CAYMAN LIMITED PARTNERSHIP, MOUSSERENA, L.P., GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, MORGAN STANLEY & CO. LLC, BARCLAYS CAPITAL INC., BOFA SECURITIES, INC., EVERCORE GROUP L.L.C., JEFFERIES LLC, RAYMOND JAMES & ASSOCIATES, |

| | |
|---|---|
| 1 | INC., COWEN AND COMPANY, LLC, PIPER SANDLER & CO., TRUIST SECURITIES, INC., TELSEY ADVISORY GROUP LLC, DREXEL HAMILTON, LLC, and LOOP CAPITAL MARKETS LLC, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | Defendants. |

# NOTICE OF SUPPLEMENTAL AUTHORITY

Lead Plaintiff respectfully submits this Notice of Supplemental Authority in support of its Oppositions to Defendants' Motions to Dismiss (ECF Nos. 133-36) to notify the Court of a recent securities decision by the Ninth Circuit, *In re Facebook, Inc. Securities Litigation*, No. 22-15077, 2023 WL 6857600 (9th Cir. Oct. 18, 2023) (attached as Exhibit A hereto). This decision was issued on October 18, 2023, after the close of briefing and oral argument on Defendants' motions to dismiss on October 16, 2023.

In *Facebook*, the Ninth Circuit rejected the same argument that Defendants assert here—that Olaplex's risk statements omitting the lilial issue in the Initial Public Offering ("IPO") documents were not false and misleading because some of those risks (the resultant harm to Olaplex's reputation, competitive position, and business) had not yet materialized. Specifically, the Ninth Circuit held that Facebook's "risk statements" that warned of "only the hypothetical risk of improper third-party misuse of Facebook users' data could harm Facebook's business, reputation, and competitive position" were "plausibly materially misleading" by failing to disclose that a third party, Cambridge Analytica, had already improperly accessed and used Facebook users' data, "even if Facebook did not yet know the extent of the reputational harm it would suffer as a result of the breach[.]" *Id.* at *8-9. The Ninth Court explained that "[o]ur case law does not require harm to have materialized for a statement to be materially misleading[,]" and "[b]ecause Facebook presented the prospect of a breach as purely hypothetical when it had already occurred, such a statement could be misleading even if the magnitude of the ensuing harm was still unknown." *Id.* at *9.

The same is true here. Olaplex presented the prospect of the negative "impact" of "laws and regulations" as purely hypothetical—including, *e.g.*, that regulators "***may***" deem Olaplex's product ingredients "unsafe" and Olaplex "***may***" need to "reformulate" or "remove" such ingredients, which "***could*** have an adverse effect

on our existing business," including potential "negative publicity" and damage to Olaplex's reputation, competitive position, and sales. *E.g.*, ECF No. 123 ¶¶164, 166, 168, 170 (emphasis added). In reality, however, the E.U. had ***already*** amended its consumer regulations to ban the lilial ingredient in Olaplex's flagship No. 3 product as unsafe due to its reproductive system risks, prompting Olaplex to ***already*** reformulate the No. 3 product to remove lilial shortly before the IPO. Thus, such hypothetical risk warnings were plausibly materially misleading, even if the associated reputational and business harm from this already-existing lilial issue had not yet materialized.

The *Facebook* decision is also instructive on Defendants' truth-on-the-market defense that Olaplex did not need to disclose the lilial issue because the E.U. lilial ban and the ingredients in the No. 3 product were publicly available. Even though some of Cambridge Analytica's misconduct was already "public" through various news articles, the Ninth Circuit held that this was insufficient to absolve Facebook of liability because, at the time of the misstatements, "the news of Cambridge Analytica's misconduct was far from 'transmitted to the public with a degree of intensity and credibility sufficient to effectively counterbalance any misleading impression.'" *Facebook*, 2023 WL 6857600, at *10 (quoting *Provenz v. Miller*, 102 F.3d 1478, 1493 (9th Cir. 1996)). Here, Defendants have not cited even a single news article (nor other evidence) showing that, at the time of the IPO, the public knew about the E.U. lilial ban and its impact on Olaplex's No. 3 product, rendering their truth-on-the-market argument even more unavailing.

LEAD PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
CASE NO. 2:22-CV-08395-SVW(SKX)

2

Dated: October 30, 2023    LABATON SUCHAROW LLP

By: */s/ Irina Vasilchenko*
IRINA VASILCHENKO

**LABATON SUCHAROW LLP**
CAROL C. VILLEGAS (*pro hac vice*)
cvillegas@labaton.com
IRINA VASILCHENKO (*pro hac vice*)
ivasilchenko@labaton.com
LISA M. STREJLAU (*pro hac vice*)
lstrejlau@labaton.com
DANIELLE IZZO (*pro hac vice*)
dizzo@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement System*
*and Lead Counsel for the Proposed Class*

**GLANCY PRONGAY & MURRAY LLP**
ROBERT V. PRONGAY (SBN 270796)
rprongay@glancylaw.com
CHARLES H. LINEHAN (SBN 307439)
clinehan@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 432-1495

*Liaison Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement System and the*
*Proposed Class*

LEAD PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
CASE NO. 2:22-CV-08395-SVW(SKX)

3