**GLANCY PRONGAY & MURRAY LLP**
ROBERT V. PRONGAY (SBN 270796)
rprongay@glancylaw.com
CHARLES H. LINEHAN (SBN 307439)
clinehan@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 432-1495

*Liaison Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement*
*System and the Proposed Class*

**LABATON SUCHAROW LLP**
CAROL C. VILLEGAS (*pro hac vice*)
cvillegas@labaton.com
IRINA VASILCHENKO (*pro hac vice*)
ivasilchenko@labaton.com
LISA M. STREJLAU (*pro hac vice*)
lstrejlau@labaton.com
DANIELLE IZZO (*pro hac vice*)
dizzo@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement System*
*and Lead Counsel for the Proposed Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE LILIEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OLAPLEX HOLDINGS, INC., JUE WONG, ERIC TIZIANI, TIFFANY WALDEN, CHRISTINE DAGOUSSET, TRICIA GLYNN, | Case No. 2:22-cv-08395-SVW(SKx)<br><br>**LEAD PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br><u>**Hearing**</u>:<br>Date: July 1, 2024<br>Time: 1:30 PM<br>Courtroom:  10A<br><br>Judge: Hon. Stephen V. Wilson |

DEIRDRE FINDLAY, JANET GURWITCH, MARTHA MORFITT, DAVID MUSSAFER, EMILY WHITE, MICHAEL WHITE, PAULA ZUSI, ADVENT INTERNATIONAL GPE IX LIMITED PARTNERSHIP, ADVENT INTERNATIONAL GPE IX-B LIMITED PARTNERSHIP, ADVENT INTERNATIONAL GPE IX-C LIMITED PARTNERSHIP, ADVENT INTERNATIONAL GPE IX-F LIMITED PARTNERSHIP, ADVENT INTERNATIONAL GPE IX-G LIMITED PARTNERSHIP, ADVENT INTERNATIONAL GPE IX-H LIMITED PARTNERSHIP ADVENT INTERNATIONAL GPE IX-I LIMITED PARTNERSHIP ADVENT INTERNATIONAL GPE IX-A SCSP, ADVENT INTERNATIONAL GPE IX-D SCSP, ADVENT INTERNATIONAL GPE IX-E SCSP, ADVENT INTERNATIONAL GPE IX STRATEGIC INVESTORS SCSP, ADVENT PARTNERS GPE IX LIMITED PARTNERSHIP, ADVENT PARTNERS GPE IX-A LIMITED PARTNERSHIP, ADVENT PARTNERS GPE IX CAYMAN LIMITED PARTNERSHIP, ADVENT PARTNERS GPE IX-A CAYMAN LIMITED PARTNERSHIP, ADVENT PARTNERS GPE IX-B CAYMAN LIMITED PARTNERSHIP, MOUSSERENA, L.P., GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, MORGAN STANLEY & CO. LLC, BARCLAYS CAPITAL INC., BOFA SECURITIES, INC., EVERCORE GROUP L.L.C., JEFFERIES LLC, RAYMOND JAMES & ASSOCIATES,

INC., COWEN AND COMPANY, LLC, PIPER SANDLER & CO., TRUIST SECURITIES, INC., TELSEY ADVISORY GROUP LLC, DREXEL HAMILTON, LLC, and LOOP CAPITAL MARKETS LLC,

Defendants.

## NOTICE OF SUPPLEMENTAL AUTHORITY

Lead Plaintiff respectfully submits this Notice of Supplemental Authority in support of its Oppositions to Defendants' Motions to Dismiss (ECF Nos. 133-36) to submit to the Court: (a) the United States Supreme Court decision in *Macquarie Infrastructure Co. v. Moab Partners, L.P.*, 601 U.S. 257 (2024) (attached as Exhibit A), (b) the amended opinion in *In re Facebook, Inc. Sec. Litig.*, 87 F.4th 934, 942 (9th Cir. 2023), *cert. granted in part sub nom. Facebook, Inc. v. Amalgamated Bank*, No. 23-980, 2024 WL 2883752 (June 10, 2024) (attached as Exhibit B)[1]; and (c) a recent securities decision within this Circuit applying *Facebook*: *Salzman v. ImmunityBio, Inc., et al.*, No. 23-CV-01216-GPC-VET, 2024 WL 3100274 (S.D. Cal. June 20, 2024) (attached as Exhibit C). These decisions post-date briefing, relate to arguments raised during the July 1, 2024 second hearing on Defendants' motions to dismiss (the "July 1 Hearing"), and are instructive in relation to Lead Plaintiff's allegations of material falsity with respect to (a) pure omissions, (b) affirmative false statements, and (c) misleading risk disclosures.

The Supreme Court's recent ruling in *Macquarie*, which Lead Plaintiff's counsel referenced at the July 1 Hearing, underscores why this Court should sustain the Complaint: "Congress imposed liability for ***pure omissions*** in § 11(a) of the Securities Act of 1933," when the omitted information was required by Items 303 and 105 of Regulation S-K. 601 U.S. at 264. *Macquarie* makes clear that Defendants' failure to disclose in the IPO offering documents the known risks and uncertainties to Olaplex's reputation and resulting financial performance posed by the lilial ban, the continued sale of lilial-tainted products, and the related reformulation of the Company's No. 3 product were material omissions required to

---

[1] The Ninth Circuit entered judgment in *Facebook* on October 19, 2023, a copy of which was submitted in this action. ECF No. 152, The court of appeals later denied Defendants' petition for panel and en banc rehearing and issued an amended opinion on December 4, 2023, a copy of which we submit hereto for completeness. The amended opinion does not alter the opinion with respect to the actionability of risk disclosure misstatements.

be stated by Items 303 and 105, and are therefore actionable under Section 11, even in the absence of any misrepresentations. *See, e.g.*, Amended Complaint ¶¶164, 166, 171, 178; ECF No. 133 at 23-24.[2] Indeed, this Court and the Olaplex Defendants' counsel recognized as much at the October 16, 2023 motion to dismiss hearing, noting that "Section 11 says misrepresentation or omission," that Plaintiffs' claims appear to "much more omissions focused," and that an "omission is still actionable." ECF No. 162 (Hearing Tr.) at 8:7-19.

*ImmunityBio*, a recent decision within this Circuit applying *Facebook,* demonstrates why the Amended Complaint adequately alleges several misleading risk disclosures concerning potential impacts from "changes" in government laws and regulations, including "the prohibitions of selling a product or ingredient in one or more markets" and "the need to reformulate the ingredients used in our products," (*e.g.*, ¶¶164, 166), Olaplex's competitive position (*e.g.* ¶¶178, 180) and hypothetical, adverse impact on brand image, reputation, and sales (*e.g.* ¶¶173, 175, 180). In *ImmunityBio*, the court rejected similar arguments as those made by Defendants here in sustaining materially misleading risk disclosures:

> But, as Plaintiff argues, Defendants' argument fails because it ***confuses the risk for its consequence***. This approach was rejected in *Facebook*. There, Facebook had stated that "[a]ny failure to prevent or mitigate . . . improper access to or disclosure of our data or user data . . . could result in the loss or misuse of such data, which could harm Facebook's business and reputation and diminish our competitive positions." *Id.* at

[2] In addition to the pure omissions confirmed to be actionable by the Supreme Court, liability also exists for Defendants' affirmative misstatements regarding Olaplex's "clean products" (¶¶187, 189, and 191). These statements were wholly inconsistent with Olaplex's continued sale of a product that used a chemical banned in the E.U. creating the misleading impression that Olaplex's products were "clean"—*i.e.* free of any potentially harmful ingredients (*see* ¶¶90-91), especially as, unbeknownst to investors (and consumers), Olaplex was still selling unreformulated old stock of the No. 3 product that contained lilial at the time of the IPO (¶192). Thus, in addition to *Macquarie*'s holding that Section 11 liability exists for pure omissions, Defendants are similarly liable for these "clean" affirmative misstatements—another category of misstatements alleged in the Amended Complaint that is entirely separate from the risk disclosure misstatements at issue in *Facebook* and related cases.

LEAD PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
CASE NO. 2:22-cv-08395-SVW(SKx)

2

944 (alteration in original). The dissent focused on the latter portion of this risk statement—i.e., the consequence—observing that the statements "advise that improper access to data could harm Facebook's reputation and business." *Id.* at 959 (Bumatay, J., dissenting). The dissent [in *Facebook*] reasoned that the risk-factor statement was inactionable because the plaintiff-shareholders had "not sufficiently alleged that Facebook knew its reputation and business were already harmed at the time of the filing of the 10-K." *Id.* The majority rejected this position, holding that case law does not require the consequence of a risk "to have materialized for a statement to be materially misleading." *Id.* at 949. Instead, the majority concluded that Facebook's risk-factor statement was plausibly materially misleading because Facebook had presented the risk of improper access to user data "as purely hypothetical when it had already occurred." *Id.* at 950. Here, the Court concludes that Defendants' risk-factor statements are plausibly materially misleading because Defendants presented the prospect of "production difficulties" and cGMP deficiencies ***as purely hypothetical when they had already occurred. The fact that the consequences had not yet materialized makes no difference***."

*ImmunityBio*, 2024 WL 3100274, at \*10 (citing *Facebook*, 87 F.4th at 950) (emphasis added).

Here, Defendants proffer the exact argument rejected in *ImmunityBio* and *Facebook*—that Olaplex's risk disclosures are not actionable because the ***consequences*** of the concealed risks related to the Company's use of the banned lilial ingredient in its products (the resultant harm to Olaplex's reputation, competitive position, and business from lilial use and ban) had not yet materialized. *See, e.g.*, July 1 Hearing Transcript at 18:13-18 (Olaplex Counsel: "[T]here isn't an omitted fact because the adverse effects that are talked about in the disclosure, none of those had come to pass or were significantly likely at the time of the IPO."). There is no dispute that by the time of the IPO, the risk of Olaplex's use of unsafe, banned ingredients in its products and the need to reformulate those impacted products, which Olaplex still presented in the IPO offering documents as "purely hypothetical," *ImmunityBio*, 2024 WL 3100274, at \*10—e.g., "[c]hanges [in laws]

*may* require us to reformulate . . . certain of our products" (¶164) and ¶166 ("*if* our products are found to be . . . unsafe")—was no longer hypothetical given that the E.U. *already* had banned lilial as unsafe due to its infertility risks and Olaplex thus *already* had reformulated its No. 3 product to remove lilial from new stock. Moreover, given Olaplex's heavy reliance on its online reputation and marketing as a "clean" products company that did not use any toxic ingredients to primarily female consumers, it was reasonably foreseeable that these concealed, actualized risks regarding Olaplex's use of a reprotoxic ingredient in its flagship product "*could* have an adverse effect on [Olaplex's] existing business," including potential "negative publicity" and damage to Olaplex's reputation, competitive position, and sales. *E.g.*, Amended Complaint ¶¶164, 166, 168, 170 (emphasis added). That is sufficient to establish that the challenged risk disclosures were materially misleading when made, even if the consequences of those risks (i.e., the associated reputational and business harms) had not yet materialized. As the Court held in *ImmunityBio*, "Defendants' argument fails because it confuses the risk for its consequence." 2024 WL 3100274, at *10.

Dated: July 12, 2024                    LABATON SUCHAROW LLP


                                        By: */s/ Irina Vasilchenko*
                                            IRINA VASILCHENKO

                                        **LABATON SUCHAROW LLP**
                                        CAROL C. VILLEGAS (*pro hac vice*)
                                        cvillegas@labaton.com
                                        IRINA VASILCHENKO (*pro hac vice*)
                                        ivasilchenko@labaton.com
                                        LISA M. STREJLAU (*pro hac vice*)
                                        lstrejlau@labaton.com
                                        DANIELLE IZZO (*pro hac vice*)
                                        dizzo@labaton.com
                                        140 Broadway
                                        New York, NY 10005

Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement System*
*and Lead Counsel for the Proposed Class*

**GLANCY PRONGAY & MURRAY LLP**
ROBERT V. PRONGAY (SBN 270796)
rprongay@glancylaw.com
CHARLES H. LINEHAN (SBN 307439)
clinehan@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 432-1495

*Liaison Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement System and the*
*Proposed Class*

LEAD PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
CASE NO. 2:22-CV-08395-SVW(SKX)

5