UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08395-SVW-SK | | Date | August 23, 2024 |
|---|---|---|---|---|
| Title | *Leslie Lilien v. Olaplex Holdings, Inc. et al.* | | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

Paul M. Cruz                                                    N/A

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

N/A                                                                N/A

**Proceedings:**     ORDER STAYING THIS CASE PENDING THE SUPREME COURT'S RESOLUTION OF *Facebook v. Amalgamated Bank*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Levya*, 593 F.2d at 863–64 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 72 S. Ct. 219, 96 L. Ed. 200 (1952); *Landis*, 299 U.S. at 254–55; *Collins Radio Co. v. Ex-Cell-O Corp.*, 467 F.2d 995-1000 (8th Cir. 1972); *Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Comm'n*, 387 F.2d 768, 773 (3d Cir. 1967); *Nederlandse Erts-Tankersmaatschappij v. Isbrandtsen Co.*, 339 F.2d 440 (2d Cir. 1964); *Chronicle Publ. Co. v. National Broadcasting Co.*, 294 F.2d 744 (9th Cir. 1961)).

:

Initials of Preparer          PMC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08395-SVW-SK | Date | August 23, 2024 |
|---|---|---|---|
| Title | *Leslie Lilien v. Olaplex Holdings, Inc. et al.* | | |

The Ninth Circuit has instructed courts to perform the following analysis when considering whether to impose a *Landis* stay: "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The Court *sua sponte* stays this case pursuant to its inherent powers under *Landis*. The Supreme Court has recently granted certiorari to hear a case that this Court finds potentially pivotal to its resolution of the case at bar: *In re Facebook, Inc. Sec. Litig.*, 87 F.4th 934, 942 (9th Cir. 2023), *cert. granted in part sub nom. Facebook, Inc. v. Amalgamated Bank*, No. 23-980, 2024 U.S. LEXIS 2574, 2024 WL 2883752 (June 10, 2024). The Supreme Court will resolve the following question:

Are risk disclosures false or misleading when they do not disclose that a risk has materialized in the past, even if that past event presents no known risk of ongoing or future business harm?

Defs.' Response to Notice of Suppl. Authority 2, ECF No. 165. Here, the Court must decide whether Defendants violated securities laws by failing to disclose events which had happened, and which seemingly presented no known risk of ongoing or future business harm. The Supreme Court's resolution of *Facebook* promises to be directly on point. The Court finds that no harm will befall the parties resulting from this stay. Therefore, the *Landis* factors support staying this case.

This case is STAYED pending the Supreme Court's resolution of *Facebook*. The parties are ORDERED to immediately inform the Court once that case has been resolved.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |