Anne Johnson Palmer (CSB # 302235)
*anne.johnsonpalmer@ropesgray.com*
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, California 94111-4006
Tel.: (415) 315-6300
Fax: (415) 315-6350

Peter Welsh (admitted *pro hac vice*)
*peter.welsh@ropesgray.com*
Daniel A. Yanofsky (admitted *pro hac vice*)
*daniel.yanofsky@ropesgray.com*
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel.: (617) 951-7000
Fax: (617) 951-7050

Phillip G. Kraft (*pro hac vice* application forthcoming)
*phillip.kraft@ropesgray.com*
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Tel.: (212) 596-9000
Fax: (212) 596-9090

*Attorneys for the Olaplex Defendants*
*(listed on signature page)*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE LILIEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v. | Case No. 2:22-cv-08395-SVW-SKx<br><br>**OLAPLEX DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S REVISED CONSOLIDATED CLASS** |

OLAPLEX HOLDINGS, INC., *et al.*, )  **ACTION COMPLAINT**
)
Defendants. )  Courtroom:    10A
)  Judge:          Hon. Stephen V. Wilson
)
)
)
)

**INTRODUCTION**

Defendants Olaplex Holdings, Inc. ("Olaplex") and JuE Wong, Eric Tiziani, Tiffany Walden, Christine Dagousset, Tricia Glynn, Deirdre Findlay, Janet Gurwitch, Martha Morfitt, David Mussafer, Emily White, Michael White, and Paula Zusi ("Individual Defendants," and collectively with Olaplex, "Defendants"), file this answer (the "Answer") in response to the Revised Consolidated Class Action Complaint for Violations of the Federal Securities Laws, ECF No. 123 (the "Complaint"), filed on June 22, 2023, which advances certain claims challenging the Company's disclosures (the "Offering Documents") in connection with its IPO. The Court's Order Granting in Part and Denying in Part Defendants' Motions to Dismiss dated February 7, 2025, ECF No. 171, dismissed all claims against the Advent Fund Defendants, Mousserena Defendants, and the Underwriter Defendants (the "Dismissed Defendants"), who have been accordingly dismissed from this case. This Answer is made without waiving, but instead expressly reserving, all rights that the Defendants may have to file dispositive motions or other responses addressing some or all of the allegations and claims asserted in the Complaint. To the extent that the paragraphs of the Complaint are grouped under headings or subheadings, Defendants respond generally that the headings and subheadings do not constitute factual averments, require no response, and are thus not addressed herein. To the extent that a response is deemed necessary, Defendants deny each and every heading and sub-heading in the Complaint. Except as expressly admitted herein, Defendants deny all allegations, including, without limitation, any allegations in the table of contents, preamble, headings, subheadings, footnotes, and prayer for relief, and incorporate by reference this response in each paragraph below as if fully set forth therein. The Complaint's section headings and subheadings are included below solely for reference, and each numbered paragraph below constitutes Defendants' answer to the respective, same-numbered paragraph in the Complaint. To the extent Defendants admit the

contents of statements written or made orally by others, such admission does not imply any admission of the truth of such statements. Capitalized terms not otherwise defined in this Answer have the meanings ascribed to them in the Complaint.

Defendants answer the Complaint's allegations as follows:

## I.    NATURE OF THE ACTION

1.    This paragraph purports to characterize the federal securities laws and requires no response. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

2.    Defendants admit that Olaplex is a luxury haircare products manufacturer and admit the contents of footnote 1 to this paragraph. Defendants deny the remaining allegations in this paragraph.

3.    Defendants admit that Olaplex is a premium haircare brand with products that include a patented bis-aminopropyl diglycol dimaleate ("bis-amino") ingredient and that Olaplex has marketed products in the U.S. and internationally. Defendants deny the remaining allegations in this paragraph.

4.    This paragraph purports to characterize an amendment to E.U. consumer protection regulations, to which no response is required. *See* Commission Delegated Regulation 2020/1182 of Mar. 19, 2020 [EU], (published Aug. 11, 2020) (the "EU Regulation"). Defendants admit that butylphenyl methypropional is also known as lilial; that lilial is a fragrance ingredient used in cosmetics; that the EU Regulation was published in August 2020, before Olaplex's IPO; and that the EU Regulation was set to apply from March 1, 2022, after Olaplex's IPO.

5.    Defendants admit that Olaplex reformulated its No. 3 product in June 2021 to remove lilial and that pre-reformulation stock of No. 3 product was sold until January 2022. Defendants deny the remaining allegations in this paragraph.

6.    Defendants deny the allegations in this paragraph.

7.    Defendants respectfully refer the Court to the Offering Documents for their true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this paragraph.

8.    Defendants respectfully refer the Court to Olaplex's referenced Offering Documents for their true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this paragraph.

9.    Defendants admit that Olaplex reformulated its No. 3 product in June 2021 to remove lilial and that pre-reformulation stock of the No. 3 product was sold until January 2022.  The allegations in this paragraph otherwise relate to claims that the Court has dismissed and require no response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

10.    Defendants respectfully refer the Court to Hasini Kay's February 27, 2022 video on TikTok for its true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants admit Olaplex responded via traditional and social media to the misinformation contained in Ms. Kay's video, and Defendants similarly refer the Court to Olaplex's public statements for their true and complete contents.  The remaining allegations in this paragraph purport to characterize the nature of the action and require no response.  To the extent a response is required, Defendants deny those allegations.

11.    Defendants deny the allegations of this paragraph, except to admit that on March 3, 2022, a class action complaint was filed in Canada with claims and allegations relating to lilial.

12.    Defendants respectfully refer the Court to the publicly available March 8, 2022 Olaplex Q4 2021 earnings call transcript for its true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny any remaining allegations in this paragraph.

13.    Defendants deny the allegations in this paragraph.

14. Defendants respectfully refer the Court to the June 22, 2022 *Vogue Business* article "After vital infertility memes, can Olaplex bounce back?" and the Facebook group, "Olaplex Hair Loss/Hair Damage" for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants otherwise deny the remaining allegations in this paragraph.

15. Defendants respectfully refer the Court to the September 29, 2022 Piper Sandler report for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants otherwise deny the allegations in this paragraph.

16. Defendants respectfully refer the Court to the publicly available October 18, 2022 Q3 2022 earnings call transcript for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants further refer the Court to publicly available information about the Company's stock price for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants otherwise deny the allegations in this paragraph.

17. Defendants admit that Olaplex experienced a decrease in net sales growth quarter-to-quarter from Q3 2021 to Q4 2022. Defendants otherwise deny the allegations in this paragraph.

18. Defendants respectfully refer the Court to publicly available information about the Company's stock price for its true and complete contents. Defendants otherwise deny the allegations in this paragraph.

## II.     JURISDICTION AND VENUE

19. The paragraph purports to characterize the nature of this action and requires no response. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

20. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants admit this Court has subject matter jurisdiction over this action.

21.    This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants do not contest venue is proper in this action.  Defendants deny the remaining allegations in this paragraph.

22.    This paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## III.    PARTIES

### A.    Lead Plaintiff

23.    Defendants lack knowledge or sufficient information to form a belief as to the truth of this paragraph's allegations regarding Lead Plaintiff's stock purchases. Defendants deny that Lead Plaintiff has been damaged or is entitled to recover from Defendants on its claims.

### B.    Defendants

#### 1.    The Corporate Defendant

24.    Defendants admit that Olaplex previously maintained its corporate headquarters in Santa Barbara, California and sells a suite of haircare products to improve hair health.  Defendants admit that Olaplex's common stock is traded on the NASDAQ Global Select Market under the symbol "OLPX."

#### 2.    The Individual Defendants

25.    Defendants admit that JuE Wong worked in the beauty industry before becoming CEO of Olaplex.  Defendants also admit Ms. Wong served as the President, Chief Executive Officer and Director of Olaplex from January 2020 to October 2023, and became a member of the Board of Directors in August 2021.  Defendants admit that Ms. Wong signed the Company's August 27, 2021 Registration Statement and that the Offering Documents were subject to an appropriate review and contribution process involving Registration Statement signatories and/or their representatives.

26. Defendants admit that Eric Tiziani served as the Chief Financial Officer of Olaplex from August 2021 to May 2024. Defendants admit that Mr. Tiziani held various finance leadership roles prior to becoming CFO of Olaplex. Defendants admit that Mr. Tiziani signed the Company's August 27, 2021 Registration Statement and that the Offering Documents were subject to an appropriate review and contribution process involving Registration Statement signatories and/or their representatives.

27. Defendants admit that Tiffany Walden joined Olaplex in 2016 and served as the Company's Chief Operating Officer from January 2020 to October 2022. Defendants admit that Ms. Walden signed the Company's August 27, 2021 Registration Statement and that the Offering Documents were subject to an appropriate review and contribution process involving Registration Statement signatories and/or their representatives.

28. Defendants admit that Christine Dagousset served as the Chair of Olaplex's Board of Directors from August 2021 until July 2023 and continues to serve as a Director on the Board. Defendants admit that Ms. Dagousset signed the Company's August 27, 2021 Registration Statement and that the Offering Documents were subject to an appropriate review and contribution process involving Registration Statement signatories and/or their representatives.

29. Defendants admit that Tricia Glynn has served as the Lead Director of Olaplex's Board of Directors since August 2021. Defendants admit that Ms. Glynn signed the Company's August 27, 2021 Registration Statement and that the Offering Documents were subject to an appropriate review and contribution process involving Registration Statement signatories and/or their representatives.

30. Defendants admit that Deirdre Findlay has served as a Director on Olaplex's Board of Directors since August 2021. Defendants admit that Ms. Findlay signed the Company's August 27, 2021 Registration Statement and that the Offering

Documents were subject to an appropriate review and contribution process involving Registration Statement signatories and/or their representatives.

31. Defendants admit that Janet Gurwitch served as a Director on Olaplex's Board of Directors from August 2021 to December 2024, and an Operating Partner at Advent International Corporation from April 2020 to December 2024. Defendants admit that Ms. Gurwitch signed the Company's August 27, 2021 Registration Statement and that the Offering Documents were subject to an appropriate review and contribution process involving Registration Statement signatories and/or their representatives.

32. Defendants admit that Martha Morfitt has served as a Director on Olaplex's Board of Directors since August 2021. Defendants admit that Ms. Morfitt signed the Company's August 27, 2021 Registration Statement and that the Offering Documents were subject to an appropriate review and contribution process involving Registration Statement signatories and/or their representatives.

33. Defendants admit that David Mussafer has served as a Director on Olaplex's Board of Directors since August 2021 and Chairman and Managing Partner of Advent International Corporation. Defendants admit that Mr. Mussafer signed the Company's August 27, 2021 Registration Statement and that the Offering Documents were subject to an appropriate review and contribution process involving Registration Statement signatories and/or their representatives.

34. Defendants admit that Emily White has served as a Director on Olaplex's Board of Directors since August 2021. Defendants admit that Ms. White signed the Company's August 27, 2021 Registration Statement and that the Offering Documents were subject to an appropriate review and contribution process involving Registration Statement signatories and/or their representatives.

35. Defendants admit that Michael White has served as a Director on Olaplex's Board of Directors since August 2021 and as a Principal at Advent

International Corporation since 2019. Defendants admit that Mr. White signed the Company's August 27, 2021 Registration Statement and that the Offering Documents were subject to an appropriate review and contribution process involving Registration Statement signatories and/or their representatives.

36. Defendants admit that Paula Zusi has served as a Director on Olaplex's Board of Directors since August 2021. Defendants admit that Ms. Zusi signed the Company's August 27, 2021 Registration Statement and that the Offering Documents were subject to an appropriate review and contribution process involving Registration Statement signatories and/or their representatives.

37. No response is required to this definitional paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

38. Defendants admit that the Individual Defendants signed the Company's August 27, 2021 Registration Statement and that Individual Defendants and/or their representatives were appropriately involved in the process of reviewing, editing, approving, and disseminating the Offering Documents, IPO roadshow materials, presentations, talking points, and scripts as appropriate. The allegations in this paragraph otherwise call for legal conclusions which require no response. To the extent a response is deemed required, Defendants deny those allegations.

### 3. The Selling Stockholder Defendants

39. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

40. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

41. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

42. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

43. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

44. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

45. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

46. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

47. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore

no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

48.    The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

49.    The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

50.    The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

51.    The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

52.    The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

53.    The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

54. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

55. No response is required to this definitional paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

56. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

57. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

58. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

59. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

**4.      The Underwriter Defendants**

60. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

61. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

62. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

63. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

64. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

65. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

66. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

67. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore

no response is required. To the extent a response is deemed required, Defendants deny those allegations.

68. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

69. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

70. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

71. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

72. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

73. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

74.     No response is required to this definitional paragraph; to the extent a response is required, Defendants deny the allegations in this paragraph.

75.     The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

76.     The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

77.     The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

78.     The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

79.     The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

80.     The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

## C.    Relevant Third Parties

81.    Defendants lack knowledge or information sufficient to form a belief as to the descriptions of the anonymous CW-1 referenced in this paragraph.  Defendants deny the allegations the Complaint purports to attribute to CW-1 in this paragraph.

82.    Defendants lack knowledge or information sufficient to form a belief as to the descriptions of the anonymous CW-2 referenced in this paragraph. Defendants deny the allegations the Complaint purports to attribute to CW-2 in this paragraph.

## IV.    SUBSTANTIVE ALLEGATIONS

### A.    History of Olaplex and Its Business

83.    Defendants admit that Olaplex was founded in 2014 in Santa Barbara, California, is a premium haircare brand, and that its products include a patented bis-amino ingredient.  Defendants deny the remaining allegations in this paragraph.

84.    Admitted.

85.    Defendants admit the allegations in this paragraph, except that Defendants lack sufficient information to form a belief regarding the allegation of Sephora's history.

86.    Defendants admit that the U.S. is Olaplex's largest market and Olaplex maintains an international presence.  Defendants admit that Olaplex is subject to international laws and regulations for the cosmetics industry, including those of the E.U.  Defendants deny any remaining allegations in this paragraph.

87.    Defendants respectfully refer the Court to Olaplex's Offering Documents for their true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny any remaining allegations in this paragraph.

88.    Defendants admit that the graphic accurately depicts Olaplex's product portfolio as of September 2021.  Defendants respectfully refer the Court to the publicly available February 28, 2023 and March 8, 2022 Olaplex earnings call transcripts for their true and complete contents, and Defendants deny any allegations inconsistent

therewith.  Defendants also respectfully refer the Court to the October 25, 2021 Raymond James and November 2021, 2022 J.P. Morgan analyst reports as well as the June 22, 2022 *Vogue Business* article for their true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny any remaining allegations in this paragraph.

89.    Defendants respectfully refer the Court to the October 25, 2021 J.P. Morgan analyst report for its true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this paragraph.

90.    The allegations in this paragraph relate to claims that the Court has dismissed and require no response.  To the extent a response is required, Defendants deny the allegations in this paragraph, except to refer the Court to the Company's website and the Offering Documents for their true and complete contents.

91.    The allegations in this paragraph relate to claims that the Court has dismissed and require no response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

92.    Defendants admit as of the time of the IPO that, as addressed in the Offering Documents, Olaplex operated in highly competitive categories and faced competition from companies throughout the world, including from multinational consumer product companies.

93.    Defendants lack knowledge or information sufficient to form a belief as to the thoughts, reactions, and sentiments of analysts.  Defendants respectfully refer the Court to the October 25, 2021 Barclays and BofA analyst reports for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

94.    Defendants lack knowledge or information sufficient to form a belief as to the thoughts, reactions, and sentiments of investors.  Further, the allegations in this

paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

**B.    Brand Trust, Influencer Marketing, and Olaplex's Online Reputation Are Crucial to Its Success**

95.    The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

96.    The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

97.    The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph, except to refer the Court to the Offering Documents and the Company's public filings for their true and complete contents.

98.    The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph, except to refer the Court to the Offering Documents and the Company's public filings for their true and complete contents.

99.    The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph, except to refer the Court to the Offering Documents and the Company's public filings for their true and complete contents.

100.    The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph, except to refer the Court to the Offering Documents and the Company's public filings for their true and complete contents.

101. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph, except to refer the Court to the October 25, 2021 Barclays analyst report for its true and complete contents.

102. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph, except to refer the Court to the October 25, 2021 Piper Sandler analyst report for its true and complete contents and to state that Defendants lack knowledge or information sufficient to form a belief as to the scale and effects of a Google search ranking.

103. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph, except to refer the Court to the October 25, 2021 Telsey analyst report for its true and complete contents.

104. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph, except to refer the Court to the October 25, 2021 BofA analyst report for its true and complete contents.

105. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph, except to refer the Court to the October 25, 2021 Morgan Stanley analyst report for its true and complete contents.

106. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph, except to refer the Court to the audio recordings and transcript of Olaplex's November 10, 2021 earnings call for their true and complete contents.

107. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph, except to refer the Court to the January 14, 2020 Weber-Shandwick and UK Reputation Dividend research reports for their true and complete contents.

108. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph, except to refer the Court to the March 11, 2022 *Forbes* article, "The Power of First Impressions: a Marketing Strategy That Optimizes Search for a Transformed Digital Landscape" for its true and complete contents.

109. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph, except to refer the Court to the referenced articles for their true and complete contents.

110. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph, except to refer the Court to the June 22, 2022 *Vogue Business* article for their true and complete contents.

### C. Olaplex Is Required to Comply With Various U.S. and International Regulations Regarding Product Safety, Advertising, and Labeling

111. Defendants admit Olaplex is subject to certain regulations within the U.S. and internationally.

112. Defendants admit the Food and Drug Administration is a governing body in the U.S. responsible for protecting the public health and ensuring the safety, efficacy, and security of food, drugs, and cosmetics. The allegations in this paragraph otherwise call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in this paragraph.

113.   The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

114.   The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

115.   The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

116.   The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

117.   The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

118.   The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.  Defendants deny any remaining allegations in this paragraph.

119.   The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.  Defendants deny any remaining allegations in this paragraph.

120.   The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.  Defendants deny any remaining allegations in this paragraph.

121. The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph. Defendants deny any remaining allegations in this paragraph.

**D. In Late 2020, the E.U. Bans the Chemical Lilial**

122. Defendants admit the E.U. has authority to implement bans on certain chemicals from consumer products pursuant to the Classification, Labelling, and Packaging ("CLP") Regulation. Defendants respectfully refer the Court to the CLP Regulation, No. 1272/2008 for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

123. Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph regarding the role of the Scientific Committee on Consumer Safety ("SCCS") on E.U. regulators and regulations. Defendants admit the SCCS provides opinions on health and safety risks of non-food consumer products and services. Defendants deny any remaining allegations in this paragraph.

124. Defendants respectfully refer the Court to the May 10, 2019 E.U. Commission for the Scientific Committee on Consumer Safety ("SCCS") opinion on the safety of Butylphenyl methylpropional for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

125. Defendants respectfully refer the Court to the May 10, 2019 E.U. Commission for the Scientific Committee on Consumer Safety ("SCCS") opinion on the safety of butylphenyl methylpropional for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

126. Defendants respectfully refer the Court to the May 10, 2019 E.U. Commission for the Scientific Committee on Consumer Safety ("SCCS") opinion on the safety of butylphenyl methylpropional for its true and complete contents, and

Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

127. Defendants respectfully refer the Court to the May 10, 2019 E.U. Commission for the Scientific Committee on Consumer Safety ("SCCS") opinion on the safety of butylphenyl methylpropional for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

128. Defendants respectfully refer the Court to the May 10, 2019 E.U. Commission for the Scientific Committee on Consumer Safety ("SCCS") opinion on the safety of butylphenyl methylpropional for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

129. Defendants respectfully refer the Court to the May 10, 2019 E.U. Commission for the Scientific Committee on Consumer Safety ("SCCS") opinion on the safety of butylphenyl methylpropional and the referenced articles for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

130. Defendants respectfully refer the Court to the May 10, 2019 E.U. Commission for the Scientific Committee on Consumer Safety ("SCCS") opinion on the safety of butylphenyl methylpropional for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants admit the CLP amended the regulation to add lilial to the list of prohibited substances in cosmetic products and respectfully refer the Court to the August 2020 amendment for its true and complete contents, and defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

131. Defendants admit the U.K. issued respective regulatory measures to effectuate the ban of lilial on October 15, 2022 and December 15, 2022. Defendants deny any remaining allegations in this paragraph.

**E.** **Unbeknownst to Consumers and Investors, a Key Olaplex Product Contains Lilial, Prompting Olaplex to Quietly Remove the Ingredient Before the IPO Due to the E.U. Ban**

132. Defendants admit the No. 3 product contained lilial, and the ingredient was subject to the E.U. ban that would take effect March 1, 2022. Defendants deny any remaining allegations in this paragraph.

133. Defendants admit Olaplex reformulated the No. 3 product to remove lilial prior to the Company's IPO. Defendants respectfully refer the Court to Olaplex's referenced Offering Documents, for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

134. Defendants respectfully refer the Court to the website referred to in this paragraph for its true and complete contents, and deny any allegations inconsistent therewith.

135. Defendants respectfully refer the Court to the website referred to in this paragraph for its true and complete contents, and deny any allegations inconsistent therewith.

136. Defendants respectfully refer the Court to the Safety Data Sheet referred to in this paragraph for its true and complete contents, and deny any allegations inconsistent therewith.

137. Defendants respectfully refer the Court to the Safety Data Sheet referred to in this paragraph for its true and complete contents, and deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

138. Defendants respectfully refer the Court to Olaplex's May 11, 2022 Form 10-Q for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

139. Defendants admit that Olaplex reformulated its product No. 3 in June 2021 to remove lilial and that pre-reformulation stock of No. 3 product was sold until January 2022. Defendants deny any remaining allegations in this paragraph.

140. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous former employee. Defendants deny the allegations the Complaint purports to attribute to the employee in this paragraph. Defendants deny any remaining allegations in this paragraph.

141. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous Confidential Witness ("CW") 1. Defendants deny the allegations the Complaint purports to attribute to CW-1 in this paragraph. Defendants deny any remaining allegations in this paragraph.

142. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW-1. Defendants deny the allegations the Complaint purports to attribute to CW-1 in this paragraph. Defendants deny any remaining allegations in this paragraph.

143. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW-1. Defendants deny the allegations the Complaint purports to attribute to CW-1 in this paragraph. Defendants deny any remaining allegations in this paragraph.

144. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW-1. Defendants deny the allegations the Complaint purports to attribute to CW-1 in this paragraph. Defendants deny any remaining allegations in this paragraph.

145. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW-1. Defendants deny the allegations the Complaint purports to attribute to CW-1 in this paragraph. Defendants deny any remaining allegations in this paragraph.

146. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW-1. Defendants deny the allegations the Complaint purports to attribute to CW-1 in this paragraph. Defendants deny any remaining allegations in this paragraph.

147. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW-2. Defendants deny the allegations the Complaint purports to attribute to CW-2 in this paragraph. Defendants deny any remaining allegations in this paragraph.

148. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW-2. Defendants deny the allegations the Complaint purports to attribute to CW-2 in this paragraph. Defendants deny any remaining allegations in this paragraph.

149. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW-2. Defendants deny the allegations the Complaint purports to attribute to CW-2 in this paragraph. Defendants deny any remaining allegations in this paragraph.

150. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW-2. Defendants deny the allegations the Complaint purports to attribute to CW-2 in this paragraph. Defendants deny any remaining allegations in this paragraph.

151. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW-2. Defendants deny the

allegations the Complaint purports to attribute to CW-2 in this paragraph. Defendants deny any remaining allegations in this paragraph.

152. Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous CW-2. Defendants deny the allegations the Complaint purports to attribute to CW-2 in this paragraph. Defendants deny any remaining allegations in this paragraph.

153. The allegations in this paragraph relate to challenged statements that the Court has dismissed from the case and thus require no response. To the extent a response is required, Defendants deny the allegations of this paragraph, except to refer the Court to the audio recordings and transcript of Olaplex's August 9, 2022 earnings call for their true and complete contents.

**F.    Olaplex's IPO**

154. Defendants admit Olaplex conducted its initial public offering on September 29, 2021, during which 84,755,000 shares of Olaplex common stock were sold to the public at a price of $21 per share, that the Underwriter Defendants served as underwriters for the offering, and that the Advent Funds and Mousse Partners were selling shareholders in the offering. The allegations in this paragraph are otherwise related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required.

155. Defendants admit Olaplex made certain filings with the SEC in connection with its IPO. Defendants respectfully refer the Court to Olaplex's referenced Offering Documents for their true and complete contents, and Defendants deny any allegations inconsistent therewith.

156. Defendants respectfully refer the Court to Olaplex's referenced Offering Documents for their true and complete contents, and Defendants deny any allegations inconsistent therewith.

**G.     The Offering Documents Contained Materially False and Misleading Statements of Fact and Omitted Material Information**

157.    Defendants deny the allegations in this paragraph.

158.    This paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

159.    This paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

160.    This paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

161.    This paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

**1.     The Offering Documents Failed to Disclose and Misrepresented Significant Risks Regarding the Impact of Laws and Regulations on Olaplex's Business**

162.    Defendants deny the allegations in this Paragraph.

163.    Defendants deny the allegations in this Paragraph.

164.    Defendants respectfully refer the Court to the Offering Documents for their true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this paragraph.

165.    Defendants deny the allegations in this paragraph.

166.    Defendants respectfully refer the Court to Olaplex's referenced Offering Documents for their true and complete contents and Defendants deny any allegations inconsistent therewith.

167. Defendants deny the allegations in this paragraph.

168. The allegations in this Paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, denied except to refer the Court to the Offering Documents for their true and complete contents.

169. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

### 2. The Offering Documents Contained Misstatements and Omissions About the Strength of Olaplex's Brand Reputation and Social Media Community Engagement

170. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, denied except to refer the Court to Olaplex's referenced Offering Documents for their true and complete contents.

171. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, denied except to refer the Court to Olaplex's referenced Offering Documents for their true and complete contents.

172. The allegations in this paragraph relate to statements regarding the strength of Olaplex's brand reputation and social media engagement that the Court has dismissed and thus require no response. To the extent one is deemed required, Defendants deny those allegations.

173. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, denied except to refer the Court to Olaplex's referenced Offering Documents for their true and complete contents.

174. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

175. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, denied except to refer the Court to Olaplex's referenced Offering Documents for their true and complete contents.

176. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

### 3. The Offering Documents Contained Misstatements and Omissions About Competition and Related Risks

177. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, denied except to refer the Court to Olaplex's referenced Offering Documents for their true and complete contents.

178. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, denied except to refer the Court to Olaplex's referenced Offering Documents for their true and complete contents.

179. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

180. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, denied except to refer the Court to Olaplex's referenced Offering Documents for their true and complete contents.

181.   The allegations in this paragraph relate to claims that the Court has dismissed and require no response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

182.   . The allegations in this Paragraph relate to claims that the Court has dismissed and require no response.  To the extent a response is required, denied except to refer the Court to Olaplex's referenced Offering Documents for their true and complete contents.

183.   The allegations in this paragraph relate to claims that the Court has dismissed and require no response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

184.   The allegations in this paragraph relate to claims that the Court has dismissed and require no response.  To the extent a response is required, denied except to refer the Court to Olaplex's referenced Offering Documents for their true and complete contents.

185.   Defendants deny the allegations in this paragraph.

**4.    The Offering Documents Contained Misstatements and Omissions About the "Clean" Nature of Olaplex's Products**

186.   The allegations in this paragraph relate to claims that the Court has dismissed and require no response.  To the extent a response is required, denied except to refer the Court to Olaplex's referenced Offering Documents for their true and complete contents.

187.   The allegations in this paragraph relate to claims that the Court has dismissed and require no response.  To the extent a response is required, denied except to refer the Court to Olaplex's referenced Offering Documents for their true and complete contents.

188.   The allegations in this paragraph relate to statements touting the "clean" nature of Olaplex's product that the Court dismissed and thus require no response.  To the extent a response is deemed required, Defendants deny those allegations.

189.   The allegations in this paragraph relate to claims that the Court has dismissed and require no response.  To the extent a response is required, denied except to refer the Court to Olaplex's referenced Offering Documents for their true and complete contents.

190.   The allegations in this paragraph relate to claims that the Court has dismissed and require no response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

191.   The allegations in this paragraph relate to claims that the Court has dismissed and require no response.  To the extent a response is required, denied except to refer the Court to Olaplex's referenced Offering Documents for their true and complete contents.

192.   The allegations in this paragraph relate to claims that the Court has dismissed and require no response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

**H.   Post-IPO Events Demonstrate That the Offering Documents Were Materially False and Misleading at the Time of the Offering**

193.   The allegations in this paragraph purport to characterize the nature of the action and require no response.  To the extent a response is required, Defendants deny this paragraph's allegations.

**1.   November 10, 2021 – Olaplex Reports First Post-IPO 3Q 2021 Quarterly Results**

194.   Defendants respectfully refer the Court to the November 10, 2021 press release for its true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny any remaining allegations in this paragraph.

195. Defendants respectfully refer the Court to the publicly available November 10, 2021 Olaplex Q3 2021 earnings call transcript for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

196. Defendants respectfully refer the Court to the publicly available November 10, 2021 Olaplex Q3 2021 earnings call transcript for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

### 2.    In Early 2022, Olaplex's Social Media Community and the Market Focuses on the Lilial Issue

197. Defendants respectfully refer the Court to Hasini Kay's February 27, 2022 video on TikTok for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

198. Defendants respectfully refer the Court to the second video Ms. Kay posted on TikTok on February 27, 2022 for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

199. Defendants respectfully refer the Court to the Kay video on TikTok for the true and complete contents of any comments, and Defendants deny any allegations inconsistent therewith. Defendants lack knowledge or information sufficient regarding the unspecified articles in traditional news media that this paragraph alleges, and deny any remaining allegations in this paragraph.

200. Defendants admit Olaplex posted a video on TikTok to respond to the misinformation contained in Ms. Kay's TikTok videos.

201. Defendants admit Olaplex issued a video across its social media on February 28, 2022 and refer the Court to the video for its true and complete contents. Defendants deny any remaining allegations in this paragraph.

202. Defendants respectfully refer the Court to the March 1, 2022 *The Independent* article by Refinery 29, titled, "The Truth About Olaplex & Infertility," for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

203. Defendants respectfully refer the Court to the March 2, 2022 *New York Post* article for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

204. Defendants respectfully refer the Court to the March 1, 2022 article by Refinery 29, titled, "The Truth About Olaplex & Infertility," for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

205. Defendants respectfully refer the Court to class action complaint filed in the Superior Court of Quebec on March 3, 2022 for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

206. Defendants respectfully refer the Court to the March 4, 2022 article from *Insider,* titled, "Olaplex Removes Lilial After the Fragrance Was Linked to Infertility," and the April 13, 2022 *MTL Blog* article for their true and complete contents, and Defendants deny any allegations inconsistent therewith.

207. Defendants respectfully refer the Court to publicly available information about the Company's stock price for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

208. Defendants lack knowledge or information sufficient to form a belief as to the thoughts, reactions, and sentiments of analysts. Defendants respectfully refer the Court to the March 7, 2022 Piper Sandler report for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

209. Defendants lack knowledge or information sufficient to form a belief as to the thoughts, reactions, and sentiments of analysts. Defendants respectfully refer the Court to the March 7, 2022 J.P. Morgan analyst report for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

### 3. March 8, 2022 – Olaplex Reports 4Q and FY 2021 Quarterly Results

210. Defendants respectfully refer the Court to the March 8, 2022 press release reporting the results for 4Q 2021 and FY 2021 for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

211. Defendants respectfully refer the Court to the publicly available March 8, 2022 Q4 2021 earnings call transcript for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

212. Defendants respectfully refer the Court to the publicly available March 8, 2022 Fall Q4 2021 earnings call transcript for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

213. Defendants lack knowledge or information sufficient to form a belief as to the thoughts, reactions, and sentiments of analysts and Defendants deny any remaining allegations in this paragraph on that basis.

214. Defendants lack knowledge or information sufficient to form a belief as to the thoughts, reactions, and sentiments of analysts. Defendants respectfully refer the Court to the March 8, 2022 Jefferies analyst report for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

215. Defendants lack knowledge or information sufficient to form a belief as to the thoughts, reactions, and sentiments of analysts. Defendants respectfully refer the

Court to the March 8, 2022 Jefferies report for its true and complete contents, and Defendants deny any allegations inconsistent therewith.   Defendants deny any remaining allegations in this paragraph.

216.   Defendants lack knowledge or information sufficient to form a belief as to the thoughts, reactions, and sentiments of analysts.  Defendants respectfully refer the Court to the March 9, 2022 J.P. Morgan report for its true and complete contents, and Defendants deny any allegations inconsistent therewith.   Defendants deny any remaining allegations in this paragraph.

217.   Defendants respectfully refer the Court to the March 8, 2022 Piper Sandler, March 9, 2022 Telsey, and March 9, 2022 Raymond James analyst reports for their true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny any remaining allegations in this paragraph.

**4.   May 11, 2022 – Olaplex Reports 1Q 2022 Quarterly Results**

218.   Defendants admit Olaplex issued its financial results for the first quarter of 2022 which ended on March 31, 2022. Defendants lack knowledge or information sufficient to form a belief as to the thoughts, reactions, and sentiments of investors and analysts.  Defendants respectfully refer the Court to the May 5, 2022 Evercore analyst report for its true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny any remaining allegations in this paragraph.

219.   Defendants admit it reported its financial results for 1Q 2022 on May 11, 2022 as part of the Company's Form 10-Q. Defendants respectfully refer the Court to the publicly available May 11, 2022 Form 10-Q for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the thoughts, reactions, and sentiments of investors. Defendants deny any remaining allegations in this paragraph.

220.   Defendants respectfully refer the Court to Olaplex's publicly available May 11, 2022 Form 10-Q for 1Q 2022 for its true and complete contents, and

Defendants deny any allegations inconsistent therewith.  Defendants deny any remaining allegations in this paragraph.

221.  Defendants respectfully refer the Court to publicly available information about the Company's stock price for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

222.  Defendants lack knowledge or information sufficient to form a belief as to the thoughts, reactions, and sentiments of investors.  Defendants respectfully refer the Court to the May 11, 2022 BofA analyst report for its true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny any remaining allegations in this paragraph.

223.  The allegations in this paragraph relate to claims that the Court has dismissed and require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous Confidential Witnesses ("CW") 1 and 2.  Defendants deny the allegations the Complaint purports to attribute to CW-1 and 2 in this paragraph.

224.  The allegations in this paragraph relate to claims that the Court has dismissed and require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the Complaint's descriptions of the anonymous Confidential Witnesses ("CW") 1 and 2.  Defendants deny the allegations the Complaint purports to attribute to CW-1 and 2 in this paragraph.  Defendants deny any remaining allegations in this paragraph.

**5.  Negative Publicity Surrounding Olaplex and Lilial Continues Later in 2022**

225.  Defendants respectfully refer the Court to the June 22, 2022 *Vogue Business* report for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

226. Defendants respectfully refer the Court to the *Vogue Business* article report and the referenced earnings call transcript for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

227. Defendants respectfully refer the Court to the *Vogue Business* report for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

228. Defendants respectfully refer the Court to the *Vogue Business* report and referenced Jefferies analyst research report for their true and complete contents, and Defendants deny any allegations inconsistent therewith.

229. Defendants respectfully refer the Court to the July 4, 2022 *Woman and Home* article for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

**6. August 9, 2022 – Olaplex Reports 2Q 2022 Quarterly Results**

230. Defendants respectfully refer the Court to the publicly available August 9, 2022 Form 10-Q which reported Olaplex's financial results for the second quarter of 2022 and same day earnings call transcript for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

231. Defendants respectfully refer the Court to the publicly available August 9, 2022 Olaplex earnings call transcript for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

232. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, denied except to refer the Court to Olaplex's referenced Offering Documents for their true and complete contents.

233. Defendants respectfully refer the Court to publicly available information about the Company's stock price for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

234. Defendants respectfully refer the Court to the August 10, 2022 Barclays report for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

235. Defendants respectfully refer the Court to the BofA report for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

**7. In Fall 2022, Olaplex's Brand Reputation Continues to Erode and Negative Press Escalates as Concerns Grow That Lilial and Other Ingredients in Its Products May Cause Hair Loss**

236. Defendants lack knowledge or information sufficient to form a belief as to the thoughts, reactions, and sentiments of analysts or the media. Defendants deny any remaining allegations in this paragraph.

237. Defendants respectfully refer the Court to the July 12, 2022 Facebook group, "Olaplex Hair Loss/Hair Damage?" and reviews on Sephora's website for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

238. Defendants respectfully refer the Court to the September 8, 2022 *New York Times* article, "What's Going on With the Magical Mystery Shampoo?," for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

239. Defendants respectfully refer the Court to the September 8, 2022 *New York Times* article, "What's Going on With the Magical Mystery Shampoo?," for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

240. Defendants respectfully refer the Court to the September 29, 2022, Piper Sandler analyst report for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

241. Defendants lack knowledge or information sufficient to form a belief as to the thoughts, reactions, and sentiments of analysts. Defendants respectfully refer the Court to the September 29, 2022 Piper Sandler report for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

242. Defendants respectfully refer the Court to publicly available information about the Company's stock price for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

### 8. October 18, 2022 – Olaplex Provides Disappointing "Business Update" and Preliminary 3Q 2022 Quarterly Results

243. Defendants respectfully refer the Court to the October 18, 2022 press release for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

244. Defendants respectfully refer the Court to Olaplex's Form 8-K from October 18, 2022 for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

245. Defendants respectfully refer the Court to the publicly available October 18, 2022 Olaplex earnings call transcript for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

246. Defendants respectfully refer the Court to the publicly available October 18, 2022 Olaplex earnings call transcript for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

247. The allegations in this Paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, denied except to refer the Court to the quoted statements for their true and complete contents.

248. Defendants respectfully refer the Court to the publicly available October 19, 2022 analyst report for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

249. Defendants respectfully refer the Court to the October 19, 2022 Morgan Stanley analyst report for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

250. Defendants respectfully refer the Court to publicly available information about the Company's stock price for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

### 9. November 9, 2022 – Olaplex Reports 3Q 2022 Financial Results and Affirms Disappointing Sales Slowdown

251. Defendants respectfully refer the Court to the publicly available November 9, 2022 Form 10-Q which reported Olaplex's financial results for the full Q3 2022 for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

252. Defendants respectfully refer the Court to the publicly available October 18, 2022 Olaplex earnings call transcript for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

253. Defendants respectfully refer the Court to the publicly available October 18, 2022 Olaplex earnings call transcript for its true and complete contents, and

Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

254. Defendants respectfully refer the Court to the publicly available October 18, 2022 Olaplex earnings call transcript for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

255. Defendants respectfully refer the Court to the publicly available October 18, 2022 Olaplex earnings call transcript for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

256. Defendants respectfully refer the Court to the publicly available October 18, 2022 Olaplex earnings call transcript for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

257. Defendants lack knowledge or information sufficient to form a belief as to the thoughts, reactions, and sentiments of analysts and respectfully refer the Court to the November 10, 2022 J.P. Morgan analyst report for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny any remaining allegations in this paragraph.

258. Defendants respectfully refer the Court to publicly available information about the Company's stock price for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

**10.   The Damage From the Lilial Issue to Olaplex's Brand Reputation and Related Legal and Financial Consequences Continue Into 2023**

259.   Denied, except that Defendants admit that on February 9, 2023, a group of individuals filed a complaint against the Company also before this Court, which Defendants refer the Court to for its actual contents.

260.   Defendants respectfully refer the Court to the February 10, 2023 *BestLife* article, "Popular Hair Care Brand Olaplex Under Fire for Allegedly Causing Hair Loss" for its true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this paragraph.

261.   Defendants respectfully refer the Court to the February 15, 2023 *CBS News's MoneyWatch* article for its true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this paragraph.

262.   Defendants respectfully refer the Court to the February 16, 2023 *BBC* article, "Olaplex products cause hair loss, lawsuit says," and NPR article, "Nearly 30 women are suing Olaplex, alleging products caused hair loss," for their true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this paragraph.

263.   Defendants respectfully refer the Court to Olaplex's Form 10-K from February 28, 2023, which reported the Company's financial results for 4Q 2022 and FY 2022, for its true and complete contents, and Defendants deny any allegations inconsistent therewith.  Defendants deny the remaining allegations in this paragraph.

264.   Defendants respectfully refer the Court to the publicly available February 28, 2023 Olaplex earnings call transcript for its true and complete contents, and Defendants deny any allegations inconsistent therewith.   Defendants deny the remaining allegations in this paragraph.

265.   Defendants respectfully refer the Court to the publicly available February 28, 2023 Olaplex earnings call transcript for its true and complete contents, and Defendants deny any allegations inconsistent therewith.   Defendants deny the remaining allegations in this paragraph.

266.   Defendants respectfully refer the Court to the publicly available February 28, 2023 Olaplex earnings call transcript for its true and complete contents, and Defendants deny any inconsistent allegations therewith.   Defendants deny the remaining allegations in this paragraph.

267.   Defendants respectfully refer the Court to the publicly available February 28, 2023 Olaplex earnings call transcript for its true and complete contents, and Defendants deny any inconsistent allegations therewith.   Defendants deny the remaining allegations in this paragraph.

268.   Defendants respectfully refer the Court to the publicly available February 28, 2023 Olaplex earnings call transcript for its true and complete contents, and Defendants deny any inconsistent allegations therewith.   Defendants deny the remaining allegations in this paragraph.

269.   Defendants respectfully refer the Court to the publicly available February 28, 2023 Olaplex earnings call transcript for its true and complete contents, and Defendants deny any inconsistent allegations therewith.   Defendants deny any remaining allegations in this paragraph.

270.   Defendants respectfully refer the Court to publicly available information about the Company's stock price for its true and complete contents, and Defendants deny any allegations inconsistent therewith.

271.   Defendants deny the allegations in this paragraph.

272.   Defendants respectfully refer the Court to the Google search "Olaplex Lilial" for its true and complete contents, Defendants deny any inconsistent allegations therewith, and deny Plaintiff's characterization of the search results.

273. Defendants deny the allegations in this paragraph.

274. Defendants deny the allegations in this paragraph.

275. Defendants respectfully refer the Court to the referenced videos on TikTok for their true and complete contents, and Defendants deny any inconsistent allegations therewith. Defendants deny the remaining allegations in this paragraph.

276. Defendants respectfully refer the Court to the publicly available referenced hashtag on TikTok for its true and complete contents, and Defendants deny any inconsistent allegations therewith. Defendants deny the remaining allegations in this paragraph.

277. Defendants respectfully refer the Court to the publicly available referenced search on TikTok for its true and complete contents, and Defendants deny any inconsistent allegations therewith. Defendants deny the remaining allegations in this paragraph.

278. The allegations in this paragraph relate to claims that the Court has dismissed and require no response. To the extent a response is required, Defendants deny the allegations in this paragraph, and Defendants deny any remaining allegations in this paragraph.

279. Defendants respectfully refer the Court to the March 15, 2023 *Seeking Alpha* article, "Olaplex: Ongoing Struggle Is No Surprise," for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this paragraph.

280. Defendants respectfully refer the Court to the April 16, 2023 *Seeking Alpha* article, "Olaplex: Ongoing Struggle Is No Surprise," for its true and complete contents, and Defendants deny any allegations inconsistent therewith. Defendants deny the remaining allegations in this paragraph.

281. Defendants deny the allegations in this paragraph. Defendants respectfully refer the Court to publicly available information about the Company's stock price for

its true and complete contents, and Defendants deny any allegations inconsistent therewith.

## V.    CLASS ALLEGATIONS

282.    This paragraph purports to characterize the nature of this action and requires no response.  To the extent a response is deemed required, Defendants deny this paragraph's allegations.

283.    This paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

284.    This paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

285.    This paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

286.    This paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

287.    This paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## VI.    CAUSES OF ACTION

### COUNT I

### FOR VIOLATION OF SECTION 11 OF THE SECURITIES ACT

**Against Defendant Olaplex, the Individual Defendants, and the Underwriter Defendants**

288. Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced paragraphs as if fully set forth herein.

289. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

290. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

291. Defendants deny the allegations in this paragraph.

292. Defendants deny the allegations in this paragraph, except to admit that Olaplex was the registrant and issuer of the common stock sold pursuant to the Registration Statement.

293. Defendants deny the allegations in this paragraph.

294. Defendants deny the allegations in this paragraph.

295. The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

296. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

297. Defendants deny the allegations in this paragraph.

298. Defendants deny the allegations in this paragraph.

299. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

300. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

**COUNT II**

**FOR VIOLATION OF SECTION 12(a)(2) OF THE SECURITIES ACT**

**Against All Defendants**

301. Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced paragraphs as if fully set forth herein.

302. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

303. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

304. Defendants deny the allegations in this paragraph.

305. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

306. Defendants deny the allegations in this paragraph.

307. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

308. Defendants deny the allegations in this paragraph.

## COUNT III

## FOR VIOLATION OF SECTION 15 OF THE SECURITIES ACT

### Against the Selling Stockholder Defendants and the Individual Defendants

309.   Defendants repeat, incorporate, and reallege their answers to the allegations in the preceding referenced paragraphs as if fully set forth herein.

310.   This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

311.   This paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

312.   This paragraph calls for a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

313.   This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

314.   The allegations in this paragraph are related to claims against Dismissed Defendants under Sections 11 and 12(a)(2) that the Court has dismissed and therefore no response is required. To the extent a response is deemed required, Defendants deny those allegations.

315.   This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

316.   Defendants deny the allegations in this paragraph.

317.   Defendants deny the allegations in this paragraph.

## VII.   PRAYER FOR RELIEF

318.   Defendants state that this paragraph sets forth Lead Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.  Defendants specifically deny that Plaintiff is entitled to any relief whatsoever.  Defendants respectfully request that judgment be entered in their favor against Plaintiff, and that Defendants be awarded their costs, including reasonable attorneys' fees, and all other relief that the Court deems just and proper.

## VIII.   JURY TRIAL DEMANDED

319.   Defendants admit that Lead Plaintiff demands a trial by jury.

\*     \*     \*

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses to Plaintiff's claims and allegations in the Complaint.  Each affirmative defense is to be considered in the alternative.  Defendants undertake the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated by Defendants.  Defendants do not assume the burden of proof on any defenses whose proof burden would otherwise rest on Plaintiff.  Defendants reserve the right to add additional affirmative defenses as they may become available.

### FIRST DEFENSE

### (Failure to State a Cause of Action)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

### (Negative Causation)

Plaintiff's claims are barred, in whole or in part, because any loss in the value of any Olaplex stock owned by Plaintiff was not caused by any alleged misstatement or omission by Defendants.

OLAPLEX DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S REVISED CONSOLIDATED CLASS ACTION COMPLAINT

49

## THIRD DEFENSE

### (Transaction Causation)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff would have made the purchases alleged in the Complaint even with full knowledge of the purported untruths in, and facts allegedly omitted from, the Offering Documents.

## FOURTH DEFENSE

### (Market Factors)

Plaintiff's claims are barred, in whole or in part, because any increase or decrease in the value of Olaplex's securities was and is, wholly or partially, the result of market conditions or other factors and not the result of any alleged wrongful conduct by the Defendants.

## FIFTH DEFENSE

### (Truth on the Market)

Plaintiff's claims are barred, in whole or in part, because Plaintiff knew of any alleged untruth or omission at the time it acquired Olaplex stock, or had constructive knowledge of the same, because the allegedly omitted information was disclosed in Olaplex's Registration Statement and/or was publicly available and/or was widely known to the market and to the investing community.

## SIXTH DEFENSE

### (No Actionable Misstatement or Omission)

Plaintiff's claims are barred, in whole or in part, because the Offering Documents did not contain any misleading statements or omissions, nor did they fail to disclose any information that was required to be stated therein.

## SEVENTH DEFENSE

### (No Material Misstatement or Omission)

Plaintiff's claims are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor in view of the total mix of available information.

## EIGHTH DEFENSE

### (Equitable Doctrines)

Plaintiff's claims are barred, in whole or in part, by equitable estoppel, waiver, unclean hands, consent, ratification, and/or other equitable doctrines.

## NINTH DEFENSE

### (Putative Class Cannot Be Certified)

The claims asserted against the Defendants are barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TENTH DEFENSE

### (Lack of Standing)

Plaintiff and others alleged to be members of the putative class lack standing to maintain some or all of their claims.

## ELEVENTH DEFENSE

### (Compliance with Law)

Plaintiff's claims are barred, in whole or in part, because the Offering Documents complied with the applicable (i) statutes; (ii) rules and regulations of the SEC; and (iii) any other statutes, rules, or regulations in effect at the time of the conduct alleged in the Complaint.

## TWELFTH DEFENSE

### (Reasonable Diligence)

Pursuant to 15 U.S.C. § 77k(b)(3), Plaintiff's claims against the Defendants are barred because each of the Individual Defendants at all times acted with reasonable care and due diligence with respect to the matters alleged in the Complaint to have been misrepresented in or misleadingly omitted from the Offering Documents. After reasonable investigation, the Individual Defendants had reasonable grounds to believe and did believe that the statements contained in the Offering Documents were true as of the date they were made and that there was no omission to state a material fact required to be stated therein or necessary to make statements therein not misleading.

## THIRTEENTH DEFENSE

### (Good Faith)

Pursuant to 15 U.S.C. § 77s(a), Plaintiff's claims against Defendants are barred because each of the Individual Defendants acted in good faith and in conformity with all applicable federal statutes, including without limitation the Securities Act of 1933, as amended, and all applicable rules and regulations promulgated thereunder and, therefore, there is no liability for any act or omission alleged.

## FOURTEENTH DEFENSE

### (No Primary Liability)

Plaintiff's cause of action under Section 15 of the Securities Act is barred, in whole or in part, because Plaintiff and the putative class cannot establish the primary liability necessary to assert a claim for control person liability against any of the Individual Defendants.

## FIFTEENTH DEFENSE

### (Lack of Culpable Participation)

Plaintiff's claims are barred, in whole or in part, because each of the Individual Defendants "had no knowledge of or reasonable ground to believe in the existence of

OLAPLEX DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S REVISED CONSOLIDATED CLASS ACTION COMPLAINT

52

the facts by reason of which the liability of the controlled person is alleged to exist" and, to the extent that lack of culpable participation is an element of any defense, did not culpably participate in any violation of the Securities Act. 15 U.S.C. § 77o(a).

## SIXTEENTH DEFENSE

### (Shares Not Traceable to IPO)

The claims of Plaintiff and the putative class are barred, in whole or in part, to the extent that they did not purchase shares in the IPO, did not purchase shares traceable to the IPO, or purchased shares not subject to a prospectus covered by the Securities Act.

## SEVENTEENTH DEFENSE

### (Purchase Price in Excess of Offering Price)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff and the purported class members held, have disposed of, or could have disposed of their securities at a price in excess of the offering price.

## EIGHTEENTH DEFENSE

### (No Damages)

Plaintiff was not damaged by any of the Defendants' conduct.

## NINETEENTH DEFENSE

### (Damages Sought Not Authorized by Statute)

Without admitting that Plaintiff suffered damages in any amount, or that the Defendants are or should be liable for any such damages, the Defendants assert that their liability for damages may not exceed the statutory limitation to damages set forth in 15 U.S.C. § 77k(e).

## TWENTIETH DEFENSE

### (Damages Are Speculative)

This action is barred, in whole or in part, because the alleged damages, if any, are speculative and impossible to ascertain, and therefore not recoverable.

## TWENTY-FIRST DEFENSE

### (Failure to Mitigate)

Without admitting that Plaintiff suffered damages in any amount, or that any of the Defendants are or should be liable for any such damages, to the extent that Plaintiff failed to mitigate, minimize, or avoid any loss or damage referred to in its Complaint, any recovery against the Defendants must be reduced by that amount or eliminated.

## TWENTY-SECOND DEFENSE

### (Superseding or Intervening Events)

Plaintiff's alleged injuries, if any, were caused by the actions or inactions of parties other than the Defendants, actions or inactions by parties outside the control of the Defendants, or economic events that were, likewise, outside the control of the Defendants. These actions, inactions, and events were intervening or superseding causes of Plaintiff's alleged damages.

## TWENTY-THIRD DEFENSE

### (Comparative Fault and/or Contributory Negligence)

Plaintiff's claims are barred, in whole or in part, by the actions, omissions, and/or comparative fault and contributory negligence of Plaintiff or other third parties, including the failure to undertake its own diligence.

## TWENTY-FOURTH DEFENSE

### (Unjust Enrichment)

Plaintiff's claims are barred, in whole or in part, because Plaintiff and members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

**TWENTY-FIFTH DEFENSE**

**(Assumption of Risk)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff and members of the putative class knew the risks inherent in investing in securities and thus assumed the risk of a decline in the value of their investments.

**TWENTY-SIXTH DEFENSE**

**(Purchased on Secondary Market)**

Neither Sections 11 nor 15 of the Securities Act, with respect to liability for a "controlled" (as "control" is defined in the federal securities laws and regulations) person's violations of Sections 11, afford a remedy to purchasers who buy securities in the secondary market. To the extent that any securities that are the subject of this action were not purchased in the initial offering of those securities, Plaintiff fails to state a claim with respect to such securities under Sections 11 or 15 of the Securities Act with respect to liability for a controlled person's violation of Section 11.

**TWENTY-SEVENTH DEFENSE**

**(Purchased through Private Offering)**

Section 12(a)(2) of the Securities Act, with respect to liability for statutory sellers, does not afford a remedy to purchasers who buy securities through private offerings. *Gustafson v. Alloyd Co.,* 513 U.S. 561, 578 (1995). To the extent that any securities that are the subject of this action were purchased through private offerings, Plaintiff fails to state a claim with respect to such securities under Section 12(a)(2) of the Securities Act with respect to liability for a statutory seller's violation of Section 12(a)(2).

**TWENTY-EIGHTH DEFENSE**

**(No Knowledge of Falsity or Omission)**

Even assuming that Defendants did "offer[] or sell[] a security . . . , by means of a prospectus . . . , which include[d] an untrue statement of a material fact or omit[ted]

to stated a material fact necessary in order to make the statements in light of the circumstances under which they were made, not misleading" (Section 12(a)(2) of the Securities Act), the Defendants did not know, and in the exercise of reasonable care could not have known, of such untruth or omission.

## TWENTY-NINTH DEFENSE

### (Bespeaks Caution)

Plaintiff's claims are barred, in whole or in part, because any alleged misstatements or omissions in the Offering Documents were forward-looking statements and/or are non-actionable because the Offering Documents contained sufficient cautionary language and risk disclosures.

## THIRTIETH DEFENSE

### (Opinion)

Plaintiff's claims are barred, in whole or in part, to the extent the alleged misstatements concerned genuinely held opinions.

## THIRTY-FIRST DEFENSE

### (General Statements of Puffery and Optimism)

Plaintiff's claims against the Defendants are barred, in whole or in part, because the alleged misstatements were mere puffery or were vague statements of optimism.

## THIRTY-SECOND DEFENSE

### (Knowledge)

Plaintiff's claims of alleged misrepresentations and omissions, which are denied, are barred to the extent that any allegedly misstated facts or omissions were known to Plaintiff.

## THIRTY-THIRD DEFENSE

### (No Reliance)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff fails to prove that those who "acquired the security after the issuer has made generally

available to its security holders an earning statement covering a period of at least twelve months beginning after the effective date of the registration statement, . . . acquired the security relying upon such untrue statement in the registration statement or relying upon the registration statement and not knowing of such omission." 15 U.S.C. § 77k(a)(5).

### THIRTY-FOURTH DEFENSE

#### (Reliance on Statements Outside Offering Documents)

Plaintiff's claims are barred to the extent they rely on documents and statements not incorporated into the Offering Documents, or on statements that were modified or superseded by those documents.

### THIRTY-FIFTH DEFENSE

#### (Reliance on Experts)

The Individual Defendants were entitled to, and did, rely upon the opinions of professionals and experts in affixing their signatures to, and authorizing the filing of the Offering Documents in connection with the IPO.  The Individual Defendants believed that these experts were, in fact, experts in their field and were competent to render the opinions they had provided.  Without admitting that any opinions provided by these experts were in any way inadequate, unfounded, or incorrect, the Individual Defendants had no notice that the opinions provided by these experts were in any way inadequate, unfounded, or incorrect.  The Individual Defendants had no reasonable grounds to believe, and did not believe, that any statements contained in such filings were untrue or that there was an omission to state a fact required to be stated therein or necessary to make the statements therein not materially misleading.  As a result of that reasonable reliance, the Individual Defendants did not know, and in the exercise of reasonable diligence could not have known, that the Offering Documents filed in connection with the IPO contained material misrepresentations and omissions.

**THIRTY-SIXTH DEFENSE**

**(Signatories Not Liable)**

The signatures of Individual Defendants on the Registration Statement do not qualify them as issuers of stock to be held strictly liable for claims under Section 11 of the Securities Act.

**THIRTY-SEVENTH DEFENSE**

**(Proportionate Liability)**

Pursuant to 15 U.S.C. § 77k(f)(2), each Individual Defendant who qualifies as an "outside director" shall be liable solely for the portion of the judgment that corresponds to the percentage of responsibility of that covered person, as determined under paragraph (3) of 15 U.S.C. § 78u-4(f).

**THIRTY-EIGHTH DEFENSE**

**(Contribution)**

Defendants may be entitled to a right of contribution from other individuals or entities whose acts or omissions may have contributed to the occurrence of the alleged injury, damage and/or loss, if any, should Plaintiff receive judgment.

\* \* \*

Defendants reserve the right to amend their answer as discovery progresses to plead additional defenses, and to assert additional cross-claims, counterclaims or third-party claims.

Dated: February 28, 2025

Anne Johnson Palmer
ROPES & GRAY LLP


By: */s/ Anne Johnson Palmer*

Anne Johnson Palmer (CSB # 302235)
*anne.johnsonpalmer@ropesgray.com*
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, California 94111-4006
Tel.: (415) 315-6300
Fax: (415) 315-6350

Peter Welsh (admitted *pro hac vice*)
*peter.welsh@ropesgray.com*
Daniel Yanofsky (admitted *pro hac vice*)
*daniel.yanofsky@ropesgray.com*
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel.: (617) 951-7000
Fax: (617) 951-7050

Phillip G. Kraft (*pro hac vice* application forthcoming)
*phillip.kraft@ropesgray.com*
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Tel.: (212) 596-9000
Fax: (212) 596-9090

*Attorneys for Olaplex Holdings, Inc., JuE Wong, Eric Tiziani, Tiffany Walden, Christine Dagousset, Tricia Glynn, Deirdr Findlay, Janet Gurwitch, Martha Morfitt, David Mussafer, Emily White, Michael White, and Paula Zusi*

OLAPLEX DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S REVISED
CONSOLIDATED CLASS ACTION COMPLAINT

59