**LABATON KELLER SUCHAROW LLP**
Lauren A. Ormsbee (*pro hac vice*)
Lisa M. Strejlau (*pro hac vice)*
Charles J. Stiene (*pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
lormsbee@labaton.com
lstrejlau@labaton.com
cstiene@labaton.com

*Lead Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement System*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay (SBN 270796)
Charles H. Linehan (SBN 307439)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 432-1495
rprongay@glancylaw.com
clinehan@glancylaw.com

*Liaison Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement System*

**ROPES & GRAY LLP**
Anne Johnson Palmer (SBN 302235)
Three Embarcadero Center
San Francisco, California 94111-4006
Tel.: (415) 315-6300
Fax: (415) 315-6350
anne.johnsonpalmer@ropesgray.com

Peter Welsh (*pro hac vice*)
Daniel A. Yanofsky (*pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Tel.: (617) 951-7000
Fax: (617) 951-7050
peter.welsh@ropesgray.com
daniel.yanofsky@ropesgray.com

Phillip G. Kraft (*pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036-8704
Tel.: (212) 596-9000
Fax: (212) 596-9090
phillip.kraft@ropesgray.com

*Attorneys for the Olaplex Defendants*
*(listed on signature page)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

1

STIPULATED [PROPOSED] PROTECTIVE ORDER
CIVIL ACTION NO. 2:22-CV-08395-SVW-SK

LESLIE LILIEN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

OLAPLEX HOLDINGS, INC., et al.,
Defendants.

Case No. 2:22-CV-08395-SVW-SK

**CLASS ACTION**

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

Honorable Stephen V. Wilson
Magistrate Judge Steve Kim

1.      1.1    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, Lead Plaintiff Arkansas Teacher Retirement System ("ATRS" or "Lead Plaintiff") and Defendants Olaplex Holdings, Inc. ("Olaplex"), JuE Wong, Eric Tiziani, Tiffany Walden, Christine Dagousset, Tricia Glynn, Deirdre Findlay, Janet Gurwitch, Martha Morfitt, David Mussafer, Emily White, Michael White, and Paula Zusi (the "Individual Defendants," together with Olaplex, the "Defendants" and, collectively with Lead Plaintiff, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3 (Filing Protected Material), below, that this Stipulated Protective Order does not entitle

2

them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2   GOOD CAUSE STATEMENT

The Parties believe that production in this action is likely to involve valuable research, development, commercial, financial, technical and/or proprietary information, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business information (including without limitation materials concerning product formulation or reformulation; un-marketed products or products under development; and customer acquisition, retention or social media marketing strategies), business or personal financial information, information regarding confidential business practices, or other confidential strategic, technical, research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good

faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1    Action:  *Leslie Lilien v. Olaplex Holdings, Inc. et al*, No. 2:22-CV-08395-SVW-SK.

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and specified above in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  the Party or Non-Party that designates information or items it produces or generates in disclosures or responses to discovery in this Action as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    HIGHLY CONFIDENTIAL information or items:  information marked HIGHLY CONFIDENTIAL (regardless of how it is generated, stored, or maintained) or tangible things that (1) constitute (a) technical product formulation

STIPULATED [PROPOSED] PROTECTIVE ORDER
CIVIL ACTION NO. 2:22-CV-08395-SVW-SK

specifications or (b) proprietary customer acquisition or social media marketing strategies or (2) concern un-marketed products or products under development. With respect to (1), and for the avoidance of doubt, material is not HIGHLY CONFIDENTIAL if it merely constitutes communications concerning product reformulation or social media marketing (without more).

2.9    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

5

STIPULATED [PROPOSED] PROTECTIVE ORDER
CIVIL ACTION NO. 2:22-CV-08395-SVW-SK

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.      DURATION

Even after final disposition of this litigation, as defined in Section 13 (FINAL DISPOSITION), the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents), but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page.  In the case of electronic documents produced in native format, the Producing Party must produce a corresponding one-page tagged image file format or TIFF image affixing the word "CONFIDENTIAL" and/or include the word "CONFIDENTIAL" in the native file name.  The Designating Party must designate such material as CONFIDENTIAL on an individual document basis and may designate a document as CONFIDENTIAL if any portion of the document qualifies as such information under this Order.

The Producing Party may also designate documents and information that it deems in good faith to be "HIGHLY CONFIDENTIAL" as such.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."   After the inspecting Party has identified the

documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL," as appropriate, to maintain protection for those documents under this Order, to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party either (1) identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony or (2) within thirty (30) days after receipt of the final deposition transcript and in writing to the other Parties and to the court reporter, designate whether the entire transcript or a portion or portions of it is to be designated as "CONFIDENTIAL," as appropriate. During the thirty-day period provided for in the preceding sentence, the deposition transcript must be treated as "CONFIDENTIAL." Only those portions of the testimony that are properly designated for protection within thirty (30) days shall be covered by the provisions of this Order. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material.

While Protected Material is being used at a deposition, no person to whom the Protected Material may not be disclosed under this Order shall be present except the court reporter unless that person has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). While Protected Material is being used at a hearing or other proceeding, either Party may request that the courtroom be closed.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the

8

exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," as appropriate.

5.3    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material if timely corrected upon knowledge of the inadvertent failure to designate.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party Shall initiate the dispute resolution process under Civil Local Rule 37-1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties  shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material shall not be used by any Party, or their Counsel, in any other

9

litigation.    Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.    When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

7.2    Control of Documents. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material, including storing and maintaining Protected Material at a location and in a reasonably secure manner so that access is limited to the persons authorized under this Order.    Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after final disposition of these proceedings.

7.3    Disclosure of Protected Material.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the counsel representing the insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal team;

(e) the Court and its personnel;

(f) court reporter(s) and their staff;

(g) professional jury or trial consultants, mock jurors, and Professional

10

Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) witnesses and attorneys for such witnesses in the Action to whom disclosure is reasonably necessary and solely during their depositions – provided that: (1) the deposing party requests and that the witness signs the form attached as "Acknowledgment and Agreement to Be Bound" (Exhibit A) hereto; and (2) they will not be permitted to keep any confidential information unless agreed by the Designating Party or ordered by the Court.   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions. Material designated HIGHLY CONFIDENTIAL shall be treated as CONFIDENTIAL, except that material marked HIGHLY CONFIDENTIAL may only be disclosed to Receiving Party's Counsel, as well as Experts (as defined herein) who have signed Exhibit A herein, unless otherwise ordered by a court of competent jurisdiction or permitted in writing by the Producing Party.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

11

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality

12

agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

13

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced Disclosure or Discovery Material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

The disclosure or production of documents protected by the attorney-client privilege, work-product protection, or other privileges or protections, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Nothing is intended to or shall serve to limit the right of a party to challenge the privilege or protection asserted on any document.

Where it is reasonably apparent to a Receiving Party that the documents or information was inadvertently sent or produced, and the Receiving Party knows or reasonably should know that the documents or information is privileged or subject to the work product doctrine, the Receiving Party shall: (a) refrain from examining the documents or information any more than is necessary to determine that they are privileged or subject to the work product doctrine, (b) promptly notify the Producing Party, and (c) and otherwise treat the information in compliance with Federal Rule of Civil Procedure 26(b)(5)(B).

11.1  Clawback Procedures

(a) When a Producing Party believes in good faith that Discovery Materials subject to a valid claim of attorney-client privilege or work product protection have been produced inadvertently, the Producing Party shall (a) notify in writing the Receiving Party of the unauthorized disclosures within five (5) business

14

STIPULATED [PROPOSED] PROTECTIVE ORDER
CIVIL ACTION NO. 2:22-CV-08395-SVW-SK

days after so learning or discovering that such production has been made and the basis for claiming such disclosure was inadvertent, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, including providing a detailed privilege log within seven (7) business days of the written notice that sets forth the information required under Rule 26 and the Local Rules, including a description of the nature of privilege, to enable the Receiving Party to assess the Producing Party's claim of privilege.

(b) Upon receipt of written notice (hereafter "Clawback Notice"), the Receiving Party must return or destroy the document (and all copies thereof) within five (5) business days; provided however that if the Receiving Party chooses to challenge the claimed privilege or protection of a Discovery Material, then the Receiving Party may sequester and retain the challenged document(s) until the Court rules on the Receiving Party's challenge. As soon as practicable after providing the Clawback Notice, the Producing Party shall also provide (i) if only a portion of the document contains Privileged Material, a new copy of the document bearing the same Bates Number(s) as the original that has been redacted to protect the Privileged Material; or (ii) if the entire document constitutes Privileged Material, a slipsheet identifying the same Bates Number(s) as the original, noting that the document has been withheld.

12.   (c) MISCELLANEOUS

12.1   Right to Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective

15

Order.

12.3    <u>Filing Protected Material.</u>  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4    <u>Party's Own Use</u>. This Order has no effect upon, and shall not apply to, the Parties' use of their own documents for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials or information designated as Protected Material that has been generated or obtained lawfully by that Party independently of these proceedings.

13.    <u>FINAL DISPOSITION</u>

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and

16

STIPULATED [PROPOSED] PROTECTIVE ORDER
CIVIL ACTION NO. 2:22-CV-08395-SVW-SK

(2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.  Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 21, 2025

/s/ Lauren A. Ormsbee                          /s/ Anne Johnson Palmer
Lauren A. Ormsbee (*pro hac vice*)        Anne Johnson Palmer (CSB # 302235)
Lisa M. Strejlau (*pro hac vice)*            **ROPES & GRAY LLP**
Charles J. Stiene (*pro hac vice*)          Three Embarcadero Center
**LABATON KELLER SUCHAROW**          San Francisco, California 94111-4006
**LLP**                                                  Tel.: (415) 315-6300
140 Broadway                                       Fax: (415) 315-6350
New York, New York 10005                   anne.johnsonpalmer@ropesgray.com
Telephone: (212) 907-0700
Facsimile: (212) 818-0477                     Peter Welsh (*pro hac vice*)
lormsbee@labaton.com                          Daniel A. Yanofsky (*pro hac vice*)
lstrejlau@labaton.com                           **ROPES & GRAY LLP**
cstiene@labaton.com                             Prudential Tower
                                                            800 Boylston Street
*Lead Counsel for Lead Plaintiff*            Boston, Massachusetts 02199-3600
*Arkansas Teacher Retirement System*   Tel.: (617) 951-7000
                                                            Fax: (617) 951-7050

17

STIPULATED [PROPOSED] PROTECTIVE ORDER
CIVIL ACTION NO. 2:22-CV-08395-SVW-SK

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay (SBN 270796)
Charles H. Linehan (SBN 307439)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 432-1495
rprongay@glancylaw.com
clinehan@glancylaw.com

*Liaison Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement System*

peter.welsh@ropesgray.com
daniel.yanofsky@ropesgray.com

Phillip G. Kraft (*pro hac vice*)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
Tel.: (212) 596-9000
Fax: (212) 596-9090
phillip.kraft@ropesgray.com
*Attorneys for Olaplex Holdings, Inc.,*
*JuE Wong, Eric Tiziani, Tiffany*
*Walden, Christine Dagousset, Tricia*
*Glynn, Deirdr Findlay, Janet*
*Gurwitch, Martha Morfitt, David*
*Mussafer, Emily White, Michael White,*
*and Paula Zusi*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED: _____                          _____

                                        Honorable Steve Kim
                                        United States Magistrate Judge

---

STIPULATED [PROPOSED] PROTECTIVE ORDER
CIVIL ACTION NO. 2:22-CV-08395-SVW-SK

## ATTESTATION OF FILING

Pursuant to Local Rule 5-4.3.4 regarding signatures, I, Phillip G. Kraft, hereby attest that the other signatories listed above, on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 21, 2025                    By: */s/ Phillip G. Kraft*
                                              Phillip G. Kraft

STIPULATED [PROPOSED] PROTECTIVE ORDER
CIVIL ACTION NO. 2:22-CV-08395-SVW-SK

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Leslie Lilien v. Olaplex Holdings, Inc. et al*, No. 2:22-CV-08395-SVW-SK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

20