# EXHIBIT E

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

- - - - - - - - - - - - - - - x

LESLIE LILIEN, Individually

and on Behalf of All Others

Similarly Situated,

       Plaintiffs,       Case No.

  v.                  2:22-cv-0895-SVW(SKx)

OLAPLEX HOLDINGS, INC.,

JUE WONG, ERIC TIZIANI,

TIFFANY WALDEN,

CHRISTINE DAGOUSSET,

TRICIA GLYNN, DEIRDRE

FINDLAY, JANET GURWITCH,

MARTHA MORFITT, DAVID

MUSSAFER, EMILY WHITE,

MICHAEL WHITE, AND PAULA

ZUSI,

       Defendants.

- - - - - - - - - - - - - x

Videotaped Deposition of the
Arkansas Teacher Retirement System By and
Through Its Designated Corporate Representative
JOHN MARK WHITE
New York, New York
Monday, June 9, 2025
9:11 A.M.

Pages: 1 - 67
Reported By: Anita M. Trombetta, RMR, CRR,
California CSR No. 14647

Videotaped deposition of the Arkansas Teacher Retirement System, by and through its designated corporate representative, held at the offices of:

      Ropes & Gray LLP

      1211 Avenue of the Americas

      New York, New York 10036

Pursuant to notice, before Anita M. Trombetta, a Certified Shorthand Reporter in the State of California, RMR, CRR, and Notary Public in and for the State of New York.

                    A P P E A R A N C E S

ON BEHALF OF THE PLAINTIFFS AND THE WITNESS:

        LAUREN A. ORMSBEE, ESQUIRE

        LISA STREJLAU,  ESQUIRE

        ERIC J. BELFI, ESQUIRE

        LABATON KELLER SUCHAROW LLP

        140 Broadway

        New York, New York 10005

        212.907.0864


ON BEHALF OF OLAPLEX AND THE INDIVIDUAL

DEFENDANTS:

        BRIAN R. BLAIS, ESQUIRE

        LAUREN C. BRADY, ESQUIRE

        PHILLIP KRAFT, ESQUIRE

        ROPES & GRAY LLP

        1211 Avenue of the Americas

        New York, New York 10036

        212.596.9757


   ALSO PRESENT:


         NYA ESTEP, VIDEOGRAPHER

complaint.

ATTORNEY ORMSBEE:  6?  Oh, no, 5 is the most recent complaint.

ATTORNEY BLAIS:  5 was the most --

ATTORNEY ORMSBEE:  6 was the declaration.

Q  So I want to direct your attention to paragraph 4 of the complaint.  And I'll just -- it's short so I'll just read it for the record. It says, "In August 2020, prior to Olaplex's IPO, the EU amended its consumer protection regulations to ban the chemical butylphenyl methylpropional, known as Lilial, which is a fragrance ingredient used in cosmetics, due to significant safety concerns, specifically studies showing that Lilial is linked to infertility and risks to reproductive organs.  The EU ban on Lilial was set to take effect on March 1st, 2022, just five months after Olaplex's IPO."

Does ATRS know whether Wellington was aware of the Lilial ban before Wellington purchased Olaplex's shares on ATRS's behalf?

A  No.

Q  And does ATRS know whether T. Rowe Price was aware of the Lilial ban before T. Rowe Price purchased Olaplex's shares on ATRS's behalf?

Transcript of John Mark White, Corporate Designee
Conducted on June 9, 2025                                    47

A  No.

Q  And was anyone at ATRS, to your knowledge, aware of Lilial ban at any point before shares of Olaplex were purchased on ATRS's behalf?

A  No.

Q  I want to direct your attention to the next paragraph, which is paragraph 5.  And I'm going to read the -- for the record, just the first and fourth sentences.

So the first sentence is:  "Unbeknownst to consumers and investors, the No. 3 hair perfecter, Olaplex's self-proclaimed hero product that was a best seller for the company and thus crucial to its bottom line, contained Lilial."

Then skipping to the fourth sentence: "Thus in spring 2021, Olaplex decided to reformulate its No. 3 product to remove Lilial worldwide, which was not disclosed at this time."

Does ATRS know whether Wellington was aware that Olaplex reformulated the No. 3 product before Wellington purchased Olaplex's shares on ATRS's behalf?

A  No.

Q  And does ATRS know whether T. Rowe Price was aware that Olaplex reformulated the No. 3

product before T. Rowe Price purchased Olaplex's
shares on ATRS's behalf?

    A  No.

    Q  And was anyone at ATRS, to your knowledge,
aware that Olaplex had reformulated the No. 3
product at any point before shares of Olaplex were
purchased on ATRS's behalf?

    A  No.

        ATTORNEY BLAIS:  Okay.  I think now is a
natural time for a break.

        ATTORNEY ORMSBEE:  Okay.

        THE VIDEOGRAPHER:  We are going off the
record at 10:03.

        (Recess.)

        THE VIDEOGRAPHER:  We are back on the
record at 10:16 A.M.

BY ATTORNEY BLAIS:

    Q  Good morning again, Mr. White.

    A  Good morning.

    Q  How much is ATRS claiming as damages in
this case?

        ATTORNEY ORMSBEE:  Objection.

        You can answer.

    A  Our -- the amount of loss that we
sustained was approximately $3.3 million.