UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08395-SVW | Date | August 8, 2025 |
|---|---|---|---|
| Title | *Leslie Lillien v. Olaplex Holdings, Inc. et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Daniel Tamayo | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**     ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [224]

## I.    Introduction

Before the Court is Lead Plaintiff Arkansas Teacher Retirement System's ("Lead Plaintiff") and Defendants'[1] joint motion for preliminary approval of class action settlement. ECF No. 224. For the following reasons, Plaintiff's motion is GRANTED.

---

[1] In full, Defendants are: Olaplex Holdings, Inc., Jue Wong, Eric Tiziani, Tiffany Walden, Christine Dagousset, Tricia Glynn, Deirdre Findlay, Janet Gurwitch, Martha Morfitt, David Mussafer, Emily White, Michael White, and Paula Zusi

:

Initials of Preparer        DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08395-SVW | Date | August 8, 2025 |
|---|---|---|---|
| Title | *Leslie Lillien v. Olaplex Holdings, Inc. et al.* | | |

## II.    Background

### A.  Factual Background

Olaplex is a luxury haircare products manufacturer. Consolidated Complaint ("Compl.") ¶ 2, ECF No. 123. One of Olaplex's key products, and the one at issue in this case, is the No. 3 Hair Perfector (the "No. 3 Product"), which is a hair treatment designed to strengthen and repair damaged hair. *Id.* ¶ 83.[2]

The No. 3 Product originally contained small amounts of a chemical known as lilial. *Id.* ¶ 5. In August 2020, the E.U. banned the use of lilial in consumer products (hereinafter "the E.U. Ban"), including Olaplex's No. 3 Product, effective March 1, 2022. *Id.* ¶¶ 4-5. In response to the E.U. Ban, Olaplex reformulated its No. 3 Product to remove lilial.

On September 29, 2021, Olaplex conducted its initial public offering ("IPO"). *Id.* ¶¶ 154-55. For its IPO, Olaplex filed a Registration Statement and Prospectus with the SEC (the "Offering Documents"). *Id.* ¶ 155. The Offering Documents warned of potential risks to the company, including that new laws might ban certain ingredients Olaplex uses, forcing product reformulations, interrupting sales, and damaging Olaplex's brand. *Id.* ¶ 164. The Offering Documents did not, however, disclose any information about the EU Ban.

In February 2022, a TikTok user posted a video discussing the E.U. Ban and its impact on Olaplex. *Id.* ¶ 197. The video went viral, leading mainstream news media to pick up the story. *Id.* ¶¶ 199, 202, 203. Shortly thereafter, Olaplex's sales decreased, and its share price plummeted. *Id.* ¶¶ 207-258.

---

[2] Any allegations in Plaintiff's complaint that the Court cites to relate to undisputed facts that the Court mentions solely to provide context to the reader.

:

Initials of Preparer          DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08395-SVW | Date | August 8, 2025 |
|---|---|---|---|

| Title | *Leslie Lillien v. Olaplex Holdings, Inc. et al.* |
|---|---|

### B. Procedural Background

On November 17, 2022, Plaintiff brought claims against Defendants under Section 11, 12(a)(2) ("Section 12" for short), and 15 of the Securities Act of 1933. ECF No. 1. Plaintiff eventually revised and consolidated its complaint in a Revised Consolidated Complaint, which Plaintiff filed on June 22, 2023. ECF No. 123. In short, Plaintiff alleged that Olaplex's Offering Documents violated Sections 11, 12(a)(2) and 15 because they failed to disclose, among other things, the E.U. Ban. More specifically, Plaintiff alleged that the Offering Documents were misleading mainly because they only warned of *potential* risks to Olaplex's products, reputation, and financial health, when in fact, those risks had already manifested and existed, or, at the very least, were significantly likely to occur. Compl. ¶¶ 163-170, 172-77, 179-185, 188, 190, 192.

Defendants moved to dismiss Plaintiff's claims. ECF Nos. 127, 129, 130, 132. The Court granted in part and denied in part Defendants' motion. ECF No. 171. In its order, the Court foreclosed some theories of liability, but otherwise held that Plaintiff had stated a claim under Sections 11, 12, and 15. *See id.* Specifically, the Court held that omitting the EU Ban from Olaplex's offering documents could render two types of statements misleading under Sections 11 and 12: (1) statements regarding the potential impact of laws and regulations on Olaplex's business; and (2) statements regarding the risks that an Olaplex products may be found unsafe.

Plaintiff moved for class certification. ECF No. 199. After the issue was fully briefed, but before the Court's hearing on the matter, the parties settled the case after engaging in a full-day mediation session before David Murphy of Phillips ADR Enterprises. They now move jointly for preliminary approval of their class action settlement. ECF No. 224.

### C. The Class Action Settlement

In broad strokes, the terms of parties' proposed class action settlement (the "Settlement Agreement" or "Settlement") is as follows:

:

Initials of Preparer                    DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08395-SVW | Date | August 8, 2025 |
|---|---|---|---|
| Title | *Leslie Lillien v. Olaplex Holdings, Inc. et al.* | | |

Defendants agree to pay $47.5 million in cash, to be distributed to Settlement Class Members who submit timely and valid claims in accordance with the agreed upon plan of allocation. In exchange, Lead Plaintiff and the Settlement Class Members agree to release all claims against Defendants related to the facts at issue in the case. The Settlement Class is defined as all persons and entities that purchased or otherwise acquired Olaplex's publicly traded common stock on or before November 12, 2021 pursuant and/or traceable to the Offering Documents for Olaplex's IPO.

### III.    Discussion

To preliminarily approve the proposed Settlement, the Court must consider: (1) whether to certify the Settlement Class under Rule 23 of the Federal Rules of Civil Procedure; and (2) whether to grant preliminary approval of the Settlement itself. *See* Fed. R. Civ. P. 23. The Court will address each in turn.

#### A.  Class Certification

"A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b)." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542 (9th Cir. 2013). "Rule 23 is to be liberally construed in a securities fraud context because class actions are particularly effective in serving as private policing weapons against corporate wrongdoing." *In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 628, 642 (C.D. Cal. 2009).

Here, upon review of the evidence and the parties' arguments, the Court holds that the Settlement Class meets all of Rule 23(a)'s requirements. *See* Pl. Mot. for Class Cert. at 8-14, ECF No. 199-1 (analyzing each 23(a) requirement).

:

Initials of Preparer                    DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08395-SVW | Date | August 8, 2025 |
|---|---|---|---|

| Title | *Leslie Lillien v. Olaplex Holdings, Inc. et al.* |
|---|---|

The Settlement Class also satisfies Rule 23(b)(3), as common issues predominate over individual ones. For each Settlement Class Member, the main analysis regarding liability is the same: were the Offering Documents misleading?

The two issues that could have undermined predominance: actual knowledge and traceability, are not barriers to class certification now that the Settlement Class is limited to those who purchased stock between the date of the IPO and November 12, 2021. For actual knowledge, each class member who purchased before November 12, 2021 had access to the same information regarding the E.U. Ban, so this defense to liability would be resolved on a common basis. There are likewise no individual issues with regard to traceability, as any purchase of Olaplex stock made before November 12, 2021 was by definition a purchase of IPO stock.

The Court also finds that the Settlement Class satisfies Rule 23(b)(3)'s superiority requirement for the reasons stated in Plaintiff's motion for class certification. *See* ECF No. 199 at 18.

In sum, for the foregoing reasons, the Court will preliminarily certify the Settlement Class for the purposes of facilitating settlement.

### B. Preliminary Approval of Class Settlement

To preliminarily approve a proposed class action settlement, Rule 23(e)(2) requires the Court to determine whether it is likely that the proposed settlement is fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e)(2); (e)(1)(B). Judicial review of a proposed settlement typically "proceeds in two stages, with preliminary approval followed by a final hearing." *LaFrano v. Loandepot, Inc.*, No. 8:21-cv-01449, 2023 WL 12023569, at *6 (C.D. Cal. Dec. 8, 2023).

Federal Rule 23(e) governs approval of a proposed class settlement. To determine whether to preliminarily approve of a proposed class settlement, courts consider whether:

:

Initials of Preparer                    DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08395-SVW | Date | August 8, 2025 |
|---|---|---|---|

| Title | *Leslie Lillien v. Olaplex Holdings, Inc. et al.* |
|---|---|

"(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Here, the Court finds that for the purposes of granting preliminary approval, the proposed class settlement sufficiently meets the requirements of Rule 23(e)(2).

**First**, Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class. Not only have they litigated the case diligently, but they prevailed at the motion to dismiss stage. This is consistent with Lead Counsel's consistent track record of serving as lead counsel on successful securities matters. *See, e.g.*, *In re AM. Int'l Grp., Inc. Sec. Litig.*, No. 04-cv-08141 (S.D.N.Y.) (recovering $1 billion).

**Second**, the Settlement was negotiated at arm's length and in good faith. It was achieved only after the parties engaged in a full-day mediation under the guidance of an experienced mediator. Two weeks later, the parties' accepted the mediator's proposal. That the Settlement was "the result of a mediator's proposal in the context of a private mediation . . . supports the argument that [the agreement] is non-collusive." *LeFrano v. Loandepot, Inc.*, 2023 WL 12023569, at *11 (C.D. Cal. Dec. 8, 2023).

:

_____    _____

Initials of Preparer                DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08395-SVW | Date | August 8, 2025 |
|---|---|---|---|
| Title | *Leslie Lillien v. Olaplex Holdings, Inc. et al.* | | |

**Third**, the relief provided to the Settlement Class appears adequate given the strength of Plaintiff's case and the risk, expense, and complexity of continued litigation. At the time of settlement, Plaintiff's case was far from a slam dunk. To start, Plaintiff faced serious predominance issues with its proposed class, which extended far beyond November 12, 2021. Defendants also had many potentially promising defenses. Their actual knowledge and tracing defense both could have plausibly undermined Plaintiff's case for liability.

Moreover, Defendants intended to bring a negative causation defense, in which they would argue that Olaplex's stock decline was not due to E.U. Ban, but rather to other factors not at issue in this lawsuit. This defense was facially plausible and had significant potential to decrease Plaintiff's maximum damages.

Not only did Defendants have these defenses, but, at the time of Settlement, Plaintiff still faced three major procedural hurdles: class certification; summary judgment; and trial. It was by no means a guarantee that Plaintiff would prevail through all three. Accordingly, the Court preliminary finds $47.5 million to be an adequate recovery, especially given that that figure is at lowest 6% of Plaintiff's potential damages and at highest ***more than 100%*** of potential damages. *See* Mot. for Preliminary Class Settlement Approval ("Mot.") (explaining that potential damages ranged between $753 million and $41.5 million depending on the success of some of Defendant's defenses).

The Court also preliminarily finds that the parties' proposed process for distributing relief to the class is adequate. The parties propose using a claims administrator and having potential class members submit claims online and through the mail, all of which is standard practice in class action settlements. The parties' proposed method of calculating damages is also reasonable, as they plan to calculate each claimant's *pro rata* share of the full settlement amount based on that claimant's recognized loss. This is also standard practice in these types of cases.

Regarding the proposed attorney's fees, the Court will not address that issue at the preliminary approval stage. Rather, it will address the issue in full when the parties move for final approval.

| | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08395-SVW | Date | August 8, 2025 |
|---|---|---|---|
| Title | *Leslie Lillien v. Olaplex Holdings, Inc. et al.* | | |

**Fourth**, and finally, the Settlement treats class members equitably relative to one another. All Settlement Class Members with valid claims will be entitled to their *pro rata* share of the net settlement amount based on their actual losses. This is a fair, equitable, and standard method of distributing settlement amounts in class action securities cases.

In addition to the factors outlined by Rule 23(e), the Ninth Circuit also outlines factors that courts should consider when deciding whether to grant preliminary approval of class settlement. Many of these factors overlap with Rule 23(e), but some are novel. Namely, in addition to the 23(e) factors, the Ninth Circuit asks courts to consider: "the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

These factors also favor granting preliminary approval of the class settlement. As already explained, the $47.5 million settlement is adequate given the risks and expenses involved with continued litigation.

Moreover, Plaintiff conducted extensive discovery before entering the Settlement, enabling Lead Plaintiff to make an informed assessment of the case's strengths and weaknesses before negotiations began. This further supports the Court's confidence that the proposed settlement is reasonable.

Next, both parties' counsel in this case have extensive experience with class actions. Accordingly, the fact that both sets of counsel recommend the Settlement further supports preliminary approval.

The last two Ninth Circuit factors—the presence of a governmental participant and the reaction of the class members to the proposed settlement—are either inapplicable to this case (there is no governmental participant) or inapplicable to this stage of the case (the reaction of the class members is not relevant to a preliminary approval of settlement).

:

Initials of Preparer                    DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08395-SVW | Date | August 8, 2025 |
|---|---|---|---|
| Title | *Leslie Lillien v. Olaplex Holdings, Inc. et al.* | | |

In sum, the Court finds that the proposed settlement is sufficiently adequate to justify preliminary approval.

### C. Notice

Rule 23(e) requires that the Court "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The Court has reviewed the parties' proposed notice and administration procedures and finds them adequate.

The parties' adequately and thoroughly detailed the notice and claims administration process in the proposed order that they submitted in support of their motion for preliminary settlement approval. Upon review of that proposed order, the Court adopts the portions below as its own.

### SEE ATTACHMENT

:

Initials of Preparer                    DT

**NOW, THEREFORE, IT IS HEREBY ORDERED,** this 8th day of
August, 2025 that:

5.     pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil
Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the
Settlement Class of: all persons and entities that purchased or otherwise acquired
Olaplex publicly traded common stock on or before November 12, 2021,
pursuant and/or traceable to the Registration Statement or Prospectus (together, the
"Offering Documents") for Olaplex's IPO, and who were allegedly damaged
thereby. Excluded from the Settlement Class are: (i) Defendants and the
Individual Defendants' Immediate Family Members; (ii) the officers, directors, and
subsidiaries of Olaplex, at all relevant times; (iii) Olaplex's affiliates and
employee retirement and/or benefit plan(s) and their participants and/or
beneficiaries to the extent they purchased or acquired Olaplex's common stock
pursuant or traceable to the Offering Documents through any such plan(s); (iv) any
person and entity that had or has a controlling interest in Olaplex, at all relevant
times; (v) the underwriters of Olaplex's IPO, provided, however, that any
"Investment Vehicle" (as defined in the Stipulation) shall not be excluded from
the Settlement Class; (vi) any entity in which any of the Defendants have or had a
controlling or beneficial interest; and (vii) the legal representatives, heirs, successors,
or assigns of any such excluded person or entity, in their capacity as such.

ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT  Case No.:
2:22-cv-08395-SVW(SKx)

6.    Also excluded from the Settlement Class are those Persons who or which timely and validly seek exclusion from the Settlement Class in accordance with the requirements set forth below and in the Notice.

7.    The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(i)    the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(ii)    there are questions of law and fact common to the Settlement Class Members;

(iii)    the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(iv)    Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(v)    the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(vi)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

8.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Arkansas Teacher Retirement System is preliminarily certified as Class Representative for the Settlement Class.  The law firm of Labaton

ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT  Case No.:
2:22-cv-08395-SVW(SKx)

Keller Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class, and Glancy Prongay & Murray LLP as Liaison Counsel for the Settlement Class. Class Counsel has the authority to enter into the Settlement on behalf of the Settlement Class and has the authority to act on behalf of the Settlement Class with respect to all acts or consents required by, or that may be given pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

9.      **Settlement Hearing.** A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, at the United States District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, California 90012 on December 1, 2025, at 1:30 p.m. (Pacific Time) for the following purposes:

(i)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(ii)      to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(iii)      to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; and whether the law firm of Labaton Keller Sucharow LLP should be finally appointed as Class Counsel and Glancy Prongay & Murray LLP as Liaison Counsel for the Settlement Class;

(iv)      to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(v)      to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead

1   Plaintiff for reimbursement of its reasonable costs and expenses directly related to their

2   representation of the Settlement Class, pursuant to the Private Securities Litigation

3   Reform Act of 1995 ("PSLRA")); and

4              (vi)    to rule upon such other matters as the Court may deem appropriate.

5         10.    The Court reserves the right to approve the Settlement without

6   modification, or with such modifications as may be agreed to by the Parties, and with

7   or without further notice to the Settlement Class of any kind.  The Court further reserves

8   the right to enter the Judgment approving the Settlement and dismissing the Action, on

9   the merits and with prejudice, regardless of whether it has approved the Plan of

10  Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn

11  the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates

12  herein without further individual notice to members of the Settlement Class.  Any such

13  changes shall be posted on the website of the Claims Administrator.

14        11.    **Approval of Form and Manner of Giving Notice.** The Court approves

15  the form, substance and requirements of the Notice of Pendency of Class Action,

16  Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), the

17  Proof of Claim and Release form ("Claim Form"), the Summary Notice of Pendency

18  and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses

19  ("Summary Notice"), and the Postcard Notice, substantially in the forms annexed

20  hereto as Exhibits 1 through 4, respectively, and finds they collectively: (a) constitute

21  the best notice to Settlement Class Members practicable under the circumstances; (b)

22  are reasonably calculated, under the circumstances, to describe the terms and effect of

23  the Settlement and to apprise Settlement Class Members of their right to object to the

24  proposed Settlement or to exclude themselves from the Settlement Class; (c) are

25  reasonable and constitute due, adequate, and sufficient notice to all persons entitled to

26  receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of

27  Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United

28  States Constitution, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7),

ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT  Case No.:
2:22-cv-08395-SVW(SKx)

as amended by the PSLRA, and the Rules of this Court. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

12.    **Retention of Claims Administrator and Notice Date.** The Court approves the retention of Epiq Class Action & Claims Solutions as the Claims Administrator. The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort. The Claims Administrator may also email the Postcard Notice (or Notice) or a link to the Postcard Notice (or Notice) to Settlement Class Members, to the extent it is provided with email addresses. Olaplex, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, at no cost to Lead Counsel, the Settlement Class, or the Claims Administrator, within seven (7) calendar days of entry of this Preliminary Approval Order, its transfer agent's lists of the names/addresses/emails of Olaplex common stock purchasers of record from September 29, 2021, through November 12, 2021, in electronic searchable form, such as Excel, to the extent reasonably available.

13.    The Claims Administrator shall use reasonable efforts to provide notice of the Settlement to nominees such as custodians, brokerage firms and other persons and entities that purchased Olaplex publicly traded common stock on or before November 12, 2021, as record owners but not as beneficial owners. Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice or Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice or Notice,

ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT  Case No.: 2:22-cv-08395-SVW(SKx)

request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator, forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

14.    Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable expenses incurred in providing notice to beneficial owners of up to: $0.05 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; or $0.05 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with this order shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

15.    Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Postcard Notice, long-form Notice, and Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Postcard Notice and long-form Notice and Claim Form can be downloaded.

16.    Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Postcard Notice.

17.    **Approval of Summary Notice.** The Court approves the form of the Summary Notice and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within

9

fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

18.    The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

19.    **Claims Process.** To be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(i)    A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address stated, postmarked no later than seven (7) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order or by Lead Counsel in its discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Claim Form. Any Settlement Class Member who does not timely submit a valid Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Lead Counsel, but shall remain bound by all the terms and provisions of the Stipulation and by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 21 of this order.

ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT  Case No.: 2:22-cv-08395-SVW(SKx)

(ii)    The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund.

(iii)    As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date of the Settlement, release all claims as provided in the Stipulation.

(iv)    No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of Claim Forms.

20.    Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

21.    **Exclusion from Settlement Class.** Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall

11

mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address, telephone number, and email address (if any) of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *Lilien v. Olaplex Holdings, Inc.,* No. 22-CV-08395-SVW (C.D. Cal.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares for each purchase and sale (if any) of Olaplex publicly traded common stock on or before November 12, 2021. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

22. Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund.

23. **Objections to the Settlement.** Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses. Any objections must state: (a) the name, address, telephone number, and email address (if any) of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in "*Lilien v. Olaplex Holdings, Inc*., No. 22-CV-08395-SVW (C.D. Cal.);" (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the date(s), price(s), and number(s) of shares of Olaplex

publicly traded common stock purchased and sold (if any) during the Class Period. Objectors who are represented by counsel must also provide the name, address and telephone number of all counsel, if any, who represent them; the number of times the objector and their counsel have filed an objection to a class action settlement in the last five years; the nature of each such objection in each case; and the name and docket number of each case.

24. The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Lauren A. Ormsbee, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel: Anne Johnson Palmer, Ropes & Gray LLP, Three Embarcadero Center, San Francisco, CA 94111, and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Central District of California, 255 East Temple Street, Suite 180, Los Angeles, CA 90012.

25. Attendance at the Settlement Hearing is not necessary, however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to state in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

26. Settlement Class Members do not need to appear at the hearing or take any other action to state their approval.

ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT  Case No.:
2:22-cv-08395-SVW(SKx)

27.    Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, the Judgment to be entered approving the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given; shall be bound by all the terms and provisions of the Stipulation and by all proceedings and orders in the Action; and shall also be foreclosed from appealing any judgment or order entered in this Action.

28.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties in any court or tribunal or proceeding (including in the Action), unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation.

29.    **Supporting Papers.** All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

30.    **Settlement Fund.** All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT  Case No.:
2:22-cv-08395-SVW(SKx)

31.    Neither Defendants nor their counsel shall have any responsibility for, or liability with respect to, the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiff.

32.    **Termination of Settlement.** If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of July 1, 2025.

33.    **Use of this Order.** Neither this Order, the Term Sheet, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability

15

granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed as an admission, concession, or presumption against the Released Defendant Parties or the Released Plaintiff Parties that any of the claims in this Action are with or without merit or infirm, that a litigation class should or should not have been certified, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as, or argued to be, a waiver of any defenses in the Action or be deemed to be evidence of an admission or concession that any Settlement Class Members have suffered any damages, harm, or loss.

34.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this 8th day of August 2025.

DATE: August 11, 2025

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

# Exhibit 1

1  **GLANCY PRONGAY & MURRAY LLP**
2  ROBERT V. PRONGAY (SBN 270796)
   rprongay@glancylaw.com
3  1925 Century Park East, Suite 2100
   Los Angeles, CA 90067
4  Telephone: (310) 201-9150
   Facsimile: (310) 432-1495
5
6  *Liaison Counsel for Lead Plaintiff*
   *Arkansas Teacher Retirement*
7  *System and the Proposed Class*

8  **LABATON KELLER SUCHAROW LLP**
   LAUREN A. ORMSBEE (*pro hac vice*)
9  lormsbee@labaton.com
   140 Broadway
10 New York, NY 10005
   Telephone: (212) 907-0700
11 Facsimile: (212) 818-0477
12
13 *Counsel for Lead Plaintiff*
   *Arkansas Teacher Retirement System*
   *and Lead Counsel for the Proposed Class*
14
15            **UNITED STATES DISTRICT COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
16

17 LESLIE LILIEN, Individually and on          Case No. 2:22-cv-08395-SVW(SKx)
   Behalf of All Others Similarly Situated,
18                                             <u>CLASS ACTION</u>
                         Plaintiff,
19                                             **NOTICE OF PENDENCY OF**
           v.                                  **CLASS ACTION, PROPOSED**
20                                             **SETTLEMENT, AND MOTION**
   OLAPLEX HOLDINGS, INC., et al.,             **FOR ATTORNEYS' FEES AND**
21                                             <u>**EXPENSES**</u>
                         Defendants.
22
23
24
25
26
27
28

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**If you purchased or otherwise acquired the publicly traded common stock of Olaplex Holdings, Inc. ("Olaplex" or the "Company") on or before November 12, 2021, pursuant and/or traceable to the Offering Documents for Olaplex's initial public offering ("IPO"), and were allegedly damaged thereby, you may be entitled to a payment from a class action settlement.**

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $47,500,000 fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved attorneys' fees, expenses, and Taxes.  This is an average recovery of approximately $0.60 per allegedly damaged share before deductions for awarded attorneys' fees and Litigation Expenses, and approximately $0.44 per allegedly damaged share after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement resolves claims by Court-appointed Lead Plaintiff Arkansas Teacher Retirement System ("Lead Plaintiff") that have been asserted on behalf of the Settlement Class (defined below) against Olaplex and JuE Wong, Eric Tiziani, Tiffany Walden, Christine Dagousset, Tricia Glynn, Deirdre Findlay, Janet Gurwitch, Martha Morfitt, David Mussafer, Emily White, Michael White, and Paula Zusi (the "Individual Defendants," together with Olaplex, the "Defendants"), and the Underwriters (defined below) of Olaplex's IPO and Selling Stockholders (defined below). The Settlement avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.  As described further below, Defendants deny all allegations of wrongdoing or liability.

**If you are a Settlement Class Member, the Settlement will affect your legal rights whether you act or do not act.  Please read this Notice carefully.**

---

[1]   The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated _____, 2025 (the "Stipulation"), which can be viewed at www.____.com.  All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2025** | The <u>only</u> way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2025** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other action against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiffs' Claims. *See* Question 10 for details. |
| **OBJECT BY _____, 2025** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2025 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2025** | Ask to speak in Court at the Settlement Hearing about the fairness of the Settlement and other requested relief. *See* Questions 16 and 18 for details. |
| **DO NOTHING** | Get no payment. Give up all legal rights relating to the claims at issue. Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to all eligible Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

### WHAT THIS NOTICE CONTAINS

PSLRA Summary of the Notice                                   Page __
Why did I get the Postcard Notice?                            Page __
How do I know if I am part of the Settlement Class?           Page __

3

Are there exceptions to being included?    Page __

Why is this a class action?    Page __

What is this case about and what has happened so far?    Page __

What are the reasons for the Settlement?    Page __

What does the Settlement provide?    Page __

How can I receive a payment?    Page __

What am I giving up to receive a payment and by staying in the
   Settlement Class?    Page __

How do I exclude myself from the Settlement Class?    Page __

If I do not exclude myself, can I sue Defendants and the other
   Released Defendant Parties for the same reasons later?    Page __

Do I have a lawyer in this case?    Page __

How will the lawyers be paid?    Page __

How do I tell the Court that I do not like something about the
   proposed Settlement?    Page __

What is the difference between objecting and seeking exclusion?    Page __

When and where will the Court decide whether to approve the
   Settlement?    Page __

Do I have to come to the Settlement Hearing?    Page __

May I speak at the Settlement Hearing?    Page __

What happens if I do nothing at all?    Page __

Are there more details about the Settlement?    Page __

How will my claim be calculated?    Page __

Special notice to securities brokers and nominees.    Page __

## PSLRA SUMMARY OF THE NOTICE

### Statement of the Settlement Class's Recovery

1.     Lead Plaintiff has entered into the proposed Settlement with Defendants which, if approved by the Court, will resolve the Action in its entirety.  Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $47,500,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Lead Plaintiff's consulting damages expert's estimate of the number of shares of Olaplex publicly traded common stock eligible to

participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.60 per allegedly damaged share.  If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.44 per allegedly damaged share.  **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.** A Settlement Class Member's actual recovery will depend on, for example: (i) the number and value of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of Olaplex publicly traded common stock the Settlement Class Member purchased; and (iv) whether and when the Settlement Class Member sold Olaplex publicly traded common stock.  *See* the Plan of Allocation beginning on page [__] for information about the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.    The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiff were to prevail on each claim.  The issues on which the Parties disagree include, for example: (i) whether the Offering Documents contained untrue statements of material fact or omitted material facts required to be stated in the documents or necessary to make the statements in the documents not misleading; (ii) whether certain Defendants conducted a reasonable investigation in connection with the IPO and had reasonable grounds for believing that the Offering Documents were truthful and complete; (iii) whether Settlement Class Members suffered any damages; and (iv) the extent to which factors unrelated to the alleged misstatements such as general market,

5

economic and industry conditions, influenced the trading prices of Olaplex common stock at various times.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Lead Counsel, on behalf of Plaintiffs' Counsel,[2] will apply to the Court for attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest, or $11,875,000, plus accrued interest.  Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $875,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its representation of the Settlement Class (which will not exceed $20,000).  If the Court approves Lead Counsel's Fee and Expense Application in full, assuming a 25% fee is requested and maximum expenses of $875,000 are sought, the average amount of fees and expenses is estimated to be approximately $0.16 per allegedly damaged share of Olaplex publicly traded common stock.  A copy of the Fee and Expense Application will be posted on www. _____ after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to,

---

[2] "Plaintiffs' Counsel" are Labaton Keller Sucharow LLP and Glancy Prongay & Murray LLP.

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES
Case No.: 2:22-cv-08395-SVW(SKx)

among other factors, the uncertainty of being able to prove the allegations in the Complaint and certify a litigation class; the difficulties and delays inherent in completing discovery and litigation like this; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and risks in enforcing a judgment against Defendants after trial.

6.    For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.    Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Lauren A. Ormsbee, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8.    Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: *Olaplex Securities Settlement*, c/o ____, P.O. Box ___, ___, __ __, (XXX) XXX-XXXX, www.____.com.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

**1.  Why did I get the Postcard Notice?**

9.    You may have received a Postcard Notice about the proposed Settlement. This long-form Notice provides additional information about the Settlement and related procedures.  The Court authorized that the Postcard Notice be sent to you because you or someone in your family may have purchased or otherwise acquired Olaplex publicly traded common stock pursuant or traceable to Olaplex's IPO. **Receipt of the Postcard Notice does not mean that you are a Member of the**

7

1  **Settlement Class or that you will be entitled to receive a payment. The Parties**
2  **to the Action do not have access to your individual investment information. If**
3  **you wish to be eligible for a payment, you are required to submit the Claim Form**
4  **that is available at www.____.com.** *See* **Question 8 below.**

5      10.    The Court directed that the Postcard Notice be sent to Settlement Class
6  Members because they have a right to know about the proposed Settlement of this
7  class action lawsuit, and about all of their options, before the Court decides whether
8  to approve the Settlement.

9      11.    The Court in charge of the Action is the United States District Court for
10 the Central District of California, and the case is known as *Lilien v. Olaplex Holdings,*
11 *Inc.,* No. 22-CV-08395-SVW (C.D. Cal.). The Action is assigned to the Honorable
12 Stephen V. Wilson, United States District Judge.

13 | **2. How do I know if I am part of the Settlement Class?** |

14     12.    The Court directed that everyone who fits the following description is a
15 Settlement Class Member and subject to the Settlement, unless they are an excluded
16 person (see Question 3 below) or take steps to exclude themselves from the Settlement
17 Class (*see* Question 10 below):

18     **All persons and entities that purchased or otherwise acquired Olaplex**
19     **publicly traded common stock on or before November 12, 2021, pursuant**
20     **and/or traceable to the Offering Documents for Olaplex's IPO, and who**
       **were allegedly damaged thereby.**

21     13.    If one of your mutual funds purchased Olaplex publicly traded common
22 stock during the relevant time period, that does not make you a Settlement Class
23 Member, although your mutual fund may be. You are a Settlement Class Member
24 only if you individually purchased Olaplex publicly traded common stock on or
25 before November 12, 2021. Check your investment records or contact your broker to
26 see if you have any eligible purchases or acquisitions. **The Parties to the Action do**
27 **not independently have access to your trading information.**

28

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES
Case No.: 2:22-cv-08395-SVW(SKx)

### 3.  Are there exceptions to being included?

14.     Yes.  There are some individuals and entities who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) Defendants and the Individual Defendants' Immediate Family Members; (ii) the officers, directors, and subsidiaries of Olaplex, at all relevant times; (iii) Olaplex's affiliates and employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Olaplex's common stock pursuant or traceable to the Offering Documents through any such plan(s); (iv) any person and entity that had or has a controlling interest in Olaplex, at all relevant times; (v) the underwriters of Olaplex's IPO, provided, however, that any "Investment Vehicle"[3] shall not be excluded from the Settlement Class; (vi) any entity in which any of the Defendants have or had a controlling or beneficial interest; and (vii) the legal representatives, heirs, successors, or assigns of any such excluded person or entity, in their capacity as such.  Also excluded from the Settlement Class is anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 10 below.

### 4.  Why is this a class action?

15.     In a class action, one or more persons or entities (in this case, Lead Plaintiff) sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all class members at the same time, except for those who

---

[3] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which the Underwriters of the IPO, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor, but in which any such underwriter alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

9

1  exclude themselves, or "opt-out," from the class.  In this Action, the Court has

2  appointed Arkansas Teacher Retirement System to serve as Lead Plaintiff and

3  Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) to serve as Lead

4  Counsel.

5  | **5. What is this case about and what has happened so far?** |

6  16.    Olaplex is a hair care brand founded in 2014.  On or about September

7  29, 2021, Olaplex commenced its initial public offering by offering and selling over

8  84 million shares of common stock to the public at $21.00 per share.

9  17.    On November 17, 2022, a class action complaint (*Leslie Lilien v. Olaplex*

10  *Holdings, Inc. et al*, 2:22-CV-08395-SVW-SK) was filed against Defendants in the

11  United States District Court for the Central District of California (the "Court")

12  alleging violations of the federal securities laws related to the Company's IPO.

13  18.    By an Order dated February 27, 2023, the Court: (i) appointed Arkansas

14  Teacher Retirement System as Lead Plaintiff; and (ii) approved Labaton as Lead

15  Counsel and Glancy Prongay & Murray LLP as Liaison Counsel.

16  19.    On April 28, 2023, Lead Plaintiff filed a Consolidated Class Action

17  Complaint for Violations of the Securities Laws asserting claims for violations of

18  Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act")

19  against Olaplex and the Individual Defendants, and added claims against the

20  Underwriters of the IPO,[4] and the Selling Stockholders.[5]  Among other things, the

22  [4] The term "Underwriters" means Goldman Sachs & Co. LLC ("Goldman Sachs"),
J.P. Morgan Securities LLC ("J.P. Morgan"), Morgan Stanley & Co. LLC ("Morgan
23  Stanley"), Barclays Capital Inc. ("Barclays"), BofA Securities, Inc. ("BofA"),
Evercore Group L.L.C. ("Evercore"), Jefferies LLC ("Jefferies"), Raymond James &
24  Associates, Inc. ("Raymond James"), Cowen and Company, LLC ("Cowen"), Piper
Sandler & Co. ("Piper Sandler"), Truist Securities, Inc. ("Truist"), Telsey Advisory
25  Group LLC ("Telsey"), Drexel Hamilton, LLC ("Drexel Hamilton"), and Loop Capital
Markets LLC ("Loop").

26  [5] The term "Selling Stockholders" means the Advent Funds (defined below) and
27  Mousserena, L.P. ("Mousse Partners").  The term "Advent Funds" includes Advent
International GPE IX Limited Partnership, Advent International GPE IX-B Limited
28  Partnership,   Advent   International   GPE   IX-C   Limited   Partnership,   Advent

1   April 28, 2023 complaint alleged that the Offering Documents filed in connection

2   with Olaplex's IPO contained certain materially false and misleading statements or

3   omissions related to the impact of laws and regulations on Olaplex's business as well

4   as product safety-related risks.  On June 22, 2023, Lead Plaintiff filed a Revised

5   Consolidated Class Action Complaint for Violations of the Federal Securities Laws

6   (the "Complaint"), which is the operative complaint in the Action.

7          20.    On July 19, 2023, Olaplex, the Individual Defendants, the Underwriters

8   and the Selling Stockholders filed their motions to dismiss the Complaint.  On August

9   14, 2023, Lead Plaintiff filed its opposition to the motions to dismiss.  On August 28,

10  2023, Olaplex, the Individual Defendants, the Underwriters and the Selling

11  Stockholders filed their replies in support of the motions to dismiss.

12         21.    After two hearings, on February 7, 2025, the Court issued an order

13  granting in part, and denying in part, defendants' motions to dismiss (the "MTD

14  Order").  The MTD Order granted the Underwriters' motion to dismiss and the Selling

15  Stockholders' motions to dismiss, finding that the claims against those entities were

16  time-barred under the applicable statute of limitations. With respect to the Olaplex

17  and Individual Defendants' motion to dismiss, the MTD Order granted their motion

18  with respect to certain misstatements alleged in the Complaint, and denied the motion

19  with respect to two separate allegedly false and misleading risk factor statements

20  concerning the potential impact of laws and regulations on Olaplex's business and

21  risks related to product safety, as well as to omissions of material information

22

23  _____

24  International GPE IX-F Limited Partnership, Advent International GPE IX-G
    Limited Partnership, Advent International GPE IX-H Limited Partnership, Advent
25  International GPE IX-I Limited Partnership, Advent International GPE IX-A
    SCSp, Advent International GPE IX-D SCSp, Advent International GPE IX-
26  E  SCSp, Advent International GPE IX Strategic Investors SCSp, Advent  Partners
    GPE  IX  Limited  Partnership, Advent Partners GPE IX-A Limited Partnership,
27  Advent Partners GPE IX Cayman Limited Partnership, Advent Partners GPE IX-A
    Cayman Limited Partnership, and Advent Partners GPE IX-B Cayman Limited
28  Partnership.

11

allegedly required to be disclosed concerning risks to Olaplex.  The MTD Order also sustained claims brought under Sections 12(a)(2) and 15 of the Securities Act.

22.    On February 28, 2025, Defendants filed their Answer to the Complaint and discovery commenced.

23.    Prior to the start of formal discovery in the Action, Lead Plaintiff, through Lead Counsel, had conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) regulatory filings made by Olaplex with the U.S. Securities and Exchange Commission (the "SEC"); (ii) Company press releases, transcripts of earnings calls, and other public statements issued and disseminated by the Company; (iii) Company website and marketing materials; (iv) price and volume data for Olaplex common stock; (v) research reports from securities and financial analysts; (vi) news and media reports concerning the Company and other facts related to this action; (vii) interviews with former Olaplex employees; (viii) consultation with digital marketing, cosmetics industry, and other experts; (ix) other publicly available material and data; and (x) the applicable law governing the claims and potential defenses.

24.    Lead Plaintiff also submitted requests to the U.S. Food and Drug Administration ("FDA") and the Federal Trade Commission ("FTC"), among others, pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). In response, Lead Plaintiff received approximately 357 pages of records from the FDA and approximately 22 pages of records from the FTC.

25.    In connection with formal discovery, Defendants produced approximately 50,000 documents (approximately 408,000 pages) to Lead Plaintiff, and Lead Plaintiff produced approximately 400 documents (approximately 40,000 pages) to Defendants. Additionally, third parties produced approximately 400 documents (approximately 4,600 pages).  In total, approximately 51,000 documents

12

(approximately 452,000 pages) were produced by the Parties and third parties in formal discovery.

26.     On May 30, 2025, Lead Plaintiff filed its motion for class certification and appointment of class representative and class counsel (the "Class Certification Motion"). In support of the Class Certification Motion, Lead Plaintiff submitted an expert report testifying as to the method by which Lead Plaintiff could demonstrate that damages could be calculated on a class-wide basis. On June 20, 2025, Defendants opposed the Class Certification Motion. Among other things, Defendants argued that any class, if certified, should be narrowed to exclude purchases after November 12, 2021, because after that date, Lead Plaintiff would be unable to demonstrate the ability of putative class members to trace their shares to the Registration Statement and Prospectus, and therefore individualized issues with regard to tracing predominated over common issues. Defendants submitted an expert report in support of their position indicating that the proposed class definition should be narrowed to only those who purchased publicly traded Olaplex common stock on or before November 12, 2021, because on November 12, 2021, non-IPO shares were deposited at Depository Trust Company ("DTC"), commingling with and, as opined by Defendants' expert, becoming indistinguishable from IPO shares already held at DTC. On June 27, 2025, Lead Plaintiff filed its reply in further support of its Class Certification Motion, attaching an expert report opposing and responding to Defendants' expert testimony. A hearing on the Class Certification Motion was scheduled for July 21, 2025.

27.     The Parties began exploring the possibility of a negotiated resolution in April 2025. Specifically, the Parties agreed to participate in a mediation by July 11, 2025, and subsequently retained David Murphy of Phillips ADR Services to act as the mediator in the case (the "Mediator"). On June 19, 2025, Lead Counsel and Defendants' Counsel, among others, participated in a full-day, in-person mediation session before the Mediator. In advance of that session, the Parties submitted detailed

13

1    mediation statements to the Mediator, together with numerous supporting exhibits.

2    The Parties weighed the risks and benefits of settlement, including Defendants'

3    opposition to Lead Plaintiff's Motion for Class Certification.

4        28.    The June 19, 2025 mediation session ended without any agreement

5    being reached.  The Parties continued discussions with the Mediator following the

6    mediation to further explore the possibility of a settlement. On June 28, 2025, the

7    Mediator issued a mediator's recommendation to the Parties, which was accepted on

8    July 1, 2025, subject to the execution of a formal settlement agreement.

9        29.    On July 3, 2025, the Court scheduled a Status Conference for July 7,

10   2025 to discuss the proposed Settlement. At the Status Conference, the Court provided

11   guidance concerning the scope of the class the Court would be prepared to certify as

12   part of the Settlement. Specifically, the Court informed the Parties that it was strongly

13   inclined to only certify a settlement class that was limited to investors that purchased

14   or otherwise acquired Olaplex's common stock pursuant and/or traceable to the

15   Offering Documents through November 12, 2021, due to concerns regarding

16   traceability after this date. Tr. of Status Conference 6:3-7 ("And then November was

17   when the shares that were initially offered began to sell on the market. And for a

18   number of reasons, from that point forward, the Court would find that at least at this

19   point that there is no predominance for all the class members thereafter.").

20       30.    The Parties' settlement in principle was subsequently memorialized in a

21   confidential term sheet executed and finalized on July 26, 2025 (the "Term Sheet"),

22   and the Stipulation was executed on _____ ___, 2025.

23   | **6. What are the reasons for the Settlement?** |
     | --- |

24       31.    The Court did not finally decide in favor of Lead Plaintiff or Defendants.

25   Instead, both sides agreed to a settlement.  Lead Plaintiff and Lead Counsel believe

26   that the claims asserted in the Action have merit.  They recognize, however, the

27   expense and length of continued proceedings needed to pursue the claims through

28                                          14

trial and appeals, as well as the difficulties in establishing liability and damages. Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiff and the class.  In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

32.    Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action, including all claims in the Complaint, and specifically deny that they have committed any act or omission giving rise to any liability or violation of law. Defendants have asserted and continue to assert that their disclosures were accurate and complete and expressly deny and continue to deny any and all allegations of wrongdoing, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action; that any alleged misstatements or omissions were made; that any Member of the Settlement Class has suffered damages; that Members of the Settlement Class were harmed by the conduct alleged; or that the Action may properly proceed as a class action.  Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

## THE SETTLEMENT BENEFITS

### 7.  What does the Settlement provide?

33.    In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendant Parties (*see* Question 9 below), Defendants have agreed to cause a $47,500,000 payment to be made, which, along with any interest earned, will be distributed, after deduction of Court-awarded attorneys' fees

15

and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

### 8. How can I receive a payment?

34.  To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. A Claim Form may be obtained from the websites www._____.com and www.labaton.com or you can submit a claim online at www._____.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (___) ___-____.

35.  Please read the instructions contained in the Claim Form carefully, fill out the form, include all the documents the form requests, sign it, and mail or submit it online to the Claims Administrator so that it is **postmarked or received no later than _____, 2025.**

### 9. What am I giving up to receive a payment and by staying in the Settlement Class?

36.  If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the Effective Date of the Settlement, you will release all Released Plaintiffs' Claims against the Released Defendant Parties. All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)  **"Released Plaintiffs' Claims"** means any and all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined herein), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, choate or inchoate, perfected or unperfected, regardless of legal or equitable theory and whether arising

16

1  under federal, state, common, or foreign law or statutory, common, or administrative

2  law, or any other law, rule, or regulation, that Lead Plaintiff or any other member of

3  the Settlement Class: (a) asserted in the Action or (b) could have asserted in the Action,

4  or in any forum (including, without limitation, any federal or state court, or in any

5  other court, arbitration proceeding, administrative agency, or other forum, in the

6  United States or elsewhere), that arise out of or are based upon both: (i) the allegations,

7  transactions, facts, matters or occurrences, representations or omissions involved, set

8  forth, or referred to in the complaints filed in the Action, and (ii) the purchase,

9  acquisition, disposition, holding, or sale of Olaplex publicly traded common stock

10  pursuant and/or traceable to the Offering Documents for Olaplex's IPO.  For the

11  avoidance of doubt, Released Plaintiffs' Claims shall not include: (i) claims to enforce

12  the Settlement; (ii) claims in any shareholder derivative action, including *Carla Ciuffo

13  v. Christine Dagousset et al.*, Master File No. 2:23-cv-09712-SVW-SK (C.D. Cal.),

14  and any actions consolidated therewith; and (iii) claims arising from any regulatory or

15  governmental investigation or proceeding.

16  (b)  **"Released Defendant Parties"** means Defendants, the

17  Underwriters, and Selling Stockholders and each of their respective former, present or

18  future parents, subsidiaries, divisions, controlling persons, associates, related entities,

19  and affiliates and each and all of their respective present and former employees,

20  members, partners, principals, officers, directors, controlling shareholders, agents,

21  attorneys, advisors (including financial or investment advisors), accountants, auditors,

22  consultants, underwriters, investment bankers, commercial bankers, general or limited

23  partners or partnerships, limited liability companies, members, joint ventures, insurers

24  and reinsurers, predecessors, successors, estates, Immediate Family Members, heirs,

25  executors,  trustees, administrators, legal representatives, and assigns, in their

26  capacities as such; and the predecessors, successors, estates, Immediate Family

27  Members, heirs, executors, trustees, administrators, agents, legal representatives, and

28

assigns of each of them, in their capacities as such, as well as any trust of which any Released Defendant Party is the settlor or which is for the benefit of any of their Immediate Family Members.  For the avoidance of doubt, the Released Defendant Parties include Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Barclays Capital Inc., BofA Securities, Inc., Evercore Group L.L.C., Jefferies LLC, Raymond James & Associates, Inc., Cowen and Company, LLC, Piper Sandler & Co., Truist Securities, Inc., Telsey Advisory Group LLC, Drexel Hamilton, LLC, Loop Capital Markets LLC, Mousserena, L.P., and Advent International GPE IX Limited Partnership, Advent International GPE IX-B Limited Partnership, Advent International GPE IX-C Limited Partnership, Advent International GPE IX-F Limited Partnership, Advent International GPE IX-G Limited Partnership, Advent International GPE IX-H Limited Partnership, Advent International GPE IX-I Limited Partnership, Advent International GPE IX-A SCSp, Advent International GPE IX-D SCSp, Advent International GPE IX-E SCSp, Advent International GPE IX Strategic Investors SCSp, Advent Partners GPE IX Limited Partnership, Advent Partners GPE IX-A Limited Partnership, Advent Partners GPE IX Cayman Limited Partnership, Advent Partners GPE IX-A Cayman Limited Partnership, and Advent Partners GPE IX-B Cayman Limited Partnership.

(c)    "**Unknown Claims**" means any and all Released Plaintiffs' Claims that Lead Plaintiff, or any other Settlement Class Member, does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants'

Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the Action, the Released Plaintiffs' Claims or the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES
Case No.: 2:22-cv-08395-SVW(SKx)

37.    The "**Effective Date**" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

38.    Upon the Effective Date, Defendants will also provide a release of any claims against Lead Plaintiff, the Settlement Class, and Plaintiffs' Counsel arising out of or related to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any person who submits a request for exclusion that is accepted by the Court.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

39.    If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note: If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.**  Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

**10.  How do I exclude myself from the Settlement Class?**

40.    To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *Lilien v. Olaplex Holdings, Inc*., No. 22-CV-08395-SVW (C.D. Cal.)." You cannot exclude yourself by telephone or email.  Each request for exclusion must also: (i) state the name, address, telephone number, and email address (if any) of the Person seeking exclusion; (ii) the date(s), price(s), and number(s) of shares for each purchase/acquisition and sale (if any) of Olaplex publicly traded common stock on or before November 12, 2021, by the Person seeking exclusion; and (iii) be signed by the Person requesting exclusion.  Requests must be submitted with documentary proof

20

of purchases on or before November 12, 2021 that demonstrates the requester's status as a beneficial owner of the shares.  A request for exclusion must be mailed so that it is **received no later than _____, 2025** at:

*Olaplex Securities Settlement*
c/o _____
P.O. Box ____
__, _____

41.    This information is needed to determine whether you are a member of the Settlement Class.  Your exclusion request must comply with these requirements in order to be valid.

42.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you.  If you submit a timely and valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

> **11.  If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?**

43.    No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is _____, **2025.**

21

# THE LAWYERS REPRESENTING YOU

## 12.  Do I have a lawyer in this case?

44.    Labaton Keller Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 13.  How will the lawyers be paid?

45.    Lead Counsel, together with the other Plaintiffs' Counsel, has been prosecuting the Action on a contingent basis and has not been paid for any of their work.  Lead Counsel, on behalf of itself and the other Plaintiffs' Counsel, will seek an attorneys' fee award of no more than 25% of the Settlement Fund, which will include accrued interest.  Lead Counsel has agreed to share the awarded attorneys' fees with other Plaintiffs' Counsel. Lead Counsel will also seek payment of Litigation Expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $875,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its representation of the Settlement Class (of no more than $20,000).  As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.

# OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

## 14.  How do I tell the Court that I do not like something about the proposed Settlement?

46.    If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application.  You may write to the Court about why

22

1   you think the Court should not approve any or all of the Settlement terms or related

2   relief.  If you would like the Court to consider your views, you must file a proper

3   objection within the deadline, and according to the following procedures.

4         47.    To object, you must send a signed letter stating that you object to the

5   proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application

6   in "*Lilien v. Olaplex Holdings, Inc.,* No. 22-CV-08395-SVW (C.D. Cal.)." The

7   objection must also state: (i) the name, address, telephone number, and email address

8   (if any) of the objector and must be signed by the objector; (ii) the objection(s) and

9   the specific reasons for each objection, including whether it applies only to the

10  objector, to a specific subset of the Settlement Class, or to the entire Settlement Class,

11  and any legal and evidentiary support, and witnesses, the Settlement Class Member

12  wishes to bring to the Court's attention; and (iii) include documents sufficient to show

13  the objector's membership in the Settlement Class, such as the date(s), price(s), and

14  number(s) of shares of Olaplex publicly traded common stock purchased and sold (if

15  any).  Objectors who are represented by counsel must also provide the name, address,

16  and telephone number of all counsel, if any, who represent them; the number of times

17  the objector and their counsel have filed an objection to a class action settlement in

18  the last five years; the nature of each such objection in each such case; and the name

19  and docket number of each such case.  Unless otherwise ordered by the Court, any

20  Settlement Class Member who does not object in the manner described in this Notice

21  will be deemed to have waived any objection and will be unable to make any objection

22  to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and

23  Expense Application.

24        48.    Your objection must be filed with the Court **no later than**

25  **_____, 2025 <u>and</u>** be mailed or delivered to the following counsel so that

26  it is **received no later than _____, 2025:**

27

28

23

| Court | Lead Counsel | Defendants' Counsel |
|---|---|---|
| **Clerk of the Court**<br>U.S. District Court<br>Central District of California<br>255 East Temple Street<br>Suite 180<br>Los Angeles, CA 90012 | **Labaton Keller Sucharow LLP**<br>Lauren A. Ormsbee<br>140 Broadway<br>New York, NY 10005 | **Ropes & Gray LLP**<br>Anne Johnson Palmer<br>Three Embarcadero Center<br>San Francisco, CA 94111 |

49.    You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court. An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

**15.  What is the difference between objecting and seeking exclusion?**

50.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**16.  When and where will the Court decide whether to approve the Settlement?**

51.    The Court will hold the Settlement Hearing on _____, **2025 at** ____ _.m.**, either remotely or in person, at the U.S. District Court, Central District of California, First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, CA 90012.

52.    At this hearing, the Honorable Stephen V. Wilson will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Court should dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated _____ ___, 2025; (iii) for purposes of the Settlement only, whether the Settlement Class should be finally certified, whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class, and whether the law firm of Labaton Keller Sucharow LLP should be finally appointed as Class Counsel and Glancy Prongay & Murray LLP as Liaison Counsel for the Settlement Class; (iv) the Plan of Allocation is fair and reasonable, and should be approved; and (v) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

53.    The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another individual notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www.____.com to see if the Settlement Hearing has stayed as scheduled or has changed.

**17.  Do I have to come to the Settlement Hearing?**

54.    No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance

in the manner described in the answer to Question 18 below **no later than
_____, 2025**.

| **18. May I speak at the Settlement Hearing?** |
|---|

55.    You may ask the Court for permission to speak at the Settlement
Hearing. To do so, you must, **no later than _____ __, 2025,** submit a statement
that you, or your attorney, intend to appear in "*Lilien v. Olaplex Holdings, Inc.,* No.
22-CV-08395-SVW (C.D. Cal.)." If you intend to present evidence at the Settlement
Hearing, you must also include in your objections (prepared and submitted according
to the answer to Question 14 above) the identities of any witnesses you may wish to
call to testify and any exhibits you intend to introduce into evidence at the Settlement
Hearing. You may not speak at the Settlement Hearing if you exclude yourself from
the Settlement Class or if you have not provided written notice of your intention to
speak at the Settlement Hearing in accordance with the procedures described in this
Question 18 and in Question 14 above.

### IF YOU DO NOTHING

| **19. What happens if I do nothing at all?** |
|---|

56.    If you do nothing and you are a member of the Settlement Class, you will
receive no money from this Settlement and you will be precluded from starting a
lawsuit, continuing with a lawsuit, or being part of any other lawsuit against
Defendants and the other Released Defendant Parties concerning the Released
Plaintiffs' Claims. To share in the Net Settlement Fund, you must submit a Claim
Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit
against Defendants and the other Released Defendant Parties concerning the Released
Plaintiffs' Claims, you must exclude yourself from the Settlement Class (*see* Question
10 above).

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES
Case No.: 2:22-cv-08395-SVW(SKx)

# GETTING MORE INFORMATION

**20.  Are there more details about the Settlement?**

57.    This Notice summarizes the proposed Settlement.  More details are in the Stipulation.  You can get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement, by visiting the website www.____.com.  You may also call the Claims Administrator toll free at (___) ___-___ or write to the Claims Administrator at *Olaplex Securities Settlement,* c/o ____, P.O. Box ___, ___, ___ ___.

58.    You may also review the Stipulation filed with the Court, or other documents in the case, during business hours at the Office of the Clerk of the United States District Court, Central District of California, 255 East Temple Street, Suite 180, Los Angeles, CA 90012, between 9:00 a.m. and 4:00 p.m. on Monday through Friday, excluding Court holidays.  (Please check the Court's website, www.cacd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

**21.  How will my claim be calculated?**

59.    As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund.  The Settlement Fund, after the deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund.  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment – in accordance

27

with the following proposed Plan of Allocation, or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional individual notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on www._____.com and www.labaton.com.

60. The objective of this Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities law with respect to shares of Olaplex's publicly traded common stock purchased or otherwise acquired pursuant and/or traceable to the Offering Documents for Olaplex's IPO on or before November 12, 2021. The Plan of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making proportional *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. The Claims Administrator will calculate claimants' claims and shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim," defined below.

61. To design the Plan of Allocation, Lead Counsel conferred with Lead Plaintiff's consulting damages expert. The Plan of Allocation, however, is not a formal damages analysis. The calculations made pursuant to the Plan of Allocation are not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover as damages after a trial. Nor are the calculations, including the Recognized Loss formulas, intended to estimate the amounts that will be paid to Authorized Claimants. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement

1  Fund and the Recognized Claim amounts are the basis upon which the Net Settlement

2  Fund will be proportionately allocated to Authorized Claimants.

3      62.    The claims asserted in the Action under Section 11 of the Securities Act

4  serve as the basis for the calculation of the Recognized Loss Amounts under the Plan

5  of Allocation.  Section 11 of the Securities Act provides a statutory formula for the

6  calculation of damages.  The formulas stated below, which were developed by Lead

7  Plaintiff's consulting damages expert, generally track the statutory formula.

8      63.    Defendants, their respective counsel, and all other Released Defendant

9  Parties shall have no responsibility or liability for the investment of the Settlement

10 Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the

11 payment of any claim.  Lead Plaintiff, Plaintiffs' Counsel, the Claims Administrator,

12 and anyone acting on their behalf, likewise, will have no liability for their reasonable

13 efforts to execute, administer, and distribute the Settlement.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

15     64.    For purposes of determining whether a claimant has a Recognized Claim,

16 purchases, acquisitions, and sales of Olaplex publicly traded common stock will first

17 be matched on a First In/First Out ("FIFO") basis.  If a Settlement Class Member has

18 more than one purchase/acquisition or sale of Olaplex common stock, sales will be

19 matched against purchases/acquisitions in chronological order, beginning with the

20 earliest purchase/acquisition made during the period from September 29, 2021

21 through November 12, 2021.

22     65.    A "Recognized Loss Amount" will be calculated as set forth below for

23 each share of Olaplex's publicly traded common stock purchased or acquired during

24 the period from September 29, 2021 through November 12, 2021, both dates

25 inclusive, that is listed in the Claim Form and for which adequate documentation is

26 provided.  To the extent that the calculation of a claimant's Recognized Loss Amount

27 results in a negative number (a gain), that number shall be set to zero.

29

66. The sum of a claimant's Recognized Loss Amounts will be the claimant's Recognized Claim.

67. **For each share of Olaplex's publicly traded common stock purchased or otherwise acquired pursuant or traceable to the Offering Documents for Olaplex's IPO from September 29, 2021 through, and including, November 12, 2021 and:**

> A. Sold before the opening of trading on November 17, 2022,[6] the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $21.00, the IPO price) ***minus*** the sale price.

> B. Sold after the opening of trading on November 17, 2022, through the close of trading on **[day before execution of the Stipulation]**, the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $21.00, the IPO price) ***minus*** the sale price (not to be less than $5.75, the closing share price on November 17, 2022).

> C. Retained after the close of trading on **[day before execution of the Stipulation]**, the Recognized Loss Amount for each such share shall be the purchase price (not to exceed $21.00, the IPO price) ***minus*** $5.75, the closing share price on November 17, 2022.

## ADDITIONAL PROVISIONS

68. Purchases, acquisitions, and sales of Olaplex's publicly traded common stock shall be deemed to have occurred on the "contract" or "trade" date, as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance, or operation of law of Olaplex's publicly traded common stock outside of the IPO shall not be deemed a purchase, acquisition, or sale for the calculation of a claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase or acquisition of such shares of Olaplex's publicly traded common stock, unless: (i) the donor or decedent purchased or otherwise acquired such shares of Olaplex's publicly traded common stock on or

---

[6] For purposes of the statutory calculations, November 17, 2022 is the date of suit.

1    before November 12, 2021; (ii) no Claim Form was submitted by or on behalf of the
2    donor, on behalf of the decedent, or by anyone else with respect to such shares of
3    Olaplex's publicly traded common stock; and (iii) it is specifically so provided in the
4    instrument of gift or assignment.

5        69.    In accordance with the Plan of Allocation, the Recognized Loss Amount
6    on any portion of a purchase or acquisition that matches against (or "covers") a "short
7    sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered by
8    a purchase or acquisition is also zero.

9        70.    Olaplex publicly traded common stock purchased or otherwise acquired
10    pursuant or traceable to the Offering Documents for Olaplex's IPO from September
11    29, 2021 through November 12, 2021, both dates inclusive, is the only security
12    eligible for a recovery under the Plan of Allocation.  With respect to Olaplex publicly
13    traded common stock purchased or sold through the exercise of an option, the
14    purchase/sale date of the Olaplex common stock is the exercise date of the option, and
15    the purchase/sale price is the exercise price of the option.

16        71.    An Authorized Claimant's Recognized Claim shall be the amount used
17    to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  If
18    the sum total of Recognized Claims of all Authorized Claimants who are entitled to
19    receive payment out of the Net Settlement Fund is greater than the Net Settlement
20    Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net
21    Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized
22    Claim divided by the total of Recognized Claims of all Authorized Claimants,
23    multiplied by the total amount in the Net Settlement Fund.

24        72.    If the Net Settlement Fund exceeds the sum total amount of the
25    Recognized Claims of all Authorized Claimants entitled to receive payment out of the
26    Net Settlement Fund, the excess amount in the Net Settlement Fund shall be
27    distributed *pro rata* to all Authorized Claimants entitled to receive payment.

28
NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES
Case No.: 2:22-cv-08395-SVW(SKx)

73.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

74.    Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the final Judgment of the Court dismissing this Action and related claims unless they request exclusion from the Settlement Class.

75.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement and the Settlement has reached its Effective Date.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible or economical to distribute.  Any balance that still remains in the Net Settlement Fund after such re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and any unpaid attorneys' fees and expenses, shall be contributed to the Consumer Federation of America, a non-profit, non-sectarian organization, or such other organization approved by the Court.

76.    Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all claimants.  No person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, their damages expert, the Claims Administrator, or other agent designated by Plaintiffs' Counsel, arising from

32

determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants, Defendants' Counsel, and all other Released Defendant Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## **SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

77.    If you purchased or otherwise acquired Olaplex publicly traded common stock from September 29, 2021 through November 12, 2021, inclusive, for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE**, **YOU MUST EITHER**: (a) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice or Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and **WITHIN TEN (10) CALENDAR DAYS** of receipt of those Postcard Notices from the Claims Administrator, forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

78.    Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable expenses incurred in providing notice to beneficial owners of up to: $0.05 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; or $0.05 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the above shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Olaplex Securities Settlement*
c/o _____
P.O. Box _____
_____, ___ __
(___) ___-__
www._____.com
info@____.com

Dated: _____, 2025          BY ORDER OF THE U.S. DISTRICT
                                          COURT, CENTRAL DISTRICT OF
                                          CALIFORNIA

# Exhibit 2

1  **GLANCY PRONGAY & MURRAY LLP**
   ROBERT V. PRONGAY (SBN 270796)
2  rprongay@glancylaw.com
   1925 Century Park East, Suite 2100
3  Los Angeles, CA 90067
   Telephone: (310) 201-9150
4  Facsimile: (310) 432-1495
5
   *Liaison Counsel for Lead Plaintiff*
6  *Arkansas Teacher Retirement*
   *System and the Proposed Class*
7
8  **LABATON KELLER SUCHAROW LLP**
   LAUREN A. ORMSBEE (*pro hac vice*)
9  lormsbee@labaton.com
   140 Broadway
10 New York, NY 10005
   Telephone: (212) 907-0700
11 Facsimile: (212) 818-0477
12
   *Counsel for Lead Plaintiff*
13 *Arkansas Teacher Retirement System*
   *and Lead Counsel for the Proposed Class*
14
15          **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**
16
17 LESLIE LILIEN, Individually and on        Case No. 2:22-cv-08395-SVW(SKx)
   Behalf of All Others Similarly Situated,
18                                           <u>CLASS ACTION</u>
              Plaintiff,
19                                           **PROOF OF CLAIM AND**
       v.                                    **RELEASE FORM**
20
   OLAPLEX HOLDINGS, INC., et al.,
21
              Defendants.
22
23
24
25
26
27
28

1

2

**I.    GENERAL INSTRUCTIONS**

3

    1.    To recover as a member of the Settlement Class based on your claims in

4

the class action entitled *Lilien v. Olaplex Holdings, Inc.,* No. 22-CV-08395-SVW (C.D.

5

Cal.) (the "Action"), you must complete and, on page _____ below, sign this Proof of

6

Claim and Release form ("Claim Form").  If you fail to submit a timely and properly

7

addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected

8

and you may not receive any recovery from the Net Settlement Fund created in

9

connection with the proposed Settlement of the Action.  Submission of this Claim

10

Form, however, does not ensure that you will share in the proceeds of the Settlement.[1]

11

    2.    **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT**

12

**WWW._____.COM NO LATER THAN _____, 2025 OR, IF**

13

**MAILED, BE POSTMARKED NO LATER THAN _____, 2025,**

14

**ADDRESSED AS FOLLOWS:**

15

*Olaplex Securities Settlement*
c/o _____
P.O. Box ____
City/State/Zip
(___) ___-___
www._____
info@_____

16

17

18

19

20

    3.    If you are a member of the Settlement Class and you have not requested

21

exclusion from the Settlement Class, you will be bound by and subject to the terms of

22

all judgments and orders entered in the Action, including the releases provided therein,

23

WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A

24

PAYMENT.

25

26

---

27

[1] All capitalized terms not defined in this Claim Form have the meanings given
in the Stipulation and Agreement of Settlement, dated as of _____, 2025 (the
"Stipulation"), available at www._____.com.

28

PROOF OF CLAIM AND RELASE FORM
CASE NO. 2:22-CV-08395-SVW(SKX)

## II.   CLAIMANT IDENTIFICATION

4.   If you purchased or otherwise acquired Olaplex Holdings, Inc. ("Olaplex") publicly traded common stock on or before November 12, 2021 pursuant and/or traceable to the Registration Statement or Prospectus (together, the "Offering Documents") for Olaplex's initial public offering ("IPO") (*i.e.,* the shares were purchased or acquired during the period from September 29, 2021 through November 12, 2021), and held the stock in your name, you are the beneficial and record owner of the shares.  If, however, the Olaplex shares were purchased or otherwise acquired through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.   Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Olaplex publicly traded common stock that forms the basis of this claim, as well as the owner of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.   All joint owners must sign this claim. Executors, administrators, guardians, conservators, legal representatives, and trustees filing this claim must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   IDENTIFICATION OF TRANSACTIONS

7.   Use **Part II** of this form entitled "Schedule of Transactions in Olaplex Publicly Traded Common Stock" to supply all required details of the transaction(s).  If you need more space or additional schedules, attach separate sheets giving all of the

2

1    required information in substantially the same form.  Sign and print or type your name

2    on each additional sheet.

3        8.    On the schedules, provide all of the requested information with respect to

4    the purchases or acquisitions of Olaplex publicly traded common stock pursuant and

5    traceable to the Offering Documents for Olaplex's IPO during the period from

6    September 29, 2021 through November 12, 2021, whether the transactions resulted in

7    a profit or a loss.  You must also provide all of the requested information with respect

8    to all sales of Olaplex publicly traded common stock during the requested time period

9    and shares held after the close of trading on [**day before execution of Stipulation**].

10   Failure to report all such transactions may result in the rejection of your claim.

11       9.    The date of covering a "short sale" is deemed to be the date of purchase

12   or acquisition of Olaplex common stock.  The date of a "short sale" is deemed to be

13   the date of sale.  Any transactions in Olaplex common stock executed outside of regular

14   trading hours for the U.S. financial markets shall be deemed to have occurred during

15   the next regular trading session.

16       10.   Copies of broker trade confirmations or other documentation of the

17   transactions must be attached to your claim.  Failure to provide this documentation

18   could delay verification of your claim or result in rejection of your claim.  **THE**

19   **PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS**

20   **IN OLAPLEX PUBLICLY TRADED COMMON STOCK.**

21       11.   NOTICE REGARDING ELECTRONIC FILES: Certain claimants with

22   large numbers of transactions may request, or may be asked, to submit information

23   regarding their transactions in electronic files.  (This is different than the online claim

24   portal on the Settlement website.) All such claimants MUST submit a manually signed

25   paper Claim Form whether or not they also submit electronic copies.  If you wish to

26   submit your claim electronically, you must contact the Claims Administrator at ___-

27   ___-____ to obtain the required file layout or visit www. _____.com.  No electronic

28                                        3

files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name                          MI          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name                       MI          Co-Beneficial Owner's Last Name

Entity Name (if Claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                                              State    ZIP/Postal Code

Foreign Country (only if not USA)                      Foreign County (only if not USA)

Social Security Number (last four digits only)    Taxpayer Identification Number (last four digits only)

Telephone Number (home)                 Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):

˜    Individual (includes joint owner accounts)    ˜    Pension Plan    ˜    Trust
˜    Corporation                                   ˜    Estate
˜    IRA/401K                                      ˜    Other _____ (please specify)

4

1

## PART II:    SCHEDULE OF TRANSACTIONS IN OLAPLEX PUBLICLY TRADED COMMON STOCK

2

3

**1. PURCHASES/ACQUISITIONS FROM SEPTEMBER 29, 2021 THROUGH NOVEMBER 12, 2021**– Separately list each and every purchase and acquisition of Olaplex publicly traded common stock during the period from September 29, 2021 through and including November 12, 2021. (Must submit documentation.)

| Date of Purchase/ Acquisition (List Chronologically) MM/DD/YY | Number of Shares | Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**2. NUMBER OF SHARES PURCHASED/ACQUIRED FROM NOVEMBER 13, 2021 THROUGH [DAY BEFORE EXECUTION OF STIPULATION]** – State the total number of shares of Olaplex publicly traded common stock purchased/acquired from November 13, 2021 through, and including, [DAY BEFORE EXECUTION OF STIPULATION].[2] (Must submit documentation.)

_____

**3. SALES FROM SEPTEMBER 29, 2021 THROUGH [DAY BEFORE EXECUTION OF STIPULATION]** – Separately list each and every sale of Olaplex publicly traded common stock from September 29, 2021 through, and including, the close of trading on [DAY BEFORE EXECUTION OF STIPULATION]. (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

_____

[2] Information requested in this Claim Form with respect to your purchases/acquisitions from November 13, 2021 through [DAY BEFORE EXECUTION OF STIPULATION] is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases/acquisitions during this period are not eligible for a recovery.

5

**4.  HOLDINGS AS OF CLOSE OF TRADING ON [DAY BEFORE EXECUTION OF STIPULATION]** – State the total number of shares of Olaplex publicly traded common stock held as of the close of trading on [DAY BEFORE EXECUTION OF STIPULATION]. If none, write "0" or "Zero." (Must submit documentation.) _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST
PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

## IV.    SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS

12.    By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Olaplex publicly traded common stock and other Olaplex securities, if required to do so.  I (We) have not submitted any other claim covering the same transactions in Olaplex publicly traded common stock during the time periods herein and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

13.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the notices, and that I am (we are) not excluded from the Settlement Class.

14.    I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish,

6

waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant Parties (as these terms are defined in the Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

15.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16.    I (We) hereby warrant and represent that I (we) have included information about all purchases, acquisitions, and sales of Olaplex publicly traded common stock that occurred during the relevant time periods and the number of shares held by me (us), to the extent requested.

17.    I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2025

_____        _____
Signature of Claimant                              Type or print name of Claimant

_____        _____
Signature of Joint Claimant, if any            Type or print name of Joint Claimant

7

1

_____        _____

2  Signature of person signing on behalf       Type or print name of person signing
   of Claimant                                 on behalf of Claimant

3

4

5  _____
   Capacity of person signing on behalf of Claimant/Joint Claimant, if other than an

6  individual (*e.g.,* Administrator, Executor, Trustee, President, Custodian, Power of
   Attorney, etc.)

7

8

9                          **REMINDER CHECKLIST:**

10

11  1.     Sign this Claim Form.

12  2.     DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING
           DOCUMENTATION.

13

14  3.     Attach only copies of supporting documentation as these documents will not
           be returned to you.

15

16  4.     Keep a copy of your Claim Form for your records.

17  5.     The Claims Administrator will acknowledge receipt of your Claim Form by
           mail, within 60 days.  **Your claim is not deemed submitted until you**

18         **receive an acknowledgment postcard.**  If you do not receive an
           acknowledgment postcard within 60 days, please call the Claims

19         Administrator toll free at \_\_\_-\_\_\_-\_\_\_ or email at info@_____.com.

20  6.     If you move after submitting this Claim Form, please notify the Claims

21         Administrator of the change in your address, otherwise you may not receive
           additional notices or payment.

22

23

24

25

26

27

28

                                        8

# Exhibit 3

1  **GLANCY PRONGAY & MURRAY LLP**
   ROBERT V. PRONGAY (SBN 270796)
2  rprongay@glancylaw.com
   1925 Century Park East, Suite 2100
3  Los Angeles, CA 90067
   Telephone: (310) 201-9150
4  Facsimile: (310) 432-1495

5
   *Liaison Counsel for Lead Plaintiff*
6  *Arkansas Teacher Retirement*
   *System and the Proposed Class*
7

8  **LABATON KELLER SUCHAROW LLP**
   LAUREN A. ORMSBEE (*pro hac vice*)
9  lormsbee@labaton.com
   140 Broadway
10 New York, NY 10005
   Telephone: (212) 907-0700
11 Facsimile: (212) 818-0477

12
   *Counsel for Lead Plaintiff*
13 *Arkansas Teacher Retirement System*
   *and Lead Counsel for the Proposed Class*
14

15              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
16

17 | LESLIE LILIEN, Individually and on Behalf of All Others Similarly Situated, | No. 2:22-cv-08395-SVW(SKx) |
   | | |
18 | Plaintiff, | CLASS ACTION |
   | | |
19 | v. | |
   | | **SUMMARY NOTICE OF** |
20 | OLAPLEX HOLDINGS, INC., et al., | **PENDENCY AND PROPOSED** |
   | | **SETTLEMENT OF CLASS** |
21 | Defendants. | **ACTION AND MOTION FOR** |
   | | **ATTORNEYS' FEES AND** |
22 | | **EXPENSES** |

23
   **To: all persons and entities that purchased or otherwise acquired the publicly**
24 **traded common stock of Olaplex Holdings, Inc. ("Olaplex" or the "Company") on**
   **or before November 12, 2021, pursuant and/or traceable to the Offering**
25 **Documents for Olaplex's initial public offering ("IPO"), and who were allegedly**
   **damaged thereby (the "Settlement Class").**
26
              YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of
27
   Civil Procedure and an Order of the United States District Court for the Central District
28

---

of California, that Court-appointed Lead Plaintiff, on behalf of itself and all members of the proposed Settlement Class, and Olaplex and JuE Wong, Eric Tiziani, Tiffany Walden, Christine Dagousset, Tricia Glynn, Deirdre Findlay, Janet Gurwitch, Martha Morfitt, David Mussafer, Emily White, Michael White, and Paula Zusi (the "Individual Defendants," together with Olaplex, the "Defendants"), have reached a proposed settlement of the above-captioned class action (the "Action") in the amount of $47,500,000 (the "Settlement").  Defendants deny any liability or wrongdoing.

A hearing will be held before the Honorable Stephen V. Wilson, either in person or remotely in the Court's discretion, on _____, 2025, at _____ __.m. at the United States District Court, Central District of California, First Street Courthouse, 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, California 90012 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated ____ ___, 2025; (iii) for purposes of the Settlement only, finally certify the Settlement Class, finally certify Lead Plaintiff as Class Representative for the Settlement Class, and finally appoint the law firm of Labaton Keller Sucharow LLP as Class Counsel and Glancy Prongay & Murray LLP as Liaison Counsel for the Settlement Class; (iv) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (v) approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice.  You do NOT need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.  If you have not yet received a Postcard Notice, you may obtain copies of the Postcard Notice, long-form Notice, and Claim

1  Form by visiting the website, www._____, or by contacting the Claims Administrator

2  at:

3                        *Olaplex Securities Settlement*
                              c/o _____
4                             P.O. Box ___
5                             City/State/Zip
                              (___) ___-___
6                             www._____
7                             info@_____

8         Inquiries, other than requests for copies of notices or about the status of a claim,

9  may also be made to Lead Counsel:

10                      LABATON KELLER SUCHAROW LLP
                           Lauren A. Ormsbee, Esq.
11                              140 Broadway
                             New York, NY 10005
12                            www.labaton.com
                        settlementquestions@labaton.com
13                            (888) 219-6877

14

15        If you are a Settlement Class Member, to be eligible to share in the distribution

16  of the Net Settlement Fund, you must submit a Claim Form postmarked or submitted

17  online ***no later than _____ __, 2025***.  If you are a Settlement Class Member

18  and do not timely submit a valid Claim Form, you will not be eligible to share in the

19  distribution of the Net Settlement Fund, but you will nevertheless be bound by all

20  judgments or orders entered by the Court relating to the Settlement, whether favorable

21  or unfavorable.

22        If you are a Settlement Class Member and wish to exclude yourself from the

23  Settlement Class, you must submit a written request for exclusion in accordance with

24  the instructions set forth in the Notice available on the settlement website, and such

25  request must be received ***no later than _____ __, 2025***.  If you properly

26  exclude yourself from the Settlement Class, you will not be bound by any judgments

27  or orders entered by the Court relating to the Settlement, whether favorable or

28

─────────────────────────────────────────────

                                    3

1   unfavorable, and you will not be eligible to share in the distribution of the Net

2   Settlement Fund.

3          Any objections to the proposed Settlement, Lead Counsel's Fee and Expense

4   Application, and/or the proposed Plan of Allocation must be filed with the Court, either

5   by mail or in person, and be mailed to counsel for the Parties in accordance with the

6   instructions in the Notice available on the website, such that they are received *no later*

7   *than _____ __, 2025*.

8

9          **PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR**

10         **DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

11

12   DATED: _____, 2025   BY   ORDER   OF   THE   COURT
                                        UNITED STATES DISTRICT COURT
13                                      CENTRAL DISTRICT OF CALIFORNIA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUMMARY NOTICE
Case No.: 2:22-cv-08395-SVW(SKx)

# Exhibit 4

## *PLEASE VISIT WWW.XXX FOR MORE INFORMATION*

The parties in the class action *Lilien v. Olaplex Holdings, Inc.*, No. 22-CV-08395-SVW (C.D. Cal.), have reached a proposed settlement of the claims against Defendants. If approved, the Settlement will resolve a lawsuit in which Lead Plaintiff alleged violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933. Defendants deny any liability or wrongdoing. You received this postcard because you, or an investment account for which you serve as a custodian, may be a member of the Settlement Class: **all persons and entities that purchased or otherwise acquired the publicly traded common stock of Olaplex Holdings, Inc. ("Olaplex") on or before November 12, 2021, pursuant and/or traceable to the Offering Documents for Olaplex's initial public offering, and who were allegedly damaged thereby.**

Pursuant to the Settlement, the Parties have agreed to settle the matter for $47,500,000. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes ("Net Settlement Fund"), will be allocated among Settlement Class Members who submit timely and valid claims, in exchange for the settlement of the Action and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement and procedures, please review the long-form Notice at www.XXXX.com.** Your *pro rata* share will depend on the number of valid claims submitted, and when you purchased and sold your shares. If all class members submit claims, the estimated average recovery will be approximately $0.60 per allegedly damaged share before deduction of Court-approved fees and expenses and approximately $0.44 per share after. Your share will be determined by the plan of allocation in the Notice, or such other plan that may be approved by the Court.

**To qualify for payment, you must submit a timely and valid Claim Form. Receipt of this Postcard does not mean you are eligible.** The Claim Form can be found at www.XXXX.com or you can request that one be mailed to you. You can also submit a claim via the website. **Claim Forms must be postmarked, if mailed to: *Olaplex Securities Settlement,* c/o Epiq, P.O. Box XXX, XXXXXX, or submitted online by XXXX, 2025. If you do not want to be legally bound by any releases, judgments or orders in the Action, you must exclude yourself from the Settlement Class by XXXX, 2025.** If you exclude yourself, you may be able to pursue the claims being settled on your own, but you cannot get money from the Settlement. **If you want to object to any aspect of the Settlement, you must file and serve an objection by XXXX, 2025.** The Notice provides instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on _____, 2025 at __:__.m., to consider whether to approve the Settlement and a request by Plaintiffs' Counsel for up to 25% of the Settlement Fund in attorneys' fees, plus Litigation Expenses of no more than $875,000. You may attend the hearing and ask to speak, but do not have to. **For more information, call (XXX) XXX-XXXX, email info@XXX.com, or visit the website.**

*Olaplex Securities Settlement*

c/o _____
P.O. Box _____

**COURT-ORDERED LEGAL NOTICE**

*Lilien v. Olaplex Holdings, Inc., et al.,*
No. 22-CV-08395-SVW (C.D. Cal.)

**Your legal rights may be affected by this securities class action settlement. You may be eligible for a cash payment. Please read this postcard carefully.**

**This postcard only provides limited information. For more details, please visit www._____.com or call (___) ___-____**

[QR CODE]