# Exhibit 1

**GLANCY PRONGAY & MURRAY LLP**
ROBERT V. PRONGAY (SBN 270796)
rprongay@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 432-1495

*Liaison Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement*
*System and the Proposed Class*

**LABATON KELLER SUCHAROW LLP**
LAUREN A. ORMSBEE (*pro hac vice*)
lormsbee@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement System*
*and Lead Counsel for the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE LILIEN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>OLAPLEX HOLDINGS, INC., et al.,<br><br>    Defendants. | Case No. 2:22-cv-08395-SVW(SKx)<br><br>CLASS ACTION<br><br>**DECLARATION OF MARK WHITE IN SUPPORT OF (I) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (II) AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF EXPENSES**<br><br>Hearing Date: December 1, 2025<br>Time: 1:30 p.m.<br>Courtroom: 10A<br>Judge: Hon. Stephen V. Wilson |

I, Mark White, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.     I am the Executive Director of Arkansas Teacher Retirement System ("ATRS" or "Lead Plaintiff"), the Court-appointed Lead Plaintiff in the above-captioned securities class action (the "Action").[1] ATRS is an institutional investor that provides retirement, disability, and survivor benefits to thousands of current and former employees of the Arkansas education community, and manages over $22 billion in assets held in trust.

2.     I respectfully submit this declaration in support of: (a) Lead Plaintiff's motion for approval of the proposed class action Settlement and plan of allocation for the proceeds of the Settlement; and (b) Lead Counsel's motion for an award of attorneys' fees and litigation expenses, which includes ATRS's application for reimbursement of its costs pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(4). I have personal knowledge of the matters related to ATRS's application and of the other matters set forth in this declaration, as I, or others working under my direction, have been directly involved in monitoring and overseeing the prosecution of the Action, and I could and would testify competently thereto.

**Work Performed by ATRS on Behalf of the Class**

3.     ATRS understands that the PSLRA was intended to encourage institutional investors with large losses to seek to manage and direct securities fraud class actions. ATRS is a large, sophisticated institutional investor that committed itself to vigorously prosecuting this litigation, through trial if necessary. In seeking appointment as a lead plaintiff in the case, and later class representative, ATRS understood its fiduciary duties to serve the interests of the class by participating in the management and prosecution of the case.

---

[1] All capitalized terms herein that are not otherwise defined have the same meanings provided in the Stipulation and Agreement of Settlement, dated as of August 1, 2025 (the "Stipulation"). ECF No. 224-3.

4.      Since ATRS's appointment, I and my colleagues Jennifer Liwo, General Counsel, and Rod Graves, Deputy Director of ATRS, have monitored and been engaged in all material aspects of the prosecution and resolution of this litigation. Among other things, we worked with Lead Counsel to gather documents and information relating to the Action, including responding to Defendants' document requests and interrogatories. We met with our attorneys on several occasions, and spoke with them on a regular basis, to discuss the status of the case and counsel's strategy for the prosecution, and eventual settlement, of the case. I sat for a deposition on June 9, 2025 in New York, and traveled to New York for an in-person mediation session on June 19, 2025. ATRS also reviewed pleadings, motions, and other material documents filed throughout the case.

**ATRS Endorses Approval of the Settlement**

5.      Based on its involvement throughout the prosecution and resolution of the Action, ATRS believes that the proposed Settlement is fair, reasonable, and adequate and in the best interest of the Settlement Class. ATRS believes that the proposed Settlement represents a very favorable recovery for the Settlement Class, particularly in light of the substantial risks of continuing to litigate the Action, and it endorses approval of the Settlement by the Court.

**ATRS Supports Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses**

6.      ATRS also believes that Lead Counsel's request for an award of attorneys' fees, in the amount of 25% of the Settlement Fund, is fair and reasonable. ATRS has evaluated Lead Counsel's fee request in light of the very substantial work performed, the risks and challenges in the litigation, as well as the favorable recovery obtained for the Settlement Class. ATRS understands that Lead Counsel will also devote additional time in the future to administering the Settlement. ATRS further believes that the litigation expenses requested are reasonable, and represent the costs and expenses that were necessary for the successful prosecution and resolution of this case. Based on the

foregoing, and consistent with its obligation to obtain the best result at the most efficient cost on behalf of the Settlement Class, ATRS fully supports Lead Counsel's motion for attorneys' fees and payment of litigation expenses.

7.   In addition, ATRS understands that reimbursement of a representative plaintiff's reasonable costs and expenses, including lost wages, is authorized under the PSLRA, 15 U.S.C. §77z-1(a)(4). Consequently, in connection with Lead Counsel's request for payment of litigation expenses, ATRS seeks reimbursement in the amount of $10,006.63, which represents the cost of the 95 hours that ATRS devoted to supervising and participating in the litigation.

8.   Rod Graves, Jennifer Liwo, and I were the primary points of contact between ATRS and Lead Counsel. We regularly consulted with them throughout the course of the litigation. We also reviewed court filings, responded to discovery (including the production of documents and sitting for an in-person deposition), attended an in-person mediation session, and consulted with Lead Counsel following the mediation session to ultimately resolve the Action.

9.   In total, I dedicated at least 71 hours to this Action on behalf of ATRS. This was time that I did not spend conducting ATRS's usual business. My effective hourly rate is $116.51 per hour.[2] The total cost of my time is $8,272.21.

10.   In total, Ms. Liwo dedicated at least 14 hours to this Action on behalf of ATRS. This was time that she did not spend conducting ATRS's usual business. Her effective hourly rate is $67.34 per hour.[3] The total cost of her time is $942.76.

11.   In total, Mr. Graves dedicated at least 7 hours to this Action on behalf of ATRS. This was time that he did not spend conducting ATRS's usual business. His effective hourly rate is $88.16 per hour.[4] The total cost of his time is $617.12.

---

[2] This hourly rate is based upon salary, benefits, and related taxes.
[3] This hourly rate is based upon salary, benefits, and related taxes.
[4] This hourly rate is based upon salary, benefits, and related taxes.

3

12. Additionally, Mullahalli Manjunath, ATRS's Director of Information Technology ("IT") and Christopher Ausbrooks, ATRS's IT manager, performed work in connection with the Action at my, Ms. Liwo's, or Mr. Graves' direction. They helped respond to discovery requests and assisted in ATRS's efforts to compile and provide responsive information and performed other necessary tasks at our direction.

13. In total, Mr. Manjunath dedicated at least 1 hour to this Action on behalf of ATRS. This was time that he did not spend conducting ATRS's usual business. Mr. Manjunath's effective hourly rate is $76.14 per hour.[5] This total cost of his time is $76.14.

14. In total, Mr. Ausbrooks dedicated at least 2 hours to this Action on behalf of ATRS. This was time that he did not spend conducting ATRS's usual business. Mr. Ausbrooks' effective hourly rate is $49.20 per hour.[6] The total cost of his time is $98.40.

**Conclusion**

15. In conclusion, ATRS endorses the Settlement as fair, reasonable, and adequate, and believes it represents a very favorable recovery for the Settlement Class. ATRS further supports Lead Counsel's attorneys' fee and litigation expense request and believes that it represents fair and reasonable compensation for counsel in light of the extensive work performed, the recovery obtained for the Settlement Class, and the attendant litigation risks. Finally, ATRS requests reimbursement in the amount of $10,006.63. Accordingly, ATRS respectfully requests that the Court approve the motion for final approval of the proposed Settlement and the motion for an award of attorneys' fees and payment of litigation expenses.

---

[5] This hourly rate is based upon salary, benefits, and related taxes.
[6] This hourly rate is based upon salary, benefits, and related taxes.

4

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I have the authority to execute this Declaration on behalf of ATRS.

Executed this __20th__ day of October, 2025 at Little Rock, Arkansas.

Mark White
Executive Director
Arkansas Teacher Retirement System

5