# Exhibit 5

1

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
- - -
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE PRESIDING
- - -

LESLIE LILLEN,                         )
                                       )
              PLAINTIFF,               )
                                       )
VS.                                    )    CASE NO.:
                                       )    CV 22-08395-SVW
OLAPLEX HOLDINGS, INC., ET AL.,        )
                                       )
              DEFENDANT.               )
                                       )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

MONDAY, JULY 7, 2025

LOS ANGELES, CALIFORNIA

LAURA MILLER ELIAS, CSR 10019
FEDERAL OFFICIAL COURT REPORTER
350 WEST FIRST STREET, ROOM 4455
LOS ANGELES, CALIFORNIA 90012
PH:  (213)894-0374

UNITED STATES DISTRICT COURT

2

APPEARANCES OF COUNSEL:


ON BEHALF OF PLAINTIFF:


        LABATON KELLER SUCHAROW LLP

        BY:   LAUREN ORMSBEE, ESQ.

        140 BROADWAY

        34TH FLOOR

        NEW YORK, NY 10005



ON BEHALF OF DEFENDANT:


        ROPES AND GRAY LLP

        BY:   ANNE JOHNSON PALMER, ESQ.

        THREE EMBARCADERO CENTER

        SAN FRANCISCO, CA 94111

3

INDEX

PROCEEDINGS                                              PAGE

STATUS CONFERENCE                                           4

4

LOS ANGELES, CALIFORNIA; MONDAY, JULY 7, 2025; 11:03 A.M.

- - -

THE CLERK:  Calling Item 1.

2:22-CV-08395.

Leslie Lillen versus Olaplex Holdings, Inc.

Counsel, please appear via Zoom and state your appearances for the record.

MS. ORMSBEE:  Good morning.

This is Lauren Ormsbee here on behalf of the plaintiff, Arkansas Teachers Retirement System and on behalf of the class.

MS. PALMER:  Good morning.

Anne Johnson Palmer on behalf of Olaplex Holdings and the individual defendants in the case.

THE COURT:  The Court noticed this status conference because there was a pending decision on the motion for preliminary class certification, and the Court was notified, I think it was Friday, that the parties had reached a settlement, and I wanted to confirm that because I was in the throws of preparing an order.

What is the settlement?

MS. ORMSBEE:  Good morning, Your Honor.  This is Lauren Ormsbee.

Yes.  The parties reached a settlement through the use of a mediator and through a mediator's approval to settle

UNITED STATES DISTRICT COURT

5

all of the class claims for which we'll be filing a motion for preliminary approval within the next month by mid-August as we indicated in the notice of settlement.  Um, I could provide any details on the amount or the status of the settlement if Your Honor wishes to hear the details now?

THE COURT:  Yes.  Yes.  I'd like to know those.

MS. ORMSBEE:  Sure, Your Honor.  The amount of the class settlement that the parties agreed to through the mediator is for $47.5 million to settle the classes claims which will be distributed via the Rule 23(e) opt out process meaning all class members are opted into the settlement unless they choose to opt out, and we'd be filing those papers pursuant to Rule 23(e) in the coming weeks.

THE COURT:  And how in the motion for preliminary class certification was the class defined?  As previously?

MS. ORMSBEE:  Yes.  And the class will be defined in the settlement papers in the same manner that it was defined in our motion for class certification.

THE COURT:  Well, that could be an issue because at this time, without totally committing to what I'm going to say, I'm inclined to think that the Court would not approve the class certification as delineated.  And I'm not going to get into it in detail, but essentially, it involves the issue of predominance.

And just to be perfectly clear, the Court would be

UNITED STATES DISTRICT COURT

6

inclined to certify the class until November 12th, and that was -- actually, the class -- the original offering was in September, was it?  And then November was when the shares that were initially offered began to sell on the market.  And for a number of reasons, from that point forward, the Court would find that at least at this point that there is no predominance for all the class members thereafter.

I don't know how that will affect your settlement. I was of the view without real knowledge that most of the money was from the original offering, but maybe I'm wrong. Is that true?

MS. ORMSBEE:  Uh, you know, we only have, uh, estimates through our damages experts, Your Honor.  At least more than half of it was through the initial offering.  I know the first six weeks as I understand it.

THE COURT:  Well, I just thought that I would mention this to you, and I'm not dissuading you from continuing on with your efforts.

In looking at the original offering, I think there were something like 80 million shares, and of those -- the underwriters didn't sell all, but of those that were sold, the majority of the 80 million, it was a volume about a billion-and-a-half.

And so 47 million of even that amount if that was the number you mentioned is a very small slice of the

original offering.  I don't know what went on afterwards in the trading, but that's the part that I thought would lack predominance.

And so I'm going to -- I mean, this is just a status conference.  You can do whatever you want to do.  I am going to require that you file your motion for preliminary class certification by August 7th.

MS. ORMSBEE:  Okay, Your Honor.  That works.

And if I --

THE COURT:  No later.

THE CLERK:  The motion will be due August 7th.  Opposition will be due August 14th.  Reply will be due August 21st.

THE COURT:  No, no.  I want it differently.  I mean, let me ask you this.  In light of what I've just said, and, again, you don't have to commit yourself, is it your thinking that the settlement will go forward or will that change things?

MS. ORMSBEE:  Your Honor, speaking for plaintiff's perspective, the risks of the Court adopting the tracing argument were kind of baked into the risks of litigating the case.

THE COURT:  I see.  I thought it might be.

MS. ORMSBEE:  I'll let defendants speak.  From plaintiff's point of view, it would go forward, and we can

8

discuss with defendants as we're doing the stipulation, ways to get complete resolution but also be cognizant of Your Honor's position regarding what's a certifiable class.

THE COURT:  Well, you've identified the issue.

And Ms. Palmer, what's your answer to my question?

MS. PALMER:  So Your Honor, as Ms. Ormsbee just indicated, the various strengths, weaknesses, risks of the parties' position with regard to certification, that was known and appreciated by both sides in connection with the settlement.  So we're certainly prepared to move forward with looking to consummate the settlement that plaintiff's counsel has just referenced.

I do think the parties will want to examine how to appropriately construct the class definition.  One initial reaction I have is that certainly certifying the class for settlement purposes is different than certifying a litigation class.

We are prepared in the context of a settlement to stipulate to a broader definition consistent with what the plaintiffs have alleged to try to, you know, insure that we get a complete release from the class members, but I understand the Court has a different view about the class --

THE COURT:  That's right.  That's why I previewed it.  You can go forth with that, but then at least at this point, you'll run into the Court perhaps not agreeing to

certify the class understanding what the defendant seeks to accomplish as formulated.

So it's up to you to decide how to do it.  One way would be rather straightforward and resolve the case, and the other would probably mean it would go forward in some fashion.  But it's up to you.  Okay.

That's all I had to say.  Thank you.

MS. ORMSBEE:  And Your Honor --

THE COURT:  I have a criminal calendar.

MS. ORMSBEE:  Okay.

THE COURT:  I can't engage in further discussion.

Okay, thank you.

MS. ORMSBEE:  Thank you, Your Honor.

MS. PALMER:  Thank you, Your Honor.

THE CLERK:  All rise.  This court is in recess.

(Proceedings were concluded at 11:13 a.m.)

UNITED STATES DISTRICT COURT

10

CERTIFICATE OF REPORTER

COUNTY OF LOS ANGELES        )

                             )  SS.

STATE OF CALIFORNIA          )


I, LAURA ELIAS, OFFICIAL REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT I REPORTED, STENOGRAPHICALLY, THE FOREGOING PROCEEDINGS AT THE TIME AND PLACE HEREINBEFORE SET FORTH; THAT THE SAME WAS THEREAFTER REDUCED TO TYPEWRITTEN FORM BY MEANS OF COMPUTER-AIDED TRANSCRIPTION; AND I DO FURTHER CERTIFY THAT THIS IS A TRUE AND CORRECT TRANSCRIPTION OF MY STENOGRAPHIC NOTES.



DATE:  JULY 11, 2025


    /s/   LAURA MILLER ELIAS

LAURA MILLER ELIAS, CSR 10019

FEDERAL OFFICIAL COURT REPORTER

UNITED STATES DISTRICT COURT