**GLANCY PRONGAY & MURRAY LLP**
ROBERT V. PRONGAY (SBN 270796)
rprongay@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 432-1495

*Liaison Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement*
*System and the Proposed Class*

**LABATON KELLER SUCHAROW LLP**
LAUREN A. ORMSBEE (*pro hac vice*)
lormsbee@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement System*
*and Lead Counsel for the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE LILIEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OLAPLEX HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 2:22-cv-08395-SVW(SKx)<br><br><u>CLASS ACTION</u><br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>Hearing Date: December 1, 2025<br>Time: 1:30 p.m.<br>Courtroom: 10A<br>Judge: Hon. Stephen V. Wilson |

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ........................................................................2

STATEMENT OF RELEVANT FACTS...........................................................3

ARGUMENT....................................................................................................4

I.   THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION ......................................................................................4

II.  THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF LEAD COUNSEL'S FEE AND EXPENSE APPLICATION .................................................................5

III. CLAIM SUBMISSIONS TO DATE ......................................................6

CONCLUSION.................................................................................................6

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
CASE NO. 2:22-CV-08395-SVW(SKx)

1

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiff Arkansas Teacher Retirement System ("Lead Plaintiff"), on behalf of itself and the other members of the Settlement Class, and Lead Counsel Labaton Keller Sucharow LLP ("Lead Counsel"), respectfully submit this reply memorandum of law in further support of (i) Lead Plaintiff's motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation (ECF No. 233) and (ii) Lead Counsel's motion for an award of attorneys' fees and payment of expenses (ECF No. 234) (together, the "Motions").[1]

## PRELIMINARY STATEMENT

Now that the November 10, 2025 deadline for objecting or seeking exclusion from the Settlement Class has passed, Lead Plaintiff and Lead Counsel respectfully submit that the reaction of the Settlement Class to the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application has been overwhelmingly positive.

A total of 19,598 Postcard Notices have been mailed to potential Settlement Class Members or their nominees through November 24, 2025. *See* Supplemental Declaration of Eric Blow Regarding (A) Mailing of the Postcard Notice; (B) Claims Received to Date; and (C) Report on Requests for Exclusion, dated November 24, 2025, at ¶3, filed herewith ("Supp. Mailing Decl."). Additionally, the long-form Notice and Claim Form were posted on the website created for the Settlement on August 25, 2025, and the Summary Notice was published in *The Wall Street Journal* and transmitted over *PR Newswire* on September 4, 2025. *See* Declaration of Eric Blow Regarding (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion, dated October 27,

---

[1] The terms of the Settlement are set forth in the Stipulation and Agreement of Settlement, dated August 1, 2025 (the "Stipulation", ECF No. 224-3). All capitalized terms used herein are defined in the Stipulation and have the same meanings as set forth therein. Unless otherwise noted, citations and internal quotations have been omitted.

2025, ("Initial Mailing Decl.") at ¶¶16-18; ECF No. 235-3.  There have been **no objections** to the proposed Settlement, Plan of Allocation, or the Fee and Expense Application, and **no requests for exclusion**.

Accordingly, Lead Plaintiff and Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's Fee and Expense Application.

## STATEMENT OF RELEVANT FACTS

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has mailed 19,598 copies of the Postcard Notice to all potential Settlement Class Members and/or their nominees identified to date.  *See* Supp. Mailing Decl. at ¶3.  In addition, copies of the long-form Notice, Claim Form, Stipulation, and other Court documents were posted on the website maintained for the Action, www.OlaplexSecuritiesSettlement.com, as well as the website of Lead Counsel.  Further, on September 4, 2025 the Claims Administrator published the Summary Notice in *The Wall Street Journal* and released it over the internet via *PR Newswire* (*see* Initial Mailing Decl. at ¶¶16-17).

Collectively, the notices provided important information about the Action and the Settlement and stated that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $875,000.  *See* Initial Mailing Decl. Exs. A-C.  The notices also apprised Settlement Class Members of their right to seek exclusion from the Settlement Class or object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application, and the November 10, 2025 deadline for doing so.  The long-form Notice provided more detailed information about the Action and Settlement, including the Plan of Allocation. Lead Plaintiff and Lead Counsel also filed their opening papers in support of the

Motions. Those papers—which are available on the public docket (*see* ECF Nos. 233-235), the case website (www.OlaplexSecuritiesSettlement.com), and Lead Counsel's firm website—described Lead Plaintiff's and Lead Counsel's views of the Settlement, the Plan of Allocation, work performed in this litigation, and the fee and expense awards requested.

No objections have been filed with the Court or received by the Claims Administrator or Lead Counsel, and no one has requested exclusion from the Settlement Class.

To date, 19,305 claims have been received by the Claims Administrator. Supp. Mailing Decl. at ¶6. The Claim deadline is November 24, 2025, and processing and review are ongoing.

## ARGUMENT

### I. THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION

Following a thorough notice program, no Settlement Class Member objected to any aspect of the Settlement or the Plan of Allocation. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to class members." *In re Stable Rd. Acquisition Corp. Sec. Litig.*, No. 2:21-CV-5744, 2024 WL 3643393, at *9 (C.D. Cal. Apr. 23, 2024); *Destefano v. Zynga Inc.,* No.12-cv-04007, 2016 WL 537946, at *13 (N.D. Cal. Feb. 11, 2016) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement.") (citation omitted).

The absence of objections from institutional investors and pension funds is also noteworthy. That these sophisticated Settlement Class Members—which have the resources to carefully evaluate the Settlement and object if it were appropriate to do so—have not objected to the Settlement (or the Plan of Allocation or Fee and

Expense Application) provides further evidence of the fairness of the Settlement. *See, e.g.*, *In re Extreme Networks, Inc. Sec. Litig.*, No. 15-cv- 4883, 2019 WL 3290770, at \*9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable.") (citation omitted).

The lack of objections also supports approval of the proposed Plan of Allocation. *See In re Heritage Bond Litig.*, No. 02–ML–1475, 2005 WL 1594403, at \*12 (C.D. Cal. June 10, 2005) ("In light of the lack of objectors to the plan of allocation at issue, and the competence, expertise, and zeal of counsel in bringing and defending this action, the Court finds the plan of allocation as fair and adequate."); *Atlas v. Accredited Home Lenders Holding Co.*, No. 07-CV-00488-H (CAB), 2009 WL 3698393, at \*4 (S.D. Cal. Nov. 4, 2009) (noting the "predominantly positive response" to the plan of allocation where only two objections to it were submitted).

Similarly, the lack of requests for exclusion reflects favorably on approval of the Settlement and offers clear support for the Court's final approval. *See, e.g., Zynga, Inc.*, 2016 WL 537946, at \*10 (noting that a low number of exclusions supports the reasonableness of a securities class action settlement).

## II. THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF LEAD COUNSEL'S FEE AND EXPENSE APPLICATION

Not one Settlement Class Member has objected to Lead Counsel's Fee and Expense Application. The fact that there have been no objections is strong evidence that the requests are fair and reasonable. *See, e.g., Ferreira v. Funko, Inc.*, No. 20-cv-2319, 2022 WL 22877154, at \*9 (C.D. Cal. Dec. 13, 2022) ("The positive reaction by Settlement Class Members demonstrated by the 5,848 claims, the lack of objections to the Settlement, and the sole request for exclusion also support Class Counsel's fee request."); *Cheng Jiangchen v. Rentech, Inc.,* No. 17-cv-1490, 2019

WL 5173771, at *10 (C.D. Cal. Oct. 10, 2019) (noting that the fact "there have been no objections filed to the requested attorney's fees" [] "supports granting the requested fees") (citation omitted); *Marshall v. Northrop Grumman Corp.*, No. 16-CV-6794, 2020 WL 5668935, at *6 (C.D. Cal. Sept. 18, 2020) (considering response from the class, including that there were very few objections, as a factor weighing in favor of the requested fee).

* * *

Accordingly, Lead Plaintiff and Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's Fee and Expense Application.

## III.   CLAIM SUBMISSIONS TO DATE

The notices and Claim Form notified Settlement Class Members that, in order to qualify for a payment from the Net Settlement Fund, a Claim Form must be submitted to the Claims Administrator by November 24, 2025.  As of November 24, 2025, the Claims Administrator has received 19,305 claims. *See* Supp. Mailing Decl. at ¶6.  Of the claims received, approximately 61 are paper claims that were mailed, 671 were uploaded through the Settlement website's claim portal, and 18,573 were submitted electronically by institutional and nominee filers. *See id*.

These figures are preliminary and provided for informational purposes only. *Id*. at ¶7. Epiq is still receiving claims and typically the vast majority of claims are submitted right before or on the submission deadline.  *Id*. Claims processing and review is ongoing, and subject to further analysis, quality assurance reviews, audits, and change.  *Id*.

**CONCLUSION**

For the reasons set forth herein and the opening papers filed in support of the Motions, Lead Plaintiff and Lead Counsel respectfully request that the

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
CASE NO. 2:22-CV-08395-SVW(SKX)

6

Court approve the proposed Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the Fee and Expense Application.  Three proposed orders were submitted with the opening papers: a proposed Final Order and Judgment, negotiated by the Parties; a proposed Order Approving Plan of Allocation; and a proposed Order Awarding Attorneys' Fees and Expenses. Revised proposed orders have been updated to reflect that no objections or exclusion requests have been received, and are submitted herewith.

Dated: November 24, 2025

Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

_/s/ Lauren A. Ormsbee_

Lauren A. Ormsbee (_pro hac vice_)
Lisa Strejlau (_pro hac vice_)
Charles Stiene (_pro hac vice_)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
lormsbee@labaton.com
lstrejlau@labaton.com
cstiene@labaton.com

_Attorneys for Lead Plaintiff Arkansas Teacher Retirement System and the Proposed Settlement Class_

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
CASE NO. 2:22-cv-08395-SVW(SKx)

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 24, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List served via ECF on all registered participants only.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 24, 2025

/s/ *Lauren A. Ormsbee*
Lauren A. Ormsbee

CERTIFICATE OF SERVICE
CASE NO. 2:22-CV-08395-SVW(SKx)

## **CERTIFICATE OF WORD COUNT COMPLIANCE**

I, Court-appointed Lead Counsel, hereby certify that this memorandum of law contains 1,582 words, which complies with the word limit of L.R. 11-6.1.

.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 24, 2025

/s/ *Lauren A. Ormsbee*
Lauren A. Ormsbee

CERTIFICATE OF SERVICE
CASE NO. 2:22-CV-08395-SVW(SKX)

**Mailing Information for Case No. 2:22-cv-08395-SVW(SKx), Lilien v. Olaplex Holdings, Inc., et al.,**

Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

Eric J. Belfi - ebelfi@labaton.com
Brian R. Blais - Brian.blais@ropesgray.com
John L. Brennan - jbrennan@willkie.com
James C. Dugan - jdugan@willkie.com
Kathryn C. Garrett - kgarrett@willkie.com
Matthew M. Gurvitz - mgurvitz@willkie.com
Adam M. Harris - adam.harris@davidllc.com
Danielle Izzo - dizzo@labaton.com
Philip G. Kraft - phillip.kraft@ropesgray.com
Charles Henry Linehan - clinehan@glancylaw.com
Francis P. McConville - fmcconville@labaton.com
Lauren Amy Ormsbee - lormsbee@labaton.com
Jennifer Pafiti - jpafiti@pomlaw.com
Anne Johnson Palmer- anne.johnsonpalmer@ropesgray.com
Kevin M Papay - kevin.papay@morganlewis.com
Robert Vincent Prongay - rprongay@glancylaw.com
John Warren Rissier - warren.rissier@morganlewis.com
Charlene Sachi Shimada - charlene.shimada@morganlewis.com
Charles J. Stiene - cstiene@labaton.com
Naomi Rose Strauss - nstrauss@willkie.com
Lisa Marie Strejlau - lstrejlau@labaton.com
Irina Vasilchenko - ivasilchenko@labaton.com
Carol C. Villegas - cvillegas@labaton.com
Nicole M. Zeiss – nzeiss@labaton.com
Peter L. Welsh - peter.welsh@ropesgray.com
Daniel A. Yanofsky - daniel.yanofsky@ropesgray.com