**GLANCY PRONGAY & MURRAY LLP**
ROBERT V. PRONGAY (SBN 270796)
rprongay@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 432-1495

*Liaison Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement*
*System and the Proposed Class*

**LABATON KELLER SUCHAROW LLP**
LAUREN A. ORMSBEE (*pro hac vice*)
lormsbee@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement System*
*and Lead Counsel for the Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LESLIE LILIEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OLAPLEX HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 2:22-cv-08395-SVW(SKx)<br><br>CLASS ACTION<br><br>**[PROPOSED REVISED] FINAL ORDER AND JUDGMENT** |

**WHEREAS:**

A.      Court-appointed Lead Plaintiff Arkansas Teacher Retirement System ("ATRS" or "Lead Plaintiff"), on behalf of itself and all other members of the Settlement Class (defined below), on the one hand, and Olaplex Holdings, Inc. ("Olaplex" or the "Company"), JuE Wong, Eric Tiziani, Tiffany Walden, Christine Dagousset, Tricia Glynn, Deirdre Findlay, Janet Gurwitch, Martha Morfitt, David Mussafer, Emily White, Michael White, and Paula Zusi (the "Individual Defendants," together with Olaplex, the "Defendants"), on the other, have entered into the Stipulation and Agreement of Settlement, dated August 1, 2025 (the "Stipulation"), which provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

B.      Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered August 11, 2025 (the "Preliminary Approval Order"), the Court scheduled a hearing for December 1, 2025 at 1:30 p.m. (Pacific Time) (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered dismissing this Action with prejudice; and (iii) rule on Lead Counsel's Fee and Expense Application;

C.      The Court ordered that the Postcard Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order (the "Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, that the Summary Notice of the proposed Settlement and Fee and Expense Application (the "Summary

2

Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date; and that the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be posted on the website for the Settlement developed by the Claims Administrator, from which copies of the long-form Notice and Claim Form can be downloaded;

D.     The notices advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The notices further advised that any objections to the Settlement were required to be filed with the Court on or before November 10, 2025;

E.     The provisions of the Preliminary Approval Order as to notice were complied with;

F.     As required by the Preliminary Approval Order, on October 27, 2025, Lead Plaintiff moved for final approval of the Settlement. The Settlement Hearing was duly held before this Court on December 1, 2025, at which time all interested Persons were afforded the opportunity to be heard; and

G.     This Court has duly considered Lead Plaintiff's motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement at the Settlement Hearing;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.     **Incorporation of Settlement Documents.** This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on August 1, 2025; and (ii) the long-form Notice and Postcard Notice, which were filed with the Court

[PROPOSED REVISED] FINAL ORDER AND JUDGMENT
Case No. 2:22-cv-08395-SVW(SKx)

on October 27, 2025. Capitalized terms not defined in this Judgment shall have the meanings set forth in the Stipulation.

2.  **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all parties to the Action, including all Settlement Class Members.

3.  **Class Certification for Purposes of Settlement**. On May 30, 2025, Lead Plaintiff filed its motion for class certification and appointment of class representative and class counsel.  ECF Nos. 199, 199-1 (the "Class Certification Motion"). In support of the Class Certification Motion, Lead Plaintiff submitted, among other things, an expert report testifying as to the method by which Lead Plaintiff could demonstrate that damages could be calculated on a class-wide basis. On June 20, 2025, Defendants opposed the Class Certification Motion. Among other things, Defendants argued that any class, if certified, should be narrowed to exclude purchases after November 12, 2021, because after that date, Lead Plaintiff would be unable to demonstrate the ability of putative class members to trace their shares to the Registration Statement and Prospectus, and therefore individualized issues with regard to tracing predominated over common issues. Defendants submitted an expert report in support of their position indicating that the proposed class definition must be narrowed to only those who purchased publicly traded Olaplex common stock on or before November 12, 2021, because on November 12, 2021, non-IPO shares were deposited at DTC, commingling with and, as opined by Defendants' expert, becoming indistinguishable from IPO shares already held at DTC. ECF No. 202.  On June 27, 2025, Lead Plaintiff filed its reply in further support of its Class Certification Motion, attaching an expert report opposing and responding to Defendants' expert testimony. ECF No. 210. Oral argument on the motion was held in abeyance given the proposed Settlement.

4.  On July 3, 2025, the Court scheduled a Status Conference for July 7, 2025 to discuss the proposed Settlement. At the Status Conference, the Court

4

[PROPOSED REVISED] FINAL ORDER AND JUDGMENT
Case No. 2:22-cv-08395-SVW(SKx)

provided guidance concerning the scope of the class the Court would be prepared to certify as part of the Settlement. Specifically, the Court informed the Parties that it was strongly inclined to only certify a settlement class that was limited to investors that purchased or otherwise acquired Olaplex's common stock pursuant and/or traceable to the Offering Documents through November 12, 2021, due to concerns regarding traceability after this date. Tr. of Status Conference 6:3-7 ("And then November was when the shares that were initially offered began to sell on the market. And for a number of reasons, from that point forward, the Court would find that at least at this point that there is no predominance for all the class members thereafter."). The Court ordered that Lead Plaintiff file its "Motion for Preliminary Class Certification" with respect to the Settlement on August 1, 2025. ECF No. 223.

5. On August 8, 2025, the Court granted preliminary approval of the Settlement and preliminarily certified the proposed Settlement Class that reflected the Court's July 7, 2025 guidance to the Parties about the Court's strong concerns about certifying any settlement class that included purchases of Olaplex common stock after November 12, 2021, given Defendants' arguments raised in their opposition to the Class Certification Motion.

6. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, and in light of the Court's strong concerns regarding traceability after November 12, 2021, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities that purchased or otherwise acquired Olaplex publicly traded common stock on or before November 12, 2021 pursuant and/or traceable to the Registration Statement or Prospectus (together, the "Offering Documents") for Olaplex's IPO, and who were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants and the Individual Defendants' Immediate Family Members; (ii) the officers, directors, and subsidiaries of Olaplex, at all relevant times; (iii) Olaplex's affiliates and employee retirement and/or benefit

5

plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Olaplex's common stock pursuant or traceable to the Offering Documents through any such plan(s); (iv) any person and entity that had or has a controlling interest in Olaplex, at all relevant times; (v) the underwriters of Olaplex's IPO, provided, however, that any "Investment Vehicle" shall not be excluded from the Settlement Class; (vi) any entity in which any of the Defendants have or had a controlling or beneficial interest; and (vii) the legal representatives, heirs, successors, or assigns of any such excluded person or entity, in their capacity as such.  Also excluded from the Settlement Class are any persons or entities who or which excluded themselves by submitting a timely and valid request for exclusion that is accepted by the Court.  No requests for exclusion have been received.

7.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiff Arkansas Teacher Retirement System as Class Representative for the Settlement Class; and finally appoints the law firms of Labaton Keller Sucharow LLP as Class Counsel and Glancy Prongay & Murray LLP as Liaison Counsel for the Settlement Class.

8.     **Notice.** The Court finds that the dissemination of the Postcard Notice, Summary Notice, long-form Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Lead Counsel's request for payment of attorneys' fees and expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object thereto and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution

[PROPOSED REVISED] FINAL ORDER AND JUDGMENT
Case No. 2:22-cv-08395-SVW(SKx)

(including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Order and Judgment.

9. **Objections**.  There have been no objections to the Settlement.

10. **Final Settlement Approval and Dismissal of Claims**.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated in good faith and at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the

[PROPOSED REVISED] FINAL ORDER AND JUDGMENT
Case No. 2:22-cv-08395-SVW(SKx)

Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

11.    Lead Plaintiff's Revised Consolidated Class Action Complaint for Violations of the Federal Securities Laws, filed on June 22, 2023, is dismissed in its entirety, with prejudice, as to the Lead Plaintiff and other Settlement Class Members, and as to each of the Defendants, and without costs to any party, except as otherwise provided in the Stipulation.

12.    **Rule 11 and PSLRA Findings**. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and the PSLRA.

13.    **Releases.**  The releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.

14.    Upon the Effective Date of the Settlement, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

15.    Upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators,

8

[PROPOSED REVISED] FINAL ORDER AND JUDGMENT
Case No. 2:22-cv-08395-SVW(SKx)

predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not released.

16.     Notwithstanding paragraphs 14–15 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

17.     **Binding Effect.**  Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form or receives a payment from the Net Settlement Fund, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation and paragraph 14 above.

18.     **No Admissions**. This Judgment and the Stipulation, whether or not consummated or Final, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements (including the Term Sheet), shall not be offered or received against or to the prejudice of the Parties or their respective counsel for any purpose other than to enforce the terms hereof, and in particular, but without limitation:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiff or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the

9

Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Released Defendant Parties or any person or entity whatsoever, or of any infirmity in any of Defendants' defenses;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)     do not constitute, and shall not be construed against any of the Released Defendant Parties, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against the Released Defendant Parties, Lead Plaintiff, or any other member of the Settlement Class that any of the claims in this Action are with or without merit or infirm, that a litigation class should

[PROPOSED REVISED] FINAL ORDER AND JUDGMENT
Case No. 2:22-cv-08395-SVW(SKx)

or should not have been certified, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; and further

(f)    neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Judgment shall be construed as, or argued to be, a waiver of any defenses in the Action or be deemed to be evidence of an admission or concession that any Class Members have suffered any damages, harm, or loss.

19.    The terms of 15 U.S.C. §78u-4(f)(7), pursuant to which each Defendant shall be discharged from all claims for contribution brought by other persons or entities, shall apply to this Settlement. In accordance with 15 U.S.C. §78u-4(f)(7), this Judgment constitutes the final discharge of all obligations to any Settlement Class Member of each of the Defendants arising out of the Action or any of the Released Plaintiffs' Claims and shall bar, extinguish, discharge, satisfy, and render unenforceable all future claims for contribution arising out of the Action or any of the Released Plaintiffs' Claims (a) by any person or entity against any Defendant; and (b) by any Defendant against any person or entity, other than any person or entity whose liability has been extinguished by the Settlement.  For the avoidance of doubt, nothing in this Order and Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

20.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

21.    **Termination of the Settlement**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated per the terms of the Stipulation, and in such event, all orders entered and releases delivered in connection herewith shall be null

11

and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 47 of the Stipulation.

22.    **Modification of the Stipulation.**  Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized, upon written agreement of all Parties to the Stipulation, to adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

23.    **Fee Order and Order on Plan of Allocation**.  A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

24.    **Retention of Jurisdiction.**  Without affecting the finality of this Judgment in any way, this Court, hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

25.    **Confidentiality.**  The Court's orders entered during this Action related to the confidentiality of information shall survive this Judgment.

12

26.     **Entry of Final Judgment.**  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

SO ORDERED this _____ day of _____ 2025.


_____
THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

[PROPOSED REVISED] FINAL ORDER AND JUDGMENT
Case No. 2:22-cv-08395-SVW(SKx)