**GLANCY PRONGAY & MURRAY LLP**
ROBERT V. PRONGAY (SBN 270796)
rprongay@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 432-1495

*Liaison Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement*
*System and the Proposed Class*

**LABATON KELLER SUCHAROW LLP**
LAUREN A. ORMSBEE (*pro hac vice*)
lormsbee@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Lead Plaintiff*
*Arkansas Teacher Retirement System*
*and Lead Counsel for the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE LILIEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OLAPLEX HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 2:22-cv-08395-SVW(SKx)<br><br>**[PROPOSED REVISED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES**<br><br>Hearing Date: December 1, 2025<br>Time: 1:30 p.m.<br>Courtroom: 10A<br>Judge: Hon. Stephen V. Wilson |

[PROPOSED REVISED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
Case No. 2:22-cv-08395-SVW(SKx)

**WHEREAS:**

A.      Lead Plaintiff Arkansas Teacher Retirement System ("ATRS" or "Lead Plaintiff"), on behalf of itself and all other members of the Settlement Class, on the one hand, and defendant Olaplex Holdings, Inc. ("Olaplex"), JuE Wong, Eric Tiziani, Tiffany Walden, Christine Dagousset, Tricia Glynn, Deirdre Findlay, Janet Gurwitch, Martha Morfitt, David Mussafer, Emily White, Michael White, and Paula Zusi ("Defendants," and with Lead Plaintiff, the "Parties"), on the other hand, entered into the Stipulation and Agreement of Settlement, dated August 1, 2025 (the "Stipulation"), which provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

B.      On December 1, 2025, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (i) Plaintiffs' Counsel in the Action attorneys' fees and Litigation Expenses and (ii) Lead Plaintiff its costs and expenses related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA");

C.      It appearing that notice of the hearing substantially in the forms approved by the Court was provided to all reasonably identifiable Settlement Class Members; and that a summary notice of the hearing, substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and

D.      The Court having considered all matters submitted to it at the hearing and otherwise, and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated as of August 1, 2025 (ECF No. 224-3).

2.     The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members who have not timely or validly requested exclusion, Plaintiffs' Counsel, and the Claims Administrator.

3.     Notice of Lead Counsel's motion for an award of attorneys' fees and payment of expenses and a PSLRA award (the "Fee and Expense Application") was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion satisfied the notice requirements of Rules 23 and 54(d) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the PSLRA; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4.     There have been no objections to Lead Counsel's Fee and Expense Application.

5.     Lead Counsel is hereby awarded, on behalf of Plaintiffs' Counsel, attorneys' fees in the amount of $11,875,000, plus interest at the same rate earned by the Settlement Fund, *i.e.*, 25% of the Settlement Fund, and payment of Litigation Expenses in the amount of $771,674.27, plus accrued interest, which sums the Court finds to be fair and reasonable.

6. Lead Plaintiff ATRS is hereby awarded $10,006.63 from the Settlement Fund, pursuant to the PSLRA, as reimbursement for its reasonable costs and expenses directly related to its efforts on behalf of the Settlement Class.

7. The awarded attorneys' fees, expenses, and PSLRA award may be paid to Lead Counsel from the Settlement Fund upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

8. In making this award of attorneys' fees and Litigation Expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

(a) The Settlement has created a substantial common fund of $47,500,000 in cash and likely thousands of Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

(b) The requested attorneys' fees and Litigation Expenses have been reviewed and approved as fair and reasonable by Lead Plaintiff, a sophisticated institutional investor that was directly involved in the prosecution and resolution of the Action and has a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c) The Action involved difficult and complex factual and legal issues and, in the absence of settlement, would have involved lengthy proceedings whose resolution was uncertain;

(d) Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(e) Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(f)     Plaintiffs' Counsel have devoted more than 10,000 hours, with a lodestar value of $5,786,259.50, to achieve the Settlement;

(g)     The amount of attorneys' fees requested is fair and reasonable and is consistent with the 25% benchmark established by the Ninth Circuit Court of Appeals, as well as fee awards approved by courts within the Ninth Circuit with similar recoveries; and

(h)     Notice was disseminated to putative Settlement Class Members stating that Lead Counsel would seek an amount not to exceed 25% of the Settlement Fund, and expenses not to exceed $875,000, and there have been no objections to the Fee and Expense Application.

9.     Any appeal or challenge affecting this Court's approval of the attorneys' fees, Litigation Expenses, or award to Lead Plaintiff, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

10.     In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

SO ORDERED this _____day of _____2025.

_____
THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE